IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITAX CHILD SAFETY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NUNA INTERNATIONAL B.V. and ) <br> NUNA BABY ESSENTIALS, INC., ) <br> ) <br> Defendants. ) | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Britax Child Safety, Inc. ("Britax") alleges as follows:

## NATURE OF ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendants Nuna International B.V. and Nuna Baby Essentials, Inc. (collectively "Nuna" or "Defendants"), of U.S. Patent No. 9,586,504 ("the '504 Patent"). The '504 Patent protects Britax products designed and developed by Britax in the U.S.

## THE PARTIES

2. Britax is a corporation organized and existing under the laws of the State of South Carolina, having its principal place of business at 4140 Pleasant Road, Fort Mill, SC 29708. Britax designs and develops its products and revolutionary technologies, including the innovative ClickTight® technology and products incorporating that technology at its U.S. facilities in Fort Mill, SC.

3. Nuna International B.V. is, on information and belief, an entity organized and existing under the laws of the Netherlands with its registered place of business at De Beeke 8, 5469 dw, Erp, the Netherlands.

1

4. Nuna Baby Essentials, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania that, on information and belief, has its principal place of business at 70 Thousand Oaks Blvd., Morgantown, PA 19543. On information and belief, Nuna Baby Essentials, Inc. is a wholly-owned subsidiary of Nuna International B.V.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Nuna Baby Essentials, Inc. because (a) it is incorporated in the State of Pennsylvania and, on information and belief, maintains its principal place of business in Morgantown, Pennsylvania; and (b) on information and belief, it has marketed, distributed, offered for sale, and/or sold the infringing products to persons within the State of Pennsylvania. Thus, and as supported by the further factual allegations below, the exercise of jurisdiction over Nuna Baby Essentials, Inc. would not offend traditional notions of fair play and substantial justice.

7. On information and belief, Nuna Baby Essentials, Inc. and Nuna International B.V. are agents of each other and/or work in concert with each other to design, develop, manufacture, market, offer for sale, sell, and import into the United States baby and child products.

8. This Court has personal jurisdiction over Nuna International B.V. because, on information and belief, (a) Nuna International B.V. regularly transacts and conducts business within this State, including business with Nuna Baby Essentials, Inc.; and/or (b) Nuna International B.V. has otherwise made or established contacts within this State sufficient to

permit the exercise of personal jurisdiction.  Thus, and as supported by the further factual allegations below, the exercise of jurisdiction over Nuna International B.V. would not offend traditional notions of fair play and substantial justice.

9. Alternatively, this Court has jurisdiction over Nuna International B.V. under Federal Rule of Civil Procedure 4(k)(2).  Nuna International B.V. has contacts with the United States, including, on information and belief, its ownership of and business dealings with Nuna Baby Essentials, Inc., its development, marketing, and sale of products into the United States market, and its ownership of U.S. intellectual property rights, including patents, patent applications, and trademarks.

10. This District is a proper venue pursuant to 28 U.S.C. § 1400(b) because Nuna Baby Essentials, Inc. resides in this District and because it has committed acts of infringement and has a regular and established place of business in this District.  This District is a proper venue also because Nuna International B.V. may be sued in any judicial district.

## GENERAL ALLEGATIONS

11. Britax has been a leader in child safety technology for more than 70 years. Tracing its roots to Europe's best-selling car seat brand, Britax has become one of the brands most trusted by American families since establishing its presence in the United States in 1996. Operating from its U.S. headquarters in Fort Mill, South Carolina, Britax proudly designs, develops, tests, and builds its industry-leading child safety restraints, including its child safety car seats, in the United States.

12. Britax has a legacy of innovation owing to its significant investment in research and development of child safety technologies.  Britax's technological advancements have revolutionized side impact protection and transformed child safety seat installation.

13.     Britax has also invested in protecting the innovations it has brought to the child safety industry.  Britax currently holds over 50 U.S. utility and design patents and patent applications.  These patents protect inventions embodied in many of the child safety products currently offered by Britax to parents in the United States.

## THE '504 PATENT

14.     Britax is the owner of the '504 Patent, including the right to enforce and sue for past damages.  The '504 Patent was duly and legally issued by the United States Patent and Trademark Office on March 7, 2017, is active, and is entitled "Forward and Rearward Facing Child Seat with Belt Tensioning Mechanism for Improved Installation."  A true and correct copy of the '504 Patent is attached hereto as Exhibit A.

15.     The '504 Patent generally relates to a child safety seat that may be used in either a forward or rearward facing orientation and includes a tensioning mechanism to more fully secure the child safety seat to a vehicle seat, thereby allowing for ease in installation of the child safety seat.  The products described in the '504 Patent relate to a child safety seat that is easy install in a secure manner in both a rear-facing or forward-facing orientation.  The inventions protected by the '504 Patent represent a revolutionary advance in the child safety industry.

16.     Exemplary claim 13 of the '504 Patent recites:

A child seat configured to be secured to a vehicle seat in both a rear-facing and a forward-facing orientation by a belt of the vehicle seat, the child seat comprising:

a seat base comprising a seat portion, a backrest portion, a first belt path generally at a middle of the seat portion in a forward and rearward direction, and a second belt path generally at an intersection of the seat and backrest portions, first and second lateral edges that protrude forwardly and upwardly from opposing sides of the backrest portion proximate to the second belt path, third and fourth lateral edges that protrude forwardly and upwardly from opposing sides of the seat portion proximate to the first belt path;

a pivot structure having a first pivot portion comprising a first lateral edge member and a second lateral edge member, the pivot structure attached to the backrest portion at an axis

such that the pivot structure rotates between a first position and a second position pivotally about the axis, the first and second lateral edge members extending away from the backrest and substantially perpendicular to the axis, wherein in the first position, the first pivot portion is substantially adjacent to the seat base, and wherein in the second position, the first pivot portion is at least partly displaced from the seat base in order to enable the second belt path to receive the belt;

the pivot structure having a second pivot portion comprising a third lateral edge member and a fourth lateral edge member, the third and fourth lateral edge members moving between a third position proximate to the seat portion and a fourth position at least partly displaced from the seat portion in order to enable the first belt path to receive the belt,

wherein the first belt path is configured to allow a user to position the belt to be displaced by the third and fourth lateral edge members relative to the third and fourth lateral edges to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation, and

wherein the second belt path is configured to allow the user to position the belt to be displaced by the first and second lateral edge members relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation.

17.     The '504 Patent protects inventions embodied in Britax's child car seat products, including, for example, Britax's Boulevard ClickTight Convertible Car Seat, Britax's Advocate ClickTight Convertible Car Seat, and Britax's Marathon ClickTight Convertible Car Seat.  The Boulevard ClickTight Convertible Car Seat is depicted below:



18. As just one example, the Boulevard ClickTight Convertible Car Seat, which is protected by the '504 Patent and incorporates Britax's ClickTight installation system, represents a revolutionary advance in the child safety industry because of the ease with which it allows parents to securely install the car seat to a vehicle. Incorrect installation of a car seat can compromise the performance of the car seat and the safety of children everywhere. The innovative design of the Boulevard ClickTight Convertible Car Seat allows for safe and secure installation, in both forward-facing and rear-facing orientations. This advancement has been recognized in the car seat industry, as the Britax Boulevard ClickTight Convertible Car Seat earned a five-star Ease of Use rating from the National Highway Traffic Safety Administration ("NHTSA") as well as multiple awards from CarSeatBlog.org and online communities such as Parent Tested Parent Approved ("PTPA").

19. Britax marks its Boulevard ClickTight Convertible Car Seat, and the other car seats protected by the '504 Patent, through its website. *See* https://us.britax.com/pages/patents-united-states/.

## NUNA'S INFRINGING ACTIVITIES

20. Nuna, without authorization from Britax, makes, uses, imports, offers for sale, and sells in the United States child safety seats covered at least by the '504 Patent (collectively, the "Accused Products"). For example, Nuna makes, uses, imports, offers for sale, and sells in the United States the Nuna RAVA™ car seat, depicted below:



21.     The Nuna RAVA™ child car seat is a child seat configured to be secured to a vehicle seat in both a rear-facing and a forward-facing orientation by a belt of the vehicle seat.

22.     The Nuna RAVA™ child seat includes a seat base comprising a seat portion, a backrest portion, a first belt path generally at a middle of the seat portion in a forward and rearward direction, and a second belt path generally at an intersection of the seat and backrest portions, first and second lateral edges that protrude forwardly and upwardly from opposing sides of the backrest portion proximate to the second belt path, third and fourth lateral edges that protrude forwardly and upwardly from opposing sides of the seat portion proximate to the first belt path.

23.     The Nuna RAVA™ child seat also includes a pivot structure having a first pivot portion comprising a first lateral edge member and a second lateral edge member, the pivot structure attached to the backrest portion at an axis such that the pivot structure rotates between a first position and a second position pivotally about the axis, the first and second lateral edge members extending away from the backrest and substantially perpendicular to the axis, wherein

7

in the first position, the first pivot portion is substantially adjacent to the seat base, and wherein in the second position, the first pivot portion is at least partly displaced from the seat base in order to enable the second belt path to receive the belt.

24. The pivot structure of the Nuna RAVA™ child seat has a second pivot portion including a third lateral edge member and a fourth lateral edge member, the third and fourth lateral edge members moving between a third position proximate to the seat portion and a fourth position at least partly displaced from the seat portion in order to enable the first belt path to receive the belt.

25. The first belt path of the Nuna RAVA™ child seat is configured to allow a user to position the belt to be displaced by the third and fourth lateral edge members relative to the third and fourth lateral edges to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation.

26. The second belt path of the Nuna RAVA™ child seat is configured to allow the user to position the belt to be displaced by the first and second lateral edge members relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation.

## COUNT I

**(Infringement of United States Patent No. 9,586,504 by Nuna)**

27. Britax realleges and incorporates herein by reference the allegations set forth above.

28. Nuna directly infringes, literally or under the doctrine of equivalents, one more claims of the '504 Patent, including at least claim 13, by, without authority from Britax, making,

using, importing, offering for sale, and selling the Accused Products, including at least the Nuna RAVA™ child seat, in violation of 35 U.S.C. § 271(a).

29. The Accused Products, including at least the Nuna RAVA™ child seat, meet all the elements of at least claim 13 of the '504 Patent.

30. Nuna has known of the '504 Patent since at least the filing of this Complaint. Nuna.  Nuna is also on notice of the '504 Patent at least through Britax's marking of its products, including at least the Boulevard ClickTight Convertible Car Seat, the Advocate ClickTight Convertible Car Seat, and the Marathon ClickTight Convertible Car Seat.

31. Nuna's acts of infringement of the '504 Patent were undertaken without permission or license from Britax.

32. Britax has suffered monetary damages and other injuries as a result of Nuna's past and continuing infringement of the '504 Patent.  Britax is entitled to recover damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

33. Britax has been irreparably harmed by Nuna's past and continuing infringement of the '504 Patent, and unless enjoined by this Court, Nuna's acts of infringement will continue to damage Britax irreparably.

## PRAYER FOR RELIEF

WHEREFORE, Britax respectfully requests that the Court:

a. Enter a judgment that Nuna has infringed the '504 Patent;

b. Grant a permanent injunction restraining and enjoining Nuna, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, and affiliated or related companies from infringing the '504 Patent;

  c. Award Britax damages in an amount sufficient to compensate Britax for Nuna's infringement of the '504 Patent, but not less than a reasonable royalty, together with interests and costs;

  d. Award prejudgment interest to Britax under 35 U.S.C. § 284;

  e. Declare this case exceptional under 35 U.S.C. § 285 and award Britax its expenses of litigation, including reasonable attorney's fees; and

  f. Grant such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Britax hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: June 15, 2017

Respectfully submitted,

_____

KILPATRICK TOWNSEND & STOCKTON LLP

Chris W. Haaf (PA Bar No. 307481)
N. Dean Powell, Jr.
Jonathan E. Harris
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7300 (telephone)
(336) 607-7500 (facsimile)
chaaf@kilpatricktownsend.com
dpowell@kilpatricktownsend.com
jeharris@kilpatricktownsend.com

Steven D. Moore
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
(415) 576-0200 (telephone)
(415) 576-0300 (facsimile)
smoore@kilpatricktownsend.com

Audra A. Dial
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500 (telephone)
(404) 815-6555 (facsimile)
adial@kilpatricktownsend.com