UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

BRITAX CHILD SAFETY, INC., :
                Plaintiff, :
                 :
        v. : No. 5:17-cv-02724
                 :
NUNA INTERNATIONAL B.V. and :
NUNA BABY ESSENTIALS, INC, :
                Defendants. :
_____

**O P I N I O N**
**Defendants' Motions to Dismiss, ECF No. 26—12(b)(6) denied and 12(b)(2)**
**denied without prejudice and with leave granted to conduct jurisdictional discovery**

**Joseph F. Leeson, Jr.**                                                                                            July 26, 2018
**United States District Judge**

In this patent infringement case, Plaintiff Britax Child Safety, Inc. alleges that the Defendants, Nuna International, B.V. ("Nuna B.V.") and Nuna Baby Essentials, Inc. ("Nuna B.E.") infringed its patent for a specific design of a child's car seat. The Defendants move to dismiss the Amended Complaint and argue that Nuna B.V., a Dutch company, is not subject to personal jurisdiction in this Court and that Britax has not stated a patent infringement claim. For the reasons discussed below, this Court denies Defendants' motion to the extent that Defendants seek to dismiss under Rule 12(b)(6) and denies the motion without prejudice with respect to personal jurisdiction to allow the parties to conduct jurisdictional discovery.

**I.    BACKGROUND**

The following facts are drawn from Britax's Amended Complaint. Plaintiff Britax Child Safety, Inc. is a leader in child safety technology. Am. Compl. ¶ 11, ECF No. 23. Britax, which is both incorporated and principally operated in South Carolina, "designs, develops, tests, and

builds . . . industry-leading child safety restraints, including its child safety car seats." *Id.* Britax has a significant investment in the protection of its innovations, including over fifty United States utility and design patents and patent applications. *Id.* ¶ 13.

Defendant Nuna B.V. is incorporated and principally operated in the Netherlands. *Id.* ¶ 3. Defendant Nuna B.E., which is incorporated and principally operated in Pennsylvania, is a wholly-owned subsidiary of Nuna B.V. *Id.* ¶ 4. Similar to Britax, Nuna B.V. and Nuna B.E. focus on researching and developing child safety technologies and offering child safety products. *Id.* ¶ 7.

Britax alleges that Defendants violated 35 U.S.C. § 271(a) by infringing two of its patents: United States Patent No. 9,586,504 ('504), issued on March 7, 2017, and United States Patent No. 9,499,074 ('074), issued on November 22, 2017. *Id.* ¶¶ 14-15. Both patents are entitled "Forward and Rearward Facing Child Seat with Belt Tensioning Mechanism for Improved Installation." *Id.* ¶¶ 14-15. The two patents "related to a child safety seat that may be used in either a forward or rearward facing orientation and includes a tensioning mechanism to more fully secure the child safety seat to a vehicle seat," thus improving the ease of installation of the child safety seat. *Id.* ¶ 16.

Britax argues that Defendants infringed on claim thirteen of the '504 patent. *Id.* ¶ 17. The claim states the following:

> A child seat configured to be secured to a vehicle seat in both a rear-facing and a forward-facing orientation by a belt of the vehicle seat, the child seat comprising:
>
> a seat base comprising a seat portion, a backrest portion, a first belt path generally at a middle of the seat portion in a forward and rearward direction, and a second belt path generally at an intersection of the seat and backrest portions, first and second lateral edges that protrude forwardly and upwardly from opposing sides of the backrest portion proximate to the second belt path, third and fourth lateral edges that protrude forwardly and upwardly from opposing sides of the seat portion proximate to the first belt path;

a pivot structure having a first pivot portion comprising a first lateral edge member and a second lateral edge member, the pivot structure attached to the backrest portion at an axis such that the pivot structure rotates between a first position and a second position pivotally about the axis, the first and second lateral edge members extending away from the backrest and substantially perpendicular to the axis, wherein in the first position, the first pivot portion is substantially adjacent to the seat base, and wherein in the second position, the first pivot portion is at least partly displaced from the seat base in order to enable the second belt path to receive the belt;

the pivot structure having a second pivot portion comprising a third lateral edge member and a fourth lateral edge member, the third and fourth lateral edge members moving between a third position proximate to the seat portion and a fourth position at least partly displaced from the seat portion in order to enable the first belt path to receive the belt,

wherein the first belt path is configured to allow a user to position the belt to be displaced by the third and fourth lateral edge members relative to the third and fourth lateral edges to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation, and

wherein the second belt path is configured to allow the user to position the belt to be displaced by the first and second lateral edge members relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation.

*Id.*

Britax also argues that Defendants infringed on claim one of the '074 patent. *Id.*

¶ 18. The claim states the following:

A child seat configured to be secured to a vehicle seat in both a rear-facing and front-facing orientation, the child seat comprising:

a seat base defining a seat portion, a backrest portion, and first and second lateral edges that protrude forwardly and upwardly from the seat and backrest portions,

wherein the seat base is configured to receive a belt of the vehicle seat in an untensioned state to secure the child seat to the vehicle seat in an untensioned configuration;

and a tensioning mechanism having a proximal end pivotally attached to the backrest portion of the seat base and a distal end comprising a sitting surface for an occupant of the child seat and an engaging surface facing opposition to the sitting surface,

wherein the tensioning mechanism is movable downwardly and forwardly to a first position substantially adjacent to the seat base and upwardly and rearwardly to a second position displaced therefrom,

wherein placing the tensioning mechanism in the second position allows the seat base to receive the belt, and movement of the tensioning mechanism from the second position to the first position presses the belt against the first and second edges and deflects a portion of the belt between first and second edges to be closer to the seat or backrest portion than portions of the belt that engage the first and second edges and thus applies tension to the belt to secure the child seat to the vehicle seat in a tensioned configuration,

wherein the seat base of the child seat is configured to receive the belt when the seat base is in both a rear-facing orientation and when the seat base is in a front-facing orientation.

*Id.*

Britax includes these patented features in a variety of its car seat products. *Id.* ¶¶ 19-20. Britax alleges that "Nuna, without authorization from Britax, makes, uses, imports, offers for sale, and sells in the United States child safety seats covered at least by the Asserted Patents," including the Nuna RAVA™ car seat. *Id.* ¶ 22.

On June 16, 2017, Britax filed this action asserting two counts of patent infringement against both Nuna B.V. and Nuna B.E. under 35 U.S.C. § 271(a) based on the alleged infringements of Patent No. 9,586,504 and Patent No. 9,499,074. Britax filed an Amended Complaint on November 3, 2017, which Defendants now move to dismiss.

## II. LEGAL STANDARD

### A. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

The motion to dismiss standard under Rule 12(b)(2) is as follows:

When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), I must accept the plaintiff's allegations as true and resolve disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, once a defendant has raised a jurisdictional defense, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). If an evidentiary hearing is not held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* A plaintiff meets this burden by "establishing with reasonable particularity

sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987).

*Campbell v. Fast Retailing USA, Inc.*, No. CV 14-6752, 2015 WL 9302847, at *2 (E.D. Pa. Dec. 22, 2015).

### B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. ANALYSIS

**A.  Defendant Nuna B.V.'s motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction is denied without prejudice to allow the parties to conduct jurisdictional discovery.**

Nuna B.V. argues that it is neither subject to personal jurisdiction in this Court under the Fourteenth Amendment Due Process Clause nor under Federal Rule of Civil Procedure 4(k)(2). *See* Defs.' Mot. Dismiss 10-14, ECF No. 26. Britax responds and offers three bases for this Court's jurisdiction over Nuna B.V. First, Britax argues that this Court has jurisdiction over Nuna B.V. through its agent or alter ego, Nuna B.E. *See* Pl.'s Opp'n Br. 7-8, ECF No. 27. Second, Britax responds that Nuna B.V. has sufficient minimum contacts of its own with Pennsylvania to confer specific personal jurisdiction. *See* Pl.'s Opp'n Br. 7-9. Lastly, Britax argues that Nuna B.V. is subject to personal jurisdiction in Pennsylvania under the "federal long-arm statute" contained in Federal Rule of Civil Procedure 4(k)(2). *See* Pl.'s Opp'n Br. 17-19. Defendant Nuna B.E. does not dispute that it is subject to personal jurisdiction in Pennsylvania. See Defs.' Mot. Dismiss 1.

Federal Rule of Civil Procedure 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Kappe Assocs., Inc. v. Chesapeake Envtl. Equip., LLC*, No. 5:15-CV-02211-JFL, 2016 WL 1257665, at *6 (E.D. Pa. Mar. 31, 2016) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)) (internal quotations omitted). In Pennsylvania, pursuant to 42 Pa. C.S. § 5322(b), a court may "exercise jurisdiction to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b).

A defendant may be subject to personal jurisdiction in a forum state under either general or specific jurisdiction. *Lapine v. Materion Corp.*, No. 5:15-CV-642, 2016 WL 3959081, at *3

(E.D. Pa. July 22, 2016) (citing *Brooks v. Bacardi Rum Corp.*, 943 F. Supp. 559, 561 (E.D. Pa. 1996)). To determine whether there is specific jurisdiction[1] in a forum state, courts have established a three-part inquiry that considers: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the claims arise out of or relate to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Zena Assocs., LLC v. Abrams*, No. CIV. A. 10-4955, 2011 WL 1086011, at *3 (E.D. Pa. Mar. 18, 2011) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)). Although "[p]hysical entrance is not required' for a defendant to purposely avail itself of the privilege of conducting activities within the forum" when evaluating the first two elements, *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007), a defendant must act so as to enjoy the "privilege of conducting activities within the forum state." *Kappe Assocs., Inc.*, 2016 WL 1257665, at *6 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "Patent infringement occurs when a party 'without authority makes, uses, offers to sell or sells any patented invention.'" *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999) (quoting 35 U.S.C. § 271(a) (1994)). Thus, in the patent context, the specific jurisdiction analysis centers on the "nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).

Under the "alter ego" theory, if a subsidiary is merely the agent of a parent corporation, or if the parent corporation otherwise "controls" the subsidiary, and general or specific personal jurisdiction exists over the subsidiary, then personal jurisdiction exists over the parent. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018) (citing *D'Jamoos ex rel. Estate of*

---

[1] Because Britax concedes that Nuna B.V. is not subject to general jurisdiction in Pennsylvania, it need not be examined at this time. See Defs.' Mot. Dismiss 11; Pl.'s Opp'n Br. 10 n.7.

*Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 108-09 (3d Cir. 2009) and *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008)). The question of whether an alter ego relationship exists "should be examined in terms of the legal interrelationship of the entities, the authority to control and the actual exercise of control, the administrative chains of command and organizational structure, the performance of functions, and the public's perception." *Simeone ex rel. Estate of Albert Francis Simeone, Jr. v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 675 (E.D. Pa. 2005) (quoting *In re Latex Gloves Products Liability Litigation*, No. MDL 1148, 2001 WL 964105, at *12 (E.D. Pa. Aug. 22, 2001)).

If a plaintiff cannot establish personal jurisdiction on the basis of a defendant's contacts with the forum state, a court may still be able to exercise jurisdiction based on a defendant's contacts with the United States as a whole under Federal Rule of Civil Procedure 4(k)(2). To assert personal jurisdiction over a foreign defendant under Rule 4(k)(2), the following elements must be met: (1) the defendant must allege a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States as a whole so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law. Fed. R. Civ. P. 4(k)(2); *Skold v. Galderma Labs., L.P.*, 99 F. Supp. 3d 585, 603-05 (E.D. Pa. 2015); *see also Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009) (stating that Rule 4(k)(2)'s purpose is to ensure that there is a U.S. forum when sufficient contacts with the nation are present).

Britax has not produced sufficient evidence to establish personal jurisdiction over Nuna B.V. on any of these bases.

1. **Britax fails to show facts that support Nuna B.V.'s control over Nuna B.E. sufficient to establish personal jurisdiction on an alter-ego theory.**

Britax argues that this Court has specific jurisdiction over Nuna B.V. because an agency relationship exists between Nuna B.V. and Nuna B.E. that allows this Court to impute Nuna B.E.'s contacts with Pennsylvania to Nuna B.V.[2] *See* Pl.'s Opp'n Br. 7-8. Nuna B.V. argues that Nuna B.E. is a mere subsidiary of Nuna B.V. rather than an agent of the parent company, and thus, Nuna B.E. cannot confer liability on Nuna B.V. because no agency relationship exists between the two entities. *See* Defs.' Mot. Dismiss 12-13.

"A subsidiary will be considered an alter ego of its parents only if the parent exercises control over the activities of the subsidiary." *Oeschle v. Pro-Tech Power, Inc.*, No. CIV.A. 03-CV-6875, 2006 WL 680908, at *4 (E.D. Pa. Mar. 15, 2006) (citing *Clemens v. Gerber Scientific, Inc.*, Civ. A. No. 87-5949, 1989 U.S. Dist. LEXIS 376 at *4 (E.D. Pa. Jan. 13, 1989)). Ultimately, a plaintiff must show that a parent company is operating the "day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent." *Oeschle*, 2006 WL 680908, at *4 (quoting *In re Latex*, 2001 WL 964105, at *3).

To determine whether a subsidiary is an agent or alter ego of its parent corporation, a court should analyze the following factors:

> (1) ownership of all or most of the stock of the subsidiary, (2) common officers and directors, (3) a common marketing image, (4) common use of a trademark or logo, (5) common use of employees, (6) an integrated sales system, (7) interchange of managerial and supervisory personnel, (8) subsidiary performing business functions which the principal corporation would normally conduct through its own agents or departments, (9) subsidiary acting as marketing arm of the principal corporation, or as an exclusive distributor, and (10) receipt by officers of the related corporation of instruction from the principal corporation.

---

[2] Nuna B.E. does not dispute that it is subject to personal jurisdiction in Pennsylvania. *See* Defs.' Mot. Dismiss 1.

*Oeschle*, 2006 WL 680908, at *5 (stating that the analysis should determine whether there is a "single functional and organic identity") (quoting *In re Latex*, 2001 WL 964105, at *3).

In this case, Britax fails to demonstrate that Nuna B.E. is an alter ego or an agent of Nuna B.V. In its Amended Complaint, Britax states that "on information and belief, Nuna [B.E.] and Nuna [B.V.] have agreements or act on behalf of one another regarding use of the Nuna website and the marketing, offering for sale, and sale of Nuna products." Am. Compl. ¶ 7. However, Britax lacks the specificity and detail to establish jurisdiction based on such a relationship. *See Avocent Huntsville Corp.*, 552 F.3d at 1337-38 (". . . a corporate subsidiary's contacts in the forum state cannot be imputed to the parent corporation absent clear and convincing evidence that the parent controls the subsidiary's activities."). Britax does not allege facts that meet any of the aforementioned factors that are evaluated in either finding or rejecting an agency relationship, including ownership of stock, common officers or directors, or common use of employees. Nuna B.V. argues that "neither company exercises control over the other," they are governed by different boards, and independently operate on a daily basis. Defs.' Mot. Dismiss 13.

Britax fails to establish prima facie an alter ego or agency relationship that would allow Nuna B.E.'s contacts with Pennsylvania to be attributed to Nuna B.V.

2. **Britax has not shown that Nuna B.V. purposely availed itself of Pennsylvania so as to establish personal jurisdiction.**

Britax provides evidence of Nuna B.V.'s contacts with Pennsylvania to show that it purposefully availed itself of the state. Specifically, Britax mentions that Nuna B.V. maintains a website accessible in Pennsylvania and sends emails to customers in Pennsylvania and that its sole employee visits Pennsylvania every year. But Britax has not shown that Nuna B.V. has purposefully directed its activities at Pennsylvania or that its claims arise out of these activities.

Britax argues that Nuna B.V.'s ownership of the website, and therefore the website's sales and offers for sale, establishes minimum contacts with Pennsylvania and thus personal jurisdiction over Nuna B.V. *See* Pl.'s Opp'n Br. 7. Nuna B.V. argues that, although it technically owns the website, it is not the operational force behind the website's customer use, offers for sale, or actual sales. *See* Defs.' Mot. Dismiss 5.

A "website may form the basis for specific jurisdiction if [the] defendant takes action to maximize usage of [the] website in the forum, markets [the] website in the forum, puts forum-specific content in [the] website[,] or has [a] business plan that targets users within [a] forum." *Hy Cite Corp. v. Badbusinessbureau.com, LLC.*, 297 F. Supp. 2d 1154, 1164 (W.D. Wis. 2004) (citing *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349-50 (D.C. Cir. 2000)). However, "[t]he mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." *Gammino v. SBC Communications, Inc.*, 2005 WL 724130, at *3 (E.D. Pa. Mar. 29, 2005). Instead, a plaintiff must provide evidence establishing a defendant's purposeful availment through direct targeting of a forum state on the corporation's website. *Id.* "Absent evidence that 'any [d]istrict residents have ever actually used [the corporation's] website to transact business . . . [mere allegations are] insufficient to show specific jurisdiction existed.'" *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281-82 (Fed. Cir. 2005)).

In the case at bar, Britax argues that personal jurisdiction exists in Pennsylvania over Nuna B.V. because "Nuna International owns the website marketing, offering for sale, and selling [of] Nuna's products in the United States. Nuna International uses this website to offer products to potential customers, including potential customers in the United States." Am. Compl.

¶ 7. Although a website is available to customers in the United States, Britax fails to show that Nuna B.V. has directed its website to customers in Pennsylvania.

Furthermore, Nuna B.V. argues that although it owns the website, it neither operates nor has "any involvement in the . . . sales via the website." Defs.' Mot. Dismiss 5. The Third Circuit Court of Appeals has found that, for purposes of personal jurisdiction, the role of the Internet and minimum contacts is evaluated by the "nature and quality of commercial activity that an entity conducts over the Internet." *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211 (3d Cir. 2014) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Courts have focused on the relationship between a *defendant's use* of the website and the level of interactivity with the forum state. *See Ackourey*, 573 F. App'x at 212 (citing *Zippo*, 925 F. Supp. at 1124 (finding defendant did little more than advertise on its website and did not establish minimum contacts for specific jurisdiction)). "There must be some deliberate action aimed at the forum, such as transactions between the defendant and residents of the forum," and without evidence "that defendants actually conducted business with forum residents through the website," a court should not exercise jurisdiction. *Id.* (quoting *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1103 (C.D. Cal. 2007)).

Britax fails to show that Nuna B.V. directly targeted the forum state through its website or has any control over the site to avail itself of Pennsylvania. Britax does not allege that Nuna B.V.'s website permits consumer "self-identification as a resident of [Pennsylvania]" nor does it provide a statement that shows Nuna B.V.'s sales of products to Pennsylvania residents. *Gammino*, 2005 WL 724130, at *3 (finding personal jurisdiction over defendant through website activity directed towards residents of Pennsylvania based upon customer self-identification and available products in the forum); *see also Pierce v. Hayward Indus., Inc.*, No. CIVA 05-5322,

2006 WL 3242274, at *7 (E.D. Pa. Nov. 6, 2006) (finding that defendant's website did not "demonstrate a 'conscious choice to conduct business with the residents' of Pennsylvania and 'intentionally interact with [Pennsylvanians] via the web site in order to show purposeful availment" (quoting *Toys "R" Us v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 1992))).

Nor does Britax's allegation that Nuna B.V. sends promotional emails through its website to residents of this District have enough factual support to confer personal jurisdiction. *See* Pl.'s Opp'n Br. 3. Britax fails to show that such emails were directed to residents of Pennsylvania. *See id.* ("Nuna International also uses the website to send 'special offers' for its products to potential customers."). When a complaint does not specify to whom the offers for sale are made, courts decline to find purposeful availment of the forum state. *See Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1376 (Fed. Cir. 2015) (finding no personal jurisdiction through purposeful availment for plaintiff's failure to show facts that offers for sale were made to residents of the forum state). Perhaps more importantly, Britax fails to show that such sales were made to residents of Pennsylvania or that promotional offers were distinctly for Nuna RAVA™, the accused infringing product. *See Trintec Indus., Inc.*, 395 F.3d at 1282 (stating that the alleged infringing product was not argued to have been sold in forum state nor in any specified state and products alleged to have been sold in forum state were not argued to have been infringing).

In further support of specific jurisdiction, Britax points out that Nuna B.V.'s sole employee is in Pennsylvania eight to twenty days each year. However, based on the facts alleged, Britax's patent infringement claims do not arise from nor are they related to the employee's contact with the forum state. To show that a plaintiff's claim arises from or relates to a defendant's contact with the forum state, the plaintiff must allege prima facie that the patent infringement has some connection to such activity in Pennsylvania. *See id.* Ultimately, "the test

13
072618

is whether the activity in the forum state is *a* basis for the cause of action." *HollyAnne Corp.*, 199 F.3d at 1308 (original emphasis included). A defendant's presence in the State has to have something to do with the alleged patent infringement claim.

On the present record, this Court cannot conclude that Nuna B.V.'s sole employee's actions in Pennsylvania relate to Britax's alleged infringement claims. Defendants contend that the employee travels from the Netherlands to Pennsylvania to design "purely . . . aesthetic aspects of the product." Defs.' Reply Br. 4. The aesthetic design of the products does not serve as a basis for Britax's patent infringement claims because the patents concern structural features of car seats. Furthermore, accepting Defendants' characterization of the facts, the employee's actions do not constitute manufacturing or use of the product. *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994) (holding that patent infringement "arises upon the making, using, or selling of an infringing article" and the tort arises where the infringing acts occur and not where the harm is felt). Britax has not refuted Defendants' explanation of the employee's presence in Pennsylvania and has not shown that the employee's presence in Pennsylvania relates to its causes of action.

Britax has not shown that Nuna B.V. has contacts with Pennsylvania sufficient to establish personal jurisdiction.

3. **Britax has not shown that Nuna B.V. has sufficient contacts with the United States to establish jurisdiction under Rule 4(k)(2).**

Britax argues that Nuna B.V.'s offers for sale and actual sales of the alleged infringing product on its website are sufficient to confer Rule 4(k)(2) jurisdiction based on Nuna B.V.'s contacts with the United States as a whole. *See* Pl.'s Opp'n Br. 18. Britax argues that the third element to establish jurisdiction under Rule 4(k)(2), sufficient contacts with the United States as a whole, can be met by showing either specific or general jurisdiction. Britax contends that Nuna

B.V.'s alleged contacts with the whole of the United States, including the website, employee's travel, sale of products to all fifty states, and granted United States patents, avails it of the United States under Rule 4(k)(2). *See* Pl.'s Opp'n Br. 18-19. Nuna B.V. argues that it has insufficient contacts and incorrectly argues that the third element is met only when a foreign defendant is rendered at home in the United States, i.e., where general jurisdiction exists. *See* Defs.' Mot. Dismiss 14.

In evaluating jurisdiction under Rule 4(k)(2), the Court should evaluate both general and specific jurisdiction, with the United States serving as the forum instead of a single state. *See Synthes*, 563 F.3d at 1291; *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1416 (Fed. Cir. 2009). Britax fails to allege facts that would support personal jurisdiction based on contacts with the United States as a whole. Although Nuna B.V. owns the website, Britax fails to show that Nuna B.V. actually sold or offers for sale any infringing product in the United States through the website. Additionally, a user's mere access of a website in a forum, absent a company's affirmative targeting of that forum, is insufficient to confer personal jurisdiction. *See Marvel Mfg. Co. v. Koba Internet Sales, LLC*, No. 11-C-00961, 2012 WL 2466772, at *5 (E.D. Wis. June 27, 2012). Furthermore, the sending of promotional emails is still insufficient, even if sent to customers around the nation, because Britax does not allege that such marketing tactics concerned the alleged infringing product or were actually sent by Nuna B.V. The analysis of Nuna B.V.'s employee in Pennsylvania is the same as above, predominantly because Britax does not allege that the employee travels anywhere else in the country and does not suggest any other type of contact with the United States. The conclusion remains the same: the employee's contact with Pennsylvania and the nation as a whole does not give rise to nor relate to Britax's patent infringement claims based on the facts alleged.

Although Britax insists that Nuna B.V. makes sales to residents of the United States, the record does not distinguish whether Nuna B.V. or Nuna B.E. makes the sales. And because the present record lacks sufficient facts to find an agency relationship between Nuna B.V. and Nuna B.E., the Court cannot determine whether any sales by Nuna B.E. can be imputed to Nuna B.V. for purposes of specific jurisdiction. Nuna B.V. specifically argues that it does not sell the accused product in Pennsylvania or elsewhere in the United States. Gerhart Aff. ¶ 15, ECF No. 23, Ex. 2. Without facts demonstrating sales by Nuna B.V., and because the corporate veil is not easily pierced, the Court cannot exercise personal jurisdiction at this time.

Britax's additional argument that Nuna B.V.'s holding a United States patent confers personal jurisdiction fails. Britax fails to allege facts that show *Nuna B.V.'s* United States patent gives rise to or relates to claims asserting the infringement of *Britax's* patent. *See Venmill Indus., Inc. v. ELM, Inc.*, 100 F. Supp. 3d 59, 69-70 (D. Mass. 2015) (holding that defendant's acquisition of a U.S. patent "does not affect [a court's] inquiry into the reasonableness of exercising jurisdiction"). Because Britax fails to assert any relationship between the suit at bar and Nuna B.V.'s ownership of intellectual property rights, it does not affect the purposeful availment analysis.

Given an insufficiency and failure to plead additional facts that demonstrate Nuna B.V.'s purposeful availment of the nation as a whole, Britax has not established this Court's jurisdiction over Nuna B.V. under Federal Rule of Civil Procedure 4(k)(2).

4. **Britax's request for jurisdictional discovery is granted because it alleges facts that support possible contacts that would confer personal jurisdiction in the forum state.**

Britax argues that jurisdictional discovery is appropriate to ascertain facts related to "development, use, and operation of Nuna International's website, offers for sale and sales of infringing products made to residents of Pennsylvania and the United States through the website,

and the activities of Nuna International and its employee related to the design of the infringing products." Pl.'s Opp'n Br. 20. Nuna B.V. argues that Britax does not assert the possibility of other facts to bolster their argument for personal jurisdiction in Pennsylvania; rather, the mere application of law to facts remains. *See* Defs.' Reply Br. 7.

"'If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Neopart Transit, LLC v. CBM N.A., Inc.*, No. 5:17-CV-3955, 2018 WL 2966148, at *11 (quoting *Toys "R" Us*, 318 F.3d at 456). A court should grant jurisdictional discovery unless "the plaintiff's claim is clearly frivolous." *Id.* As discussed above, Britax has not produced sufficient evidence to establish jurisdiction; however, it has alleged facts that suggest the possibility of jurisdiction with reasonable particularity. Britax argues that Nuna B.V. and Nuna B.E. have an agency relationship based on agreements to act on behalf of each other, that Nuna B.V. sends an employee to Pennsylvania once a year, and that Nuna B.V. solicits customers through the use of its website. Jurisdiction may depend upon the nature of the relationship between Nuna B.V. and Nuna B.E., Nuna B.V.'s employee's activities in Pennsylvania, and the relative roles of the two entities in operating the website. This Court cannot say that Britax presents a frivolous claim and Britax should be given the opportunity to develop these facts. Thus, Nuna B.V.'s motion to dismiss for lack of jurisdiction is denied without prejudice with a right to renew it at the close of jurisdictional discovery.

**B.  Britax's Amended Complaint sufficiently states claims for patent infringement.**

To state a claim under 35 U.S.C. § 271, Britax must allege facts attesting that Nuna B.V. "without authority makes, uses, offers to sell, or sells any patented invention, within the United

States or imports into the United States any patented invention during the term of the patent. . . ."[3] *Bonnutti Skeletal Innovations, LLC v. Globus Med. Inc.*, No. CIV.A. 14-6650, 2015 WL 3755223, at *2 (E.D. Pa. June 15, 2015). Courts have found that specific identification of the alleged infringing product by name and attachment of photos "of the product packaging as exhibits," including the allegation that a defendant's product infringed on "each and every element of at least one claim, either literally or equivalently," sufficed to meet the *Twombly* and *Iqbal* standard. *See Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). In this case, Britax not only stated the specific Nuna RAVA™ product alleged to infringe on its two patents but also included figures detailing the nature of the alleged infringing product, the alleged infringing activities, and all limitations of the claim that are attributed to the infringing product. *See* Am. Compl. ¶¶ 22-35. This is enough to provide Defendants with "fair notice of infringement of the asserted patents." *Disc Disease*, 888 F.3d at 1260*; see also InCom Corp. v. Walt Disney Co.*, No. CV15-3011 PSG (MRWx), 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016) (finding a statement of the defendant's specific product allegedly performing the same unique function as plaintiff's patent is sufficient to survive Rule 12(b)(6) motion).

---

[3] As Defendants note, patent infringement pleadings were not always governed by the *Twombly* and *Iqbal* standard. Instead, pleadings for patent infringement cases were previously governed by Federal Rule of Civil Procedure 84, specifically, Form 18 in the Appendix of Forms. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (holding that direct patent infringement claims are measured for specificity by Form 18). Prior to its abrogation, "Form 18 'effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading.'" *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1238 (Fed. Cir. 2013)). On December 1, 2015, however, Rule 84 and its Appendix of Forms, including Form 18, were repealed. *See Big Baboon, Inc. v. SAP Am., Inc.*, No. 17-CV-02082-HSG, 2018 WL 1400443, at *2-3 (N.D. Cal. Mar. 20, 2018). "Thus, post-abrogation Form 18 'no longer maintains any force.'" *Id.* (quoting *Continental Circuits, LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, *3 (D. Ariz. Feb. 21, 2017)). Since the abolishment of Form 18, the Third Circuit Court of Appeals has acknowledged *Twombly* and *Iqbal* as the appropriate standard in patent infringement cases. *See Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016).

Britax alleged that each element of its patent claims is found in Defendants' alleged infringing product and thus, Defendants infringe on the protected elements of Britax's patents. *See e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (holding that patent infringement claims can only succeed if each limitation of a claim is met). The Amended Complaint contains diagrams from the alleged infringing car seat to show that its features correspond to the limitations in Britax's patents. *See* Amend. Compl. ¶¶ 22-35 and accompanying diagrams. Britax's inclusion of all the claims' elements and the alleged infringing product's depictions demonstrating how it copies the protected features raises its "right to relief above a speculative level." *Prowire LLC v. Apple, Inc.*, No. CV 17-223, 2017 WL 3444689, at *4 (D. Del. Aug. 9, 2017) (finding allegations that all claim elements are met, inclusion of x-ray images of the accused infringement, and cross-section photographs plausibly stated a claim of direct infringement).

Defendants argue that Britax's claims fail to distinguish the actions of Nuna B.V. from Nuna B.E. *See* Defs.' Mot. Dismiss 22. However, courts have noted that a plaintiff's failure to make such a distinction is not grounds for granting a Rule 12(b)(6) motion. *See WAG Acquisition, LLC v. Multi-Media, LLC*, No. CIV.A. 14-1661 ES JA, 2015 WL 5310203, at *7 (D.N.J. Sept. 10, 2015) ("The Federal Circuit has approved the use of collective term within a complaint to refer to acts of all defendants without distinction among the exact infringing acts performed by each one. . . ." (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007))).

Thus, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied because Britax plausibly stated a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Nuna B.V.'s motion to dismiss pursuant to Rule 12(b)(2) without prejudice and with the right to renew at the close of jurisdictional discovery. Additionally, the Court denies Defendant's motion to dismiss pursuant to Rule 12(b)(6). A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Court