**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRITAX CHILD SAFETY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5-17-cv-02724 |
| v. | ) | |
| | ) | |
| NUNA INTERNATIONAL B.V. and | ) | |
| NUNA BABY ESSENTIALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF BRITAX CHILD SAFETY, INC.'S**
**MOTION FOR LEAVE TO FILE PLAINTIFF BRITAX CHILD SAFETY, INC.'S**
**MOTION TO STRIKE EXPERT WITNESS DISCLOSURES UNDER SEAL**

Pursuant to Local Civil Rule 5.1.5, Your Honor's Policies and Procedures, and the

Stipulated Protective Order in this case (Dkt. No. 66), Plaintiff Britax Child Safety, Inc.

("Plaintiff" or "Britax") submits the following brief in support of its unopposed motion for leave

to file under seal Plaintiff's Motion to Strike Expert Witness Disclosures. Britax has good cause

to file the document and accompanying exhibits (or portions thereof) under seal, and Defendants

Nuna International B.V. and Nuna Baby Essentials, Inc. ("Defendants" or "Nuna") do not

oppose this motion.

**I. Legal Standards**

The moving party "'bears the burden of showing that the material is the kind of

information that courts will protect' and that 'disclosure will work a clearly defined and serious

injury to the party seeking closure.'" *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

Further, the "[m]ere reference to a stipulation or protective order that allowed a party to

designate certain documents as confidential during discovery is not sufficient because a request

to seal a document that will be filed with the Court is subject to a higher standard than a request

to protect material exchanged during pretrial discovery." The Honorable Joseph F. Leeson, Jr. United States District Judge Policies and Procedures (082817), at 11 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

The Third Circuit Court of Appeals applies three distinct standards when considering the confidentiality of documents. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 670 (3d Cir. 2019)). First, "[w]hen reviewing orders preserving the confidentiality of discovery materials pursuant to a protective order issued under Rule 26(c), the Court is to apply the factors set forth *in Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92 (3d Cir. 1994)." *Id*. However, "when discovery materials are filed as court documents, the more rigorous common law right of access standard is to be applied in determining whether those documents may be filed under seal." *Professional, Inc. v. Progressive Casualty Ins. Co.*, 3:17-cv-185, 2020 WL 502626, at *1 (W.D. Pa. Jan. 31, 2020) (citing *In re Avandia*, 924 F.3d at 670). Lastly, the First Amendment pubic right of access applies to civil trials. *In re Avandia*, 924 F.3d at 670.

The following factors may be considered in determining whether the moving party has shown good cause:

> (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Arnold v. Pennsylvania, Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007) (discussing the *Pansy* factors).

2

**II. Analysis**

Plaintiff Britax Child Safety, Inc.'s Motion to Strike Expert Witness Disclosures

("Motion to Strike") requests that the Court strike portions of Plaintiff's and Defendants' Expert

Reports ("Expert Reports") and references discovery responses designated confidential

(collectively, the "Motion, Accompanying Expert Reports, and Accompanying Discovery"). The

Motion, Accompanying Expert Reports, and Accompanying Discovery, particularly Nuna's

Damages Report, provides the facts and opinions Mr. Schottelkotte may offer at trial regarding

damages related to Nuna's infringement of the Asserted Patents and Britax's practice of the

Asserted Patents and the bases for those opinions. The Motion, Accompanying Expert Reports,

and Accompanying Discovery contains Britax and Nuna designated confidential business

information subject to the Stipulated Protective Order in this case (Dkt. No. 66). Further, the

factors set forth in *Pansy* support Britax's request to file the Motion, Accompanying Expert

Reports, and Accompanying Discovery under seal.

Regarding the ***first factor***, by designating as Confidential, both Britax and Nuna have

indicated a strong interest in the privacy of the confidential information contained in the Motion,

Accompanying Expert Reports, and Accompanying Discovery. The Motion, Accompanying

Expert Reports, and Accompanying Discovery includes Britax and Nuna designated confidential

business information, including detailed information on Nuna's products and financial

information relating thereto. The information at issue is extremely confidential and is protected

internally within Britax and Nuna. The amount it costs Britax (and Nuna) to make a product per

unit and how much each product line has earned after expenses is far more sensitive and

confidential than company-wide financial information. This information could inform

competitors about the lowest price that Britax (or Nuna) could charge for a particular product

and still make a profit. A competitor can undercut Britax's (or Nuna's) sales with this

information.

The potential resulting harm would further be compounded by the ability of Britax's (or Nuna's) suppliers and customers who, when provided with the knowledge of Britax's (or Nuna's) costs, prices and profit information, would demand increased share of the profits and lower sale prices respectively. Because of the competitive harm to Britax (or Nuna) from its disclosure, this information is not just exceptionally sensitive, it is among the most confidential information that Britax (or Nuna) possesses. The Motion, Accompanying Expert Reports, and Accompanying Discovery includes business information that Nuna has designated confidential. Thus, this factor favors sealing the documents.

Regarding the ***second factor***, Britax seeks to protect the Britax and Nuna designated confidential information contained in the Motion, Accompanying Expert Reports, and Accompanying Discovery for a legitimate purpose for three reasons: *First*, Britax and Nuna have designated the information confidential under the Stipulated Protective Order entered in this case (Dkt. No. 66). *Second*, Your Honor's Policies and Procedures contemplates that expert reports are exchanged, and further, that "violation[s] of the disclosure requirements of the Rule or Scheduling Order may result in the barring of expert testimony at trial." The Honorable Joseph F. Leeson, Jr. United States District Judge Policies and Procedures (082817), at 7. *Third*, Federal Rule of Civil Procedure 26(a)(2) allows for stipulations between the parties has to how the information is provided to the other party. *See* Fed. R. Civ. P. 26(a). Thus, this factor weighs in the favor of sealing the Motion, Accompanying Expert Reports, and Accompanying Discovery.

Regarding the ***third factor***, the Motion, Accompanying Expert Reports, and Accompanying Discovery evidences the resulting sales of infringing activities of Nuna. The nature of this case and the Britax and Nuna designated confidential information contained in the

4

Motion, Accompanying Expert Reports, and Accompanying Discovery could harm or embarrass Nuna as the information is of a competitive nature. This factor supports Plaintiff's motion to file under seal.

Regarding the ***fourth factor***, Britax's claims for patent infringement do not implicate health and safety or issues important to the public. While the technical nature of this dispute is child safety seats, the dispute centers on intellectual property rights in those seats and not the safety of those seats. Thus, the Motion, Accompanying Expert Reports, and Accompanying Discovery does not implicate issues of public health and safety, and this factor weighs in favor of sealing.

Regarding the ***fifth factor***, Britax's request to seal documents promotes fairness and efficiency. In addition to the reasons set forth above, sealing the Motion, Accompanying Expert Reports, and Accompanying Discovery will not impede Nuna's ability to respond in any way to the Motion to Strike, or Your Honor's ability to review Motion to Strike. Thus, this factor weighs in favor of sealing.

Regarding the ***sixth factor***, neither Britax nor Nuna, the parties benefiting from the order of confidentiality, is a public entity or official. However, sealing is appropriate because disclosure of the Britax and Nuna designated confidential information contained in the Motion, Accompanying Expert Reports, and Accompanying Discovery would harm Nuna's business. Public disclosure of the Britax and Nuna designated confidential information contained in the Motion, Accompanying Expert Reports, and Accompanying Discovery may likely place Nuna at a disadvantage with respect to their existing and potential competitors, who could gain access to customer, pricing, and contractual information. Disclosure might also place the non-party customer at a disadvantage with respect to its existing and potential competitors and suppliers,

who would gain access to its purchasing information. The parties have voluntarily entered into a protective order governing confidentiality, and Nuna does not oppose this sealing. Further, since this dispute is between private parties, and not a public entity or official, this factor weighs in favor of sealing the Motion, Accompanying Expert Reports, and Accompanying Discovery.

Regarding the ***seventh factor***, as described above in regard to the fourth factor, this dispute involves child safety seats, but only the intellectual property covering those seats. This dispute does not concern the level of safety or any risks associated with the safety of either parties child safety seats. Thus, the Motion, Accompanying Expert Reports, and Accompanying Discovery does not implicate issues important to the public, and this factor weighs in favor of sealing.

The balance of the factors set forth in *Pansy* favors sealing the documents at this stage in the case.

## III. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's motion to file under seal.

Dated:  June 5, 2020        Respectfully submitted,

*/s/ Kasey E. Koballa*

KILPATRICK TOWNSEND & STOCKTON LLP

Chris W. Haaf (PA Bar No. 307481)
N. Dean Powell, Jr.
Jonathan E. Harris
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500
chaaf@kilpatricktownsend.com
dpowell@kilpatricktownsend.com
jeharris@kilpatricktownsend.com

Kasey E. Koballa
4208 Six Forks Road, Suite 1400
Raleigh, NC  27609
Telephone:  (202) 639-4713
Facsimile:  (202) 508-5858
kkoballa@kilpatricktownsend.com

Steven D. Moore
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
smoore@kilpatricktownsend.com

MYERS, BRIER & KELLY, LLP

Daniel T. Brier (PA ID 53248)
Suzanne P. Conaboy (PA ID 314036)
425 Spruce Street, Suite 200
Scranton, PA  18503
Telephone:  (570) 342-6100
dbrier@mbklaw.com
sscanlon@mbklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that June 5, 2020, a true and correct copy of the foregoing

**MEMORANDUM IN SUPPORT OF PLAINTIFF BRITAX CHILD SAFETY, INC.'S**

**MOTION FOR LEAVE TO FILE PLAINTIFF BRITAX CHILD SAFETY, INC.'S**

**MOTION TO STRIKE EXPERT WITNESS DISCLOSURES UNDER SEAL** was

electronically filed with the Clerk of Court using the CM/ECF system, which will

automatically send email notification of the filing to counsel of record.


*/s/ Kasey E. Koballa*
Kasey E. Koballa