**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRITAX CHILD SAFETY, INC.,** | |
| Plaintiff, | Civil Action No. 5:17-cv-02724-JFL |
| v. | **JURY TRIAL DEMANDED** |
| **NUNA INTERNATIONAL B.V. and NUNA BABY ESSENTIALS, INC.,** | |
| Defendants. | |

<u>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**</u>
<u>**EXPERT WITNESS DISCLOSURES**</u>

<u>**REDACTED**</u>

## **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   STATEMENT OF FACTS ............................................................................................. 3

  A.    Nuna Identified Its Rebuttal Damages Theories During Discovery ............................... 3

  B.    Nuna Identified the Boulevard 70 in its Contentions and Again in the Initial Bowman
  Report 3

  C.    Britax First Presented Details of Lost Profits in Its Damages Expert Report ................. 4

  D.    Britax First Identified ████████████████████████ in Its Damages Expert Report ...... 6

  E.    Britax's Damages Report Presented New Theories and Relied on New Witnesses ........... 6

III.  STATEMENT OF QUESTIONS INVOLVED ................................................................. 7

IV.   SUMMARY OF THE ARGUMENT ............................................................................... 8

V.    LEGAL STANDARD ...................................................................................................... 9

  A.    General Standard for a Motion to Strike Based on Untimely Disclosure ....................... 9

  B.    This Court's Treatment of Motions to Strike Expert Reports ...................................... 10

VI.   ARGUMENT ................................................................................................................. 11

  A.    Britax Applies the Wrong Legal Standards ............................................................... 11

    a.    Timing of Disclosures ......................................................................................... 11

    b.    Britax, Not Nuna, Has the Burden of Proof for Non-Infringing Alternatives ............. 12

    c.    The Standard for Introducing New Evidence on Rebuttal ......................................... 13

  B.    Nuna's Expert Reports Should Not Be Struck .......................................................... 15

    a.    Factor 1 - Britax Suffered No Prejudice or Surprise ............................................... 15

    b.    Factor 2 - Any Prejudice to Britax Would Be Easily Cured Had It Chosen to Conduct
    Depositions of Nuna's Experts ................................................................................. 20

    c.    Factor 3 - Nuna's Expert Reports Will Not Disrupt Trial ........................................ 21

    d.    Factor 4 - Nuna Acted in Good Faith ................................................................... 22

    e.    Additional Factor - The Material at Issue Is Probative of an Appropriate Damages
    Measure And The Patents' Validity ........................................................................... 23

VII.  CONCLUSION .............................................................................................................. 24

# TABLE OF AUTHORITIES

**Cases**                                                             **Page(s)**

*Am. Diabetes Ass'n v. Friskney Family Trust, LLC*,
No. 13-037320, 2015 U.S. Dist. LEXIS 184214 (E.D. Pa. July 21, 2015) ..................... 13, 14

*Apotex Inc. v. Cephalon, Inc.*,
No. 2:06-cv-2768, 2015 WL 12645745 (E.D. Pa. May 26, 2015) .................................... 10, 16

*Billet Promotions, Inc. v. IMI Cornelius, Inc.*,
No. 95-1376, 1998 WL 721081 (E.D. Pa. Oct. 14, 1998) ................................................... 9, 23

*Canterna v. United States*,
319 Fed. Appx. 93 (3d Cir. 2008) ........................................................................................... 9

*Crowley v. Chait*,
322 F. Supp. 2d 530 (D.N.J. 2004) ....................................................................................... 13

*Deseret Mgmt. Corp. v. United States*,
97 Fed. Cl. 272 (2011) .......................................................................................................... 13

*Dominion Resources Inc. v. Alstom Grid, Inc.*,
No. 2:15-cv-00224 (E.D. Pa. Feb. 23, 2016) ........................................................................ 10

*Genetically Modified Rice Litig.*,
No. 4:06-MD-01811-CDP, 2010 U.S. Dist. LEXIS 116135 (E.D. Mo. Nov. 1,
2010) ...................................................................................................................................... 13

*Glass Dimensions, Inc. v. State St. Bank & Trust Co.*,
290 F.R.D. 11 (D. Mass. 2013) ............................................................................................. 13

*Glaxosmithkline LLC v. Glenmark Pharms.*,
No. 1-14-cv-00877, 2017 U.S. Dist. LEXIS 21049 (D. Del. Feb. 6, 2017) .......................... 21

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999) ............................................................................................. 12

*Helios Software, LLC v. SpectorSoft Corp.*,
No. 12-00081-LPS, 2014 U.S. Dist. LEXIS 135379 (D. Del. Sept. 18, 2014) ..................... 13

*Junker v. Medical Components Inc.*,
2020 WL 1308299, No. 2:13-cv-04606 (E.D. Pa. Mar. 19, 2020) ................................. *passim*

*Koki Holdings Co., LTD v. Kyocera Senco Ind. Tools, Inc.*,
Case No. 1:18-cv-00313-CFC-JCB (D. Del. Mar. 30, 2020) ................................................ 11

*Lannett Co. v. KV Pharm.*,
No. 08-338-JJF, 2009.............................................................................................19, 20

*Mars, Inc. v. Coin Acceptors, Inc.*,
527 F.3d 1359 (Fed. Cir. 2008)..........................................................................12

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017)..........................................................................12

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
559 F.2d 894 (3d Cir. 1977), *rev'd on other grounds sub nom. Goodman v.*
*Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987) .................8, 9, 15

*Panduit Corp. v. Sahlin Bros. Fibre Works, Inc.*,
575 2d 1152 (6th Cir. 1978)...............................................................................8, 12

*Prism Techs., LLC v. T-Mobile USA Inc.*,
No. 8:12CV124, 2015 WL 5883764 (D. Neb. Oct. 8, 2015)...............................18

*Reenwood Land Co. v. Omnicare*,
No. 2:09cv686, 2013 U.S. Dist. LEXIS 45039 (W.D. Pa. Mar. 29, 2013)...............19

*Smithkline Beecham Corp. v. Apotex Corp.*,
Case No. 2:99-cv-04304-MMB (E.D. Pa. Feb. 2, 2010) ......................................9, 10

*Southco, Inc. v. Fivetech Tech., Inc.*,
No. 10-1060, 2017 .............................................................................................16

*SPEX Techs. v. Apricorn, Inc.*,
No. CV 16-07349JVS(AGRx), 2020 WL 1289546 (C.D. Cal. Jan. 21, 2020)........18

*St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Electric Indus. Co.*,
C.A. No. 04-1436-LPS, 2012 WL 1015993 (D. Del. Mar. 26, 2012) ...................8

*United States v. Chrzanowski*,
502 F.2d 573 (3d Cir. 1974)...............................................................................13

**Rules**

Fed. R. Civ. P. 16....................................................................................................8

Fed. R. Civ. P. 26(a)................................................................................................8

Fed. R. Civ. P. 26(a)(2)(D) ........................................................................12, 13, 14

Fed. R. Civ. P. 37(c)(1)............................................................................................8

**Statutes**

35 U.S.C. § 102 ...................................................................................3, 17

35 U.S.C. § 103 ...........................................................................................3

35 U.S.C. § 284 ...........................................................................................4

# TABLE OF EXHIBITS

| Exhibit No. | Exhibit Name |
|---|---|
| 1 | Excerpts from Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories (June 19, 2019) |
| 2 | Expert Report of Lauren R. Kindler (April 3, 2020) |
| 3 | Excerpts from Expert Witness Report of Mr. Andrew Bowman Regarding Noninfringement (May 4, 2020) |
| 4 | Expert Report of W. Todd Schoettelkotte Relating to Damages (May 4, 2020) |
| 5 | Britax Child Safety, Inc.'s First Set of Interrogatories to Nuna International B.V. (April 24, 2019) |
| 6 | Excerpts from Defendant's Objections and Responses to Britax's First Interrogatories (May 23, 2019) |
| 7 | Excerpts from Defendants' Invalidity Contentions (July 24, 2019) |
| 8 | Excerpts from Plaintiff's Supplemental Objections and Responses to Defendants' First Set of Interrogatory Nos. 8 and 12 and Second Supplemental Objections and Responses to Defendants' First Set of Interrogatory Nos. 1-6, and 14 (March 5, 2020) |
| 9 | Plaintiff's Rule 26(a)(1) Initial Disclosures (October 12, 2018) |
| 10 | Plaintiff's Supplemental Rule 26(a)(1) Initial Disclosures (January 10, 2020) |
| 11 | Excerpts from Expert Report of Richard Kent, Ph.D. Responding to Defendants' Invalidity Report (May 4, 2020) |
| 12 | Excerpts from Rebuttal Expert Witness Report of Mr. Andrew Bowman Regarding Invalidity (May 18, 2020) |
| 13 | Excerpts from Deposition Transcript of Steven Gerhart (February 12, 2020) |
| 14 | Excerpts from Revised Initial Expert Witness Report of Mr. Andrew Bowman Regarding Invalidity (April 27, 2020) |
| 15 | Email Correspondence Between Counsel for Nuna and Counsel for Britax (May 20, 2020) |
| 16 | Excerpts from Deposition Transcript of Curtis Strong (March 4, 2020) |

| | |
|---|---|
| 17 | Excerpts from Deposition Transcript of Scott Alan Reed (March 4, 2020) |
| 18 | Declaration of R. Maxwell Mauldin |

## I.     **INTRODUCTION**

Britax moves to strike Nuna's experts' reliance on and discussion of (1) non-infringing alternative product designs relevant to damages, and (2) a physical sample of the Britax Boulevard 70 car seat that Nuna identified as prior art during fact discovery. Because neither of these was untimely disclosed under the Court's Scheduling Order and the applicable rules, and because Britax cannot show prejudice, Britax's motion should be denied.

In its first interrogatory responses, Nuna indicated that it intended to rely on non-infringing alternatives as a rebuttal to Britax's lost-profits damages theory and that it would present expert testimony regarding the availability of non-infringing alternatives pursuant to the schedule provided by the Court. Britax did not object to this approach. Indeed, far from objecting, Britax followed the *same approach* in disclosing its lost-profits damages theory and its absence of non-infringing alternatives theory for the first time in its expert reports. Specifically, in response to Nuna's Interrogatory No. 12 seeking information regarding lost profits, Britax responded that ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ Ex. 1 at 27 (Britax's First Interrogatory Reponses). Consistent with this approach—which *both parties followed*—Britax submitted detailed information regarding its lost-profits theories for the first time in Ms. Kindler's April 3, 2020 Report, including a discussion, for the first time, of the alleged lack of non-infringing alternatives—an issue for which Britax (not Nuna) bears the burden of proof. Ex. 2, ¶¶ 143-144 (Kindler Report). Then, in accordance with the Court's Scheduling Order, Nuna's experts offered testimony on May 4, 2020, rebutting Britax's lost-profits theory, including the existence of non-infringing alternatives to the patents. Ex. 3, ¶¶ 247-270 (Bowman Noninfringement Report); Ex. 4 at ¶¶ 46-57 (Schoettelkotte Report). Unlike Britax, Nuna's experts did not rely on any witnesses not previously identified to and deposed by

Britax. Because Britax bears the burden of proof on the absence of non-infringing alternatives and because Britax did not present those theories, and certainly not the detailed facts supporting those theories, until its expert report, Nuna followed the same approach for disclosing expert opinions rebutting lost profits. Britax's new accusation of untimeliness is, therefore, meritless.

Britax's assertion regarding the physical Britax Boulevard 70 car seat is likewise meritless. Since serving its initial invalidity contentions on July 24, 2019, Nuna has consistently asserted that the Britax Boulevard 70 CS car seat is prior art that invalidates the asserted claims. Nuna's expert's reliance on a physical sample of that car seat is consistent with this disclosure and, in any event, should not have been unexpected by Britax. Indeed, the Boulevard 70 CS car seat, now discontinued, is Britax's *own product*, making Britax's claims of surprise and prejudice particularly baseless. The Boulevard 70, along with several other similar convertible car seat models, was a convertible car seat that Britax manufactured and sold prior to selling its ClickTight products. It is difficult to see how Britax could be prejudiced by the alleged inability to inspect a car seat it designed, manufactured, and sold, before submitting its expert invalidity report, especially when it knew that Nuna's invalidity theory was based on that very seat.[1] Indeed, Britax was perhaps best positioned to provide a physical specimen of the now discontinued Boulevard 70, but chose not to. Instead, Nuna was required to conduct an extensive search to locate a sample. Britax's claim of prejudice is nothing more than a naked attempt to remove evidence that illustrates the invalidity of its patent.

Because Nuna's disclosures were timely and did not prejudice Britax, the Court should deny Britax's motion to strike.[2]

---

[1] Nuna has offered an opportunity to inspect the Bouleverd 70. Britax has not pursued inspection.
[2] Nuna has also filed a contingent motion to strike concurrently herewith. As requested in the

## II.    STATEMENT OF FACTS

### A.  Nuna Identified Its Rebuttal Damages Theories During Discovery

Britax's Interrogatory No. 14 asked for Nuna's "activities and circumstances relating to the availability of any non-infringing alternative." Ex. 5 at 8 (Britax's Interrogatories). In response, Nuna properly indicated, "Nuna BE will provide its non-infringement contentions and expert disclosures according to a schedule issued by the Court" and was "open to meeting and conferring with Britax on a schedule to propose to the Court that includes appropriate dates for the exchange of contentions and expert disclosures." Ex. 6 at 18-19 (Nuna's Responses). The parties eventually decided on an appropriate schedule, which was adopted by the Court, and with which Nuna complied.

### B.  Nuna Identified the Boulevard 70 in its Contentions and Again in the Initial Bowman Report

Nuna served its invalidity contentions on July 24, 2019,[3] in accordance with the Court's scheduling order, identifying the Britax Boulevard 70 CS as an item offered for sale, publicly used, and/or known. Ex. 7 at 16 (Invalidity Contentions). As exemplary evidence of this child seat, it identified the Boulevard 70 CS User Guide and four YouTube videos from the Britax Child Safety, Inc. YouTube account. *Id.* The YouTube videos, which were intended to be representative of the operation of five different seats, identified the Boulevard 70 CS as operating consistently with the physical seat in operation in the videos. Nuna's invalidity contentions also specifically identified each of its prior art challenges, including stating that the

---

contingent motion to strike, because both Nuna and Britax used discovery to present high-level notice of theories and expert reports to provide underlying details and analysis, should the Court strike portions of Nuna's expert reports regarding non-infringing alternatives, Britax's expert reports should also be struck with regard to the disclosures on lost profits, particularly because Britax's conduct was actually prejudicial to Nuna.

[3] Nuna again served substantively the same invalidity contentions on August 13, 2019, with the only differences being minor typographical corrections.

asserted claims "are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by the Britax Boulevard 70 Child Seat ("Boulevard 70 CS") alone, or in combination with one or more other prior art references." *Id.* at 22-23. Charts accompanying the invalidity contentions outlined these theories in detail, with the portions relating to the Boulevard 70 CS relying on the previously identified exemplary evidence. *See generally id.*, Exs. A3 & B3. These invalidity contentions placed Britax on notice that some of Nuna's invalidity theories are based on the Britax Boulevard 70 CS product itself.

Mr. Bowman's initial expert report on invalidity ("Initial Bowman Report") relied on invalidity theories previously identified in the invalidity contentions. It asserted, among other theories, that the asserted claims are anticipated by the Boulevard 70 CS and/or rendered obvious by the Boulevard 70 CS alone or in view of additional references. Prof. Kent responded to these theories in his corresponding response on invalidity. Britax does not contend that Nuna's invalidity theories based on the Boulevard 70 CS are improper. Opening Br. at 16-17 (arguing only the physical evidence and not the theory is improper). Instead, Britax asks the Court to prevent use of the physical prior art seat Britax manufactured and sold, even though Britax admits that the invalidity theories based upon that seat are properly present in the case.

### C. Britax First Presented Details of Lost Profits in Its Damages Expert Report

In its Complaint, Britax never specifically mentioned entitlement to lost profits. Instead, it sought "damages in an amount sufficient to compensate Britax for Nuna's infringement of the '504 and '074 patents, but not less than a reasonable royalty, together with interests and costs." Amended Complaint, Dkt. 23 at 17; *see also* Complaint, Dkt. 1 at 10.

During discovery, Britax likewise failed to present any details to support a lost-profits damages theory. On June 19, 2019, in Response to Nuna's Interrogatory No. 12, Britax stated:



Ex. 1 at 26-29 (Britax's First Interrogatory Responses) (emphasis added). Similarly, in Britax's response to Nuna's Interrogatory No. 13, Britax stated:



. . .

*Id.* at 29-32 (emphasis added).

Even when Britax supplemented its response to Nuna's Interrogatory No. 12 on March 5, 2020, the last day of fact discovery,

. Ex. 8 at 28, 13-20 (Britax's Supplemental Interrogatory Responses).

Britax thus declined to provide any meaningful details of its lost-profit theory during fact discovery, including its position on the absence of non-infringing alternatives, *an issue on which*

*it bears the burden of proof.* Intstead, Britax only disclosed these details for the first time in its expert reports.

### D. Britax First Identified ████████████████████████ in Its Damages Expert Report

Britax employees ████████████████████ were first identified by Britax as having knowledge relevant to the issues in this case in Britax's damages expert report and were relied-upon to support Britax's damages theories. The parties exchanged initial disclosures on October 12, 2018, at which time Britax identified only a single Britax employee, Dann Provolo, as having "knowledge on damages suffered by Britax." Ex. 9 (Initial Disclosures). Britax provided supplemental initial disclosures on January 10, 2020, adding Sarah Tilton to its list of identified Britax employees with relevant information to support Britax's claims against Nuna. Ex. 10 (Supplemental Initial Disclosures). Nowhere in its initial disclosures nor in its interrogatory responses did Britax ever identify ████████████████████ as individuals with relevant and discoverable information on its damages theories. Nuna learned for the first time in Britax's April 3, 2020 damages expert report from Ms. Kindler that these individuals possessed relevant and important information.

### E. Britax's Damages Report Presented New Theories and Relied on New Witnesses

Britax's damages expert, Lauren Kindler, submitted an opening report on April 3, 2020. Paragraphs 14-15, 44-104, 176-178, and 187 of the Kindler report provided, for the first time, Britax's detailed theory on lost-profits damages. Paragraphs 87-93 specifically provide opinions on Britax's manufacturing capacity. In these paragraphs, ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ *See, e.g.,* Ex. 2 at n. 228,

296, 297, 298, 299, 333, 336, 337, ¶¶ 89, 102 (Kindler Report).

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

## III.    STATEMENT OF QUESTIONS INVOLVED

The questions presented are:

(1) Whether the Court should deny Britax's motion to strike Nuna's experts' rebuttal opinions regarding non-infringing alternatives, where the challenged disclosures were made in accordance with this Court's Scheduling Order, where Britax followed precisely the same approach in disclosing its lost-profit damages theory (in which it bears the burden of proving the absence of non-infringing alterantives), and where Britax has not alleged any genuine prejudice;

and

(2) Whether the Court should deny Britax's motion to strike Nuna's expert's reliance on a physical sample of the Britax Boulevard 70 CS car seat, where Nuna expressly disclosed in its invalidity contentions that it intended to rely on the "Britax Boulevard 70 Child Seat . . . alone, or in combination with one or more other prior art references" to prove invaldity, and where Britax cannot possibly show prejudice because the Britax Boulevard 70 car seat is its own product.

## IV.    <u>SUMMARY OF THE ARGUMENT</u>

Britax's motion is misguided legally and factually. *First,* Britax applies several inaccurate legal standards for timing of disclosures, non-infringing alternatives, and rebuttal evidence, ignoring this district's relevant case law. *Second*, Britax ignores Nuna's appropriately identified interrogatory response and contentions designations and instead manufactures allegations of prejudice from a record that does not support it. *Third*, Britax alleges no incurable prejudice. Britax squandered the time it spent deposing Nuna's relevant witnesses by not asking relevant questions, and it chose to forego depositions of Nuna's experts altogether. Moreover, the schedule, with over two months left in expert discovery and no firm trial date set, could accommodate a cure to any perceived prejudice. Yet Britax does not propose any such cure, instead jumping straight to the drastic remedy of striking testimony and evidence. *Fourth*, Britax cannot credibly allege bad faith by Nuna. *Fifth*, the evidence at issue is central to Nuna's case and far outweighs any prejudice to Britax, particularly since any arguable prejudice to Britax could be cured. *Finally*, Britax's own theory of lost profits is similarly situated to the theories Britax seeks to strike from Nuna's reports—but is far more prejudicial. Britax provided no details of its lost profits theories in its interrogatory responses, presenting them for the first time in its expert report. Unlike Nuna, however, Britax also identified two new witnesses who were

never identified and, thus, Nuna never had the capability to depose. The Court should deny Britax's motion.

## V.   **LEGAL STANDARD**

### A.   General Standard for a Motion to Strike Based on Untimely Disclosure

Whether a failure to supplement discovery responses was "substantially justified or harmless" under Rule 37(c)(1) is determined by analyzing the *Pennypack* factors. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) ("*Pennypack*"), *rev'd on other grounds sub nom. Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987).[4] In *Pennypack*, the Third Circuit stated that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* at 905 (citations omitted). The *Pennypack* factors were intended to address whether this standard has been met, and they include:

> (1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing late-offered evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Canterna v. United States*, 319 Fed. Appx. 93, 98 (3d Cir. 2008) (quoting *Meyers*, 559 F.2d at 904-05) (alterations in original). In addition to these four factors, this district has applied "an important final consideration," namely "[t]he importance of the excluded testimony." *Billet Promotions, Inc. v. IMI Cornelius, Inc.*, No. 95-1376, 1998 WL 721081, at *8 (E.D. Pa. Oct. 14,

---

[4] The *Pennypack* factors are set forth in the context of Fed. R. Civ. P. 26(a) and 37(c)(1), but the *Pennypack* analysis must also be applied if a Fed. R. Civ. P. 16 analysis results in a determination that evidence should be excluded. *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Electric Indus. Co.*, C.A. No. 04-1436-LPS, 2012 WL 1015993, at *7 (D. Del. Mar. 26, 2012) (denying a motion to supplement under Fed. R. Civ. P. 16 and applying *Pennypack* factors).

1998); *Junker v. Medical Components Inc.*, 2020 WL 1308299, No. 2:13-cv-04606 (E.D. Pa. Mar. 19, 2020).

## B.  This Court's Treatment of Motions to Strike Expert Reports

Since 2010, this Court has considered and ruled upon several motions to strike expert reports. A clear standard has emerged in favor of exercising discretion to strike expert reports only in the case of "unfair surprise." *Smithkline Beecham Corp. v. Apotex Corp.*, Case No. 2:99-cv-04304-MMB, at 1 (E.D. Pa. Feb. 2, 2010) (order denying motion to strike). In *Smithkline*, the Court explained that an "expert's report will not be stricken because it is broader than the pleadings," because the "function of pleadings is to alert the opposing party as to the nature of claims and provide a basis for discovery, not to preclude expert reports filed subsequently, usually with the benefits of investigation and discovery." *Id.* at 1. Thus, the Court chose not to strike an expert report asserting inequitable conduct despite the report being outside of allegations and facts presented in the pleadings. Similarly, the Court declined to strike an expert report in *Dominion Resources Inc. v. Alstom Grid, Inc.*, No. 2:15-cv-00224 (E.D. Pa. Feb. 23, 2016) (order denying motion to strike) when a supplemental report was served presenting new arguments but any prejudice could be cured by allowing a deposition of the expert.

On the other end of the spectrum, cases finding in favor of striking an expert report have involved egregious conduct and clear prejudice to the moving party that could not be cured. For instance, the Court recently granted a motion to strike a second "corrected" expert report—produced only 12 days before trial—that was intended to correct damages calculations and included, for the first time, a disgorged profits theory of damages. *Junker v. Medical Components Inc.*, 2020 WL 1308299, No. 2:13-cv-04606, at *6 (E.D. Pa. Mar. 19, 2020). Similarly, In *Apotex Inc. v. Cephalon, Inc.*, No. 2:06-cv-2768, 2015 WL 12645745, at *2 (E.D.

Pa. May 26, 2015), the Court granted a motion to strike a supplemental expert report not submitted until "after the 11th hour," following expert depositions.

## VI. <u>ARGUMENT</u>

### A. Britax Applies the Wrong Legal Standards

#### a. Timing of Disclosures

Britax applies the wrong legal standard for its proposition that Nuna's disclosures were untimely. Indeed, Britax does not cite a single case from this jurisdiction. Instead, Britax relies on cases in other districts and largely from outside the Third Circuit, which apply fundamentally different rules than those applied by this Court.

The appropriate time to disclose theories is often governed by a district's local rules, and in the case of patent-specific damages and invalidity theories, a district's local patent rules. For example, most of Britax's citations are to cases in the Northern District of California and Eastern District of Texas, which have specific local rules that provide strict deadlines for complete contentions that are considered final and supplementation or additional theories or evidence are only allowed upon a showing of good cause. *See* N.D. Cal. Local Pat. R. 3; E.D. Tex. Local Pat. R. 3. Other jurisdictions that do not have local patent rules, such as Delaware, allow lenient supplementation and disclosure of theories throughout the case, subject only to an undue prejudice standard. *See Koki Holdings Co., LTD v. Kyocera Senco Ind. Tools, Inc.*, Case No. 1:18-cv-00313-CFC-JCB, at 4 (D. Del. Mar. 30, 2020) (order denying motion to strike expert disclosure) (internal citation omitted) (finding exclusion an "extreme sanction" not merited when there was no prejudice because the trial was eight months away).

Here, there are no local patent rules providing a strict schedule of deadlines for disclosing contentions and restricting supplementation of these contentions. A general notice and undue

prejudice standard, as recognized by other courts of the Third Circuit, should apply.[5] The Court

should disregard Britax's cited cases applying the law of other jurisdictions, each of which was

decided under different standards and applying different local rules.

### b. Britax, Not Nuna, Has the Burden of Proof for Non-Infringing Alternatives

Britax improperly implies that Nuna has the burden to prove the existence of non-

infringing alternatives as a part of its rebuttal to Britax's damages case. That is incorrect. It is

Britax that bears the complete burden of proof—including proving the *absence of non-infringing*

*alternatives*—as a part of its affirmative damages case. Once Britax presented a theory of lost

profits (which it did not do until its intial expert report on damages), Nuna was afforded a

rebuttal.

Under *Panduit Corp. v. Sahlin Bros. Fibre Works, Inc.*, 575 2d 1152, 1156 (6th Cir.

1978), the plaintiff bears the burden to prove four factors, one of which is the "absence of

acceptable non-infringing alternatives." *Id.*; *see also Mentor Graphics Corp. v. EVE-USA, Inc.*,

851 F.3d 1275, 1285 (Fed. Cir. 2017) ("[R]equiring patentees to prove demand for the product as

a whole and the absence of non-infringing alternatives ties lost profit damages to specific claim

limitations and ensures that damages are commensurate with the value of the patented

features."). A defendant may then rebut a patent owner's claim for lost sales by presenting

evidence of available non-infringing alternatives. *Grain Processing Corp. v. Am. Maize-Prods.*

*Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). Similarly, a defendant may also use evidence of non-

infringing alternatives to rebut the plaintiff's calculation of a reasonable royalty. *Mars, Inc. v.*

*Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008). And new evidence is permissible on

---

[5] Britax itself relies heavily on District of Delaware case law throughout its brief, suggesting that its standard would be appropriate in this case.

rebuttal under the Federal Rules of Civil Procedure as discussed *infra*. *See* Section VI.A.c.

Britax did not present its theories for lost-profits damages under the *Panduit* factors during fact discovery, waiting instead until its opening expert report to provide its theories and supporting evidence. *See* Sections II.C, II.D, *supra*. As a part of her April 3, 2020 opening report on damages, Ms. Kindler, *for the first time*, set forth Britax's detailed allegations regarding lost profits, including its positions on the alleged absence of non-infringing alternatives. *See* Section II.E, *supra*. It was not until Nuna received Britax's opening allegations in Ms. Kindler's report that it was able to fully consider and rebut them with appropriate evidence and analysis, as allowed under Rule 26(a)(2)(D). Britax's attempt to shift the burden of proving the *existence* of non-infringing alternatives to Nuna—when Britax shirked its own burden to prove the *Panduit* factors, including the absence of non-infringing alternatives—is contrary to the appropriate legal standard.

### c. The Standard for Introducing New Evidence on Rebuttal

Under Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure, rebuttal expert testimony is permissible "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party." The Eastern District of Pennsylvania has applied this principle to rebuttal reports and reply reports alike, which "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Am. Diabetes Ass'n v. Friskney Family Trust, LLC*, No. 13-037320, 2015 U.S. Dist. LEXIS 184214, at *5-6 (E.D. Pa. July 21, 2015) (quoting *Helios Software, LLC v. SpectorSoft Corp.*, No. 12-00081-LPS, 2014 U.S. Dist. LEXIS 135379, at *7 (D. Del. Sept. 18, 2014)). Other courts in the Third Circuit and elsewhere have applied the same principles. *See Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) ("Rebuttal evidence is properly admissible when it will 'explain, repel, counteract or disprove the evidence of the adverse

party.'" (quoting *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974)); *Glass Dimensions, Inc. v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013) ("A rebuttal expert may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert."); *Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (2011) ("[A]n expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert." (quoting *Genetically Modified Rice Litig.*, No. 4:06-MD-01811-CDP, 2010 U.S. Dist. LEXIS 116135, at *160 (E.D. Mo. Nov. 1, 2010)). That is exactly what Mr. Bowman and Mr. Schottelkotte did here; they provided evidence to directly rebut the newly disclosed opinions of Britax's experts.

The purpose of using the Boulevard 70 car seat was not to introduce a new theory of invalidity, but rather to rebut testimony from Prof. Kent. This is entirely appropriate for a rebuttal expert report. Fed. R. Civ. P. 26(a)(2)(D); *see also Am. Diabetes*, 2015 U.S. Dist. LEXIS 184214, at *5-6. Nuna's invalidity theories based on the Boulevard 70 have been consistent from the start, since its disclosure of its invalidity contentions. Mr. Bowman's reliance on a physical sample of the Boulevard 70 in his rebuttal report, the same seat depicted in the videos and the user guide that Nuna disclosed during discovery and that Mr. Bowman previously relied upon, was appropriate to rebut Prof. Kent's incorrect opinions. *Id.*

## B. Nuna's Expert Reports Should Not Be Struck

Britax has failed to show that any of the *Pennypack* factors, nor the additional factor set forth in *Billet Promotions*, warrants striking any portion of Nuna's expert report.

### a. Factor 1 - Britax Suffered No Prejudice or Surprise

The first *Pennypack* factor is "the prejudice or surprise in fact of the party against whom the" evidence is offered. *Pennypack*, 559 F.2d at 905. Britax suffered no prejudice or surprise from Nuna's reliance on non-infringing alternatives or the Boulevard 70 prior art.

***First***, Nuna properly presented non-infringing alternatives at the expert disclosure stage according to the this Court's Scheduling Order. Britax cites no case law from this district, or even from the Third Circuit, that supports its proposition that "[c]ourts routinely strike expert reports on non-infringing alternatives that were not disclosed during fact discovery." Opening Br. at 12. Instead, Britax relies exclusively on cases from other districts, which have different rules than this district. For instance, the Eastern District of Texas and the Northern District of

California both have very specific local patent rules that include a strict timeline for exchanging various contentions, including contentions on patent damages theories that would have required Britax to present its lost profits theories in great detail early in the case. In contrast, this district does not have such local patent rules.

In this district, this Court has found that pleadings and discovery responses are intended to provide notice of the parties' positions in the case but that expert reports are free to broaden the positions on which a party has provided notice. *Smithkline*, No. 2:99-cv-4304, at *1. The *Smithkline* Court further reasoned that an "expert may rely on his or her own expertise and/or investigation" so long as they do not "rely on facts that are contrary to a party's answer to interrogatories or facts stated in a deposition by a corporate officer. *Id.* at *1-2.

The facts of this case are similar to those in *Smithkline*. Nuna's discovery responses provided appropriate notice to Britax as to its intent to rely on non-infringing alternatives, appropriately placing Britax on notice as required by *Smithkline*. And, like in *Smithkline*, Nuna's expert then relied on his own investigation in the feasibility of such alternatives through discussions with Bruce Williams and Greg Sellers. Ex. 4 at ¶¶ 46-57 (Schoettelkotte Report). Such discussions and the facts discovered and relied upon did not contradict Nuna's interrogatory responses or corporate deposition testimony. Indeed, Nuna's interrogatories expressly reserved the right, and relayed an intent, to present such arguments. Ex. 6 at 18-19 (Nuna's Interrogatory Responses). During his deposition, Britax did not ask Nuna's corporate witness about specific possible alternative designs. Instead, when asked if Nuna considered alternatives during the design stage, he stated that he did not know. Ex. 13 at 130:13-18 (Gerhart Tr.). Britax never sought further clarification, nor did it ask designers Bruce Williams or Greg Sellers during their depositions. During those three depositions, Britax did not mark the patents

at issue here as exhibits and did not ask any of the three witnesses any questions about those patents. It did not ask either Mr. Williams or Mr. Sellers about the topic of non-infringing substitutes. It did, however, spend copious amounts of time on marginally relevant material—such as personal background. Britax should not now be heard to complain that it was denied discovery on this topic.

The facts of this case are unlike those cases where this Court has found it appropriate to exercise the "extreme sanction" of striking an expert report. Nuna timely served its expert reports in accordance with the procedural schedule. In contrast, in recent patent cases in which this Court has granted a motion to strike an expert report, the reports were served *after* close of expert discovery (and often shortly before trial), foreclosing the opportunity for an expert deposition. *See, e.g., Southco, Inc. v. Fivetech Tech., Inc.*, No. 10-1060, 2017 LEXIS 73288, at *27 (E.D. Pa. May 15, 2017); *Junker*, 2020 WL 1308299; *Apotex*, 2015 WL 12645745.

***Second***, Britax has known for almost a year Nuna's position that the Britax Boulevard 70 CS invalidates the asserted claims. Nuna's invalidity contentions, served on July 24, 2019, specifically identified the Boulevard 70 CS as a basis for its invalidity defense, disclosed exemplary evidence depicting the physical car seat, and included detailed claim charts identifying Nuna's invalidity theories based on the physical car seat. Ex. 7 at 22-23, Exhibits A3 & B3. Nuna's invalidity theories based on that seat have not changed. These invalidity contentions and the Initial Bowman Report should have made it abundantly clear to Britax that Nuna's expert would examine evidence relating to the features of the Boulevard 70 CS and that such evidence could include a sample of the car seat itself.

Britax notably does not contend that Nuna's invalidity theories based on the Boulevard 70 CS product, presented in the Initial Bowman Report, were untimely or improper. The Initial

Bowman Report clearly relied on the seat as the basis for the invalidity ground. For example, it referred to the Boulevard 70 CS as a prior art "child seat that was sold by Britax Child Safety, Inc." Ex. 14, ¶ 33 (Initial Bowman Report). It also asserted that the Boulevard 70 CS anticipated the asserted claims (as well as rendering them obvious either alone or in view of other references).

Anticipation must be based on a single reference disclosing each limitation of the claim under 35 U.S.C. § 102. Britax thus knew that it was the car seat itself, and not the collection of exemplary evidence depicting the seat, that formed the basis of Nuna's anticipation theory.[6] The fact that Nuna's anticipation theory from the beginning was based on the actual car seat, not merely the exemplary evidence of the car seat, should have signaled to Britax that Nuna may rely on a physical sample of that car seat. Britax does not and cannot identify any specific change to Nuna's invalidity theories based on the Boulevard 70 CS dating back to the disclosures of its invalidity contentions. The Bowman Rebuttal Report simply relied on additional evidence and expertise to support the same theories, as is proper in a rebuttal expert report. *See* Section VI.A.c, *supra*.

Having been on notice since July 24, 2019, Britax could have easily obtained its own physical sample of the Boulevard 70, especially given that it was the manufacturer and seller of the product. Britax's website still includes a page for the Boulevard 70 and even includes a link to purchase replacement parts, including the "Forward Facing Lock Offs" and "Rear Facing Lock Offs" used in Britax convertible car seats manufactured dating back to June 2010.[7] The

---

[6] Nuna also asserted obviousness based on the Boulevard 70 CS as a separate invalidity theory, in which multiple references are combined to show obviousness.

[7] *See* "Boulevard 70," Britax Child Safety, Inc., available at https://us.britax.com/retired/boulevard-70/ (indicating that the Boulevard 70 is retired and

lock-offs that Britax continues to sell today are the same types of lock-offs that Mr. Bowman examined in the Initial Bowman Report and Rebuttal Bowman Report. Britax's choice to have its expert only examine the YouTube videos and user guide depicting the Boulevard 70 CS does not limit Nuna's ability to rely on additional evidence of the same car seat.

**Third**, Britax deposed all fact witnesses that Nuna relied on to support its positions. The primary cases relied upon by Britax[8] to show prejudice share one distinguishing fact—the witnesses relied on were never presented for deposition. In *Prism Techs., LLC v. T-Mobile USA Inc.*, No. 8:12CV124, 2015 WL 5883764, at *3 (D. Neb. Oct. 8, 2015), the defendant's expert relied only on "its technical expert Proctor who interviewed T-Mobile engineers, but cannot recall which of the four engineers he spoke with provided the facts he relied upon to form his opinion on non-infringing alternatives." *Id.* at 3. Not a single witness was identified or deposed. *Id.* at 3. Similarly, in *SPEX Techs. v. Apricorn, Inc.*, No. CV 16-07349JVS(AGRx), 2020 WL 1289546, at *3 (C.D. Cal. Jan. 21, 2020), the expert presented evidence of non-infringing alternatives, relying on personnel who were never deposed.

Britax alleges that Nuna provided no fact witnesses to support its non-infringing alternative theories. Opening Br. at 12. In fact, however, Britax deposed both witnesses on which Nuna's expert relies for his opinion regarding non-infringing alternatives. The facts of Britax's cited cases are therefore easily distinguishable. Nuna's damages expert relies on discussions with Greg Sellers and Bruce Williams, both of whom Britax deposed. Britax deposed Mr. Williams

---

providing a link to purchase replacement parts); "Parts," Britax Child Safety, Inc., available at https://us.britax.com/parts/ (selling replacement parts); "Forward Facing Lock Offs," Britax Child Safety, Inc., available at https://us.britax.com/parts/forward-facing-lock-offs-s851100/ (selling forward facing lock-offs compatible with the Boulevard 70 CS); "Rear Facing Lock-Off," Britax Child Safety, Inc., available at https://us.britax.com/parts/rear-facing-lock-off-s851000/ (selling rear facing lock-offs compatible with the Boulevard 70 CS).

[8] Britax's cases are not from this district or the Third Circuit.

on February 13, 2020, and Mr. Sellers on February 14, 2020, but asked no questions of either witness about alternative designs or non-infringing alternatives. At the time of these depositions, contrary to its allegations in the opening brief, Britax was appropriately on notice of Nuna's intent to present non-infringing alternatives in its expert report. *See* Section II.A, *supra*. Britax chose not to investigate these issues during fact discovery despite Nuna's interrogatory response notifying Britax of its intent to present such theories. Britax cannot now claim it has suffered prejudice or surprise. *Reenwood Land Co. v. Omnicare*, No. 2:09cv686, 2013 U.S. Dist. LEXIS 45039, at *12 (W.D. Pa. Mar. 29, 2013) (holding that defendants had already deposed the relevant witness so any "resulting prejudice" from the late disclosure was curable, and "the draconian sanction of exclusion is not warranted").

       **Fourth**, by email dated May 20, 2020, Britax expressed its intent to forego depositions of Nuna's expert witnesses, further proving it has suffered no prejudice. Ex. 15 (May 20, 2020 Email). Had Britax felt it suffered any prejudice, surely it would have reserved the right to depose Nuna's experts. Britax's choice to forego expert depositions strongly suggests that it has suffered no prejudice. *See, e.g., Lannett Co. v. KV Pharm.*, No. 08-338-JJF, 2009 LEXIS 134178, at *6-7 (D. Del. Mar. 9, 2009) (finding no prejudice when moving party had opportunity to depose the expert).

### b. Factor 2 - Any Prejudice to Britax Would Be Easily Cured Had It Chosen to Conduct Depositions of Nuna's Experts

       The second *Pennypack* factor considers "the ability of that party to cure the prejudice. Even if Britax suffered prejudice, that prejudice would have been easily curable through depositions both of fact and corporate witnesses prior to Nuna's expert reports and through expert depositions following Nuna's expert reports. Britax, however, forewent the relevant

depositions and failed to ask appropriate questions during the depositions it did conduct.[9]

This Court has denied motions to strike when any perceived prejudice is curable with depositions. *See, e.g., Dominion Resources*, Case No. 2:15-cv-00224 (E.D. Pa. Feb. 23, 2016) (ordering defendants to produce expert for deposition to cure any prejudice caused by service of a supplemental expert invalidity report); *compare with Junker*, 2020 WL 1308299, at *6 (striking a report when served eleven minutes following close of expert discovery with no time to cure the prejudice with deposition). While ordering depositions in this case could certainly cure any prejudice to Britax, Britax has all but acknowledged that such depositions are unnecessary by choosing not to ask relevant questions at the depositions it did take and forgoing depositions of Nuna's experts entirely. *See, e.g., Lannett*, 2009 LEXIS 134178, at *6-7.

Further, even though Britax is the manufacturer of the product relied on in Nuna's invalidity contentions—and is thus intimately familiar with its features and has ample access to samples of the Boulevard 70—Nuna has made the physical product its expert relied on available for inspection. Britax, however, has yet to accept Nuna's offer—further showing that its alleged prejudice is illusory. The expert discovery period extends into August. At any time before the close of expert discovery, Britax can inspect Nuna's Boulevard 70 sample to confirm that it is the same as other Boulevard 70 samples to which Britax has access. This inspection would cure any purported prejudice that Britax claims to have suffered.

### c. Factor 3 - Nuna's Expert Reports Will Not Disrupt Trial

The third *Pennypack* factor is whether inclusion of the material would disrupt the order and efficiency of trial. Nuna's expert reports, including the portions addressed by Britax, will not

---

[9] Nuna does not concede that additional depositions would be appropriate, particularly because Britax has already deposed the relevant fact witnesses but chose not to ask questions related to non-infringing alternatives.

disrupt trial or the trial schedule. The parties have already stipulated to an extended period for expert discovery, which, as discussed *supra*, Britax could use to cure any perceived deficiency without disrupting the remainder of the case schedule. *See* Dkts. 96, 97. As Britax recognizes, dispositive motions are due August 31, 2020, and no trial date has yet been set. Three months is more than enough time to conduct the inspection and prepare the response Britax claims is necessary. *See, e.g.*, *Glaxosmithkline LLC v. Glenmark Pharms.*, No. 1-14-cv-00877, 2017 U.S. Dist. LEXIS 21049, at *8-9 (D. Del. Feb. 6, 2017) (declining to strike new theories when four months remained before the scheduled trial, and there was time to cure any prejudice).

Moreover, permitting reliance on a physical Boulevard 70 car seat for trial will promote efficiency, not hinder it. As noted above, Britax has not contested Nuna's ability to rely on the Boulevard 70 CS product to show invalidity. The best way to demonstrate the features of that product to the jury is with the product itself. While the videos and user manuals that the Initial Bowman Report relies on are sufficient to show invalidity based on the Boulevard 70 CS, the actual product will make it easier for the Court and the jury to understand Nuna's invalidity theories. And Britax has ample time to investigate and inspect the Boulevard 70 before trial, particularly since it is Britax's own product. Indeed, Nuna questioned Britax's witnesses about the Boulevard 70 product during fact discovery, and those witnesses were already familiar with its features. *See, e.g.*, Ex. 16 , 39:8-48:25 (Strong Tr.); Ex. 17, 53:17-60:5 (Reed Tr.). It is also worth noting that Curtis Strong and Scott Alan Reed, two of the named inventors on the asserted patents, also worked on developing the Boulevard 70. *See, e.g.*, Ex. 16, 26:18-28:18, 47:21-24 (Strong Tr.); Ex. 17, 53:17-22 (Reed Tr.).

### d. Factor 4 - Nuna Acted in Good Faith

The fourth *Pennypack* factor asks whether the party acted in good faith in identifying its theories. Britax's only allegations of purported bad faith by Nuna are based on the timeliness of

the production. Given that the timing was appropriate and Britax has suffered no prejudice, the facts of this case cannot support a finding of bad faith.

Britax's allegation that Nuna was required to supplement its interrogatory response regarding non-infringing alternatives is also baseless. Nuna was under no obligation to do so. Britax similarly relied on nearly identical language in its interrogatory responses related to lost profits and likewise failed to substantively supplement its response. Ex. 1 at 16 (Britax's First Interrogatory Responses); Ex. 8 at 26 (Britax's Supplemental Responses). If Britax truly felt Nuna was under an obligation to supplement its interrogatories to include the entirety of its expert's analysis, it would have supplemented its own responses to Interrogatory Nos. 12 and 13 related to lost-profit damages. This is especially true considering that Nuna bears the burden to prove lost profits, including the burden to show the absence of non-infringing alternatives. It is beyond hypocritical to argue that Nuna should have amended its interrogatory responses to lay out its entire rebuttal to Britax's lost-profits theory when Britax itself never laid out the facts and arguments supporting that theory—which it has the burden to prove.

Regarding the Boulevard 70, Nuna obtained the physical sample of the car seat on May 6, 2020. Ex. 18, ¶ 9 (Declaration of R. Maxwell Mauldin). Nuna was under no obligation to inform Britax that it would rely on a physical sample during fact discovery before obtaining a physical sample when it was not clear whether it could do so. The Boulevard 70 CS car seat is no longer in production, and the physical sample obtained was difficult to find. *Id.* at ¶¶ 1-9. Nuna made Britax aware of the physical sample on May 18, 2020, and offered Britax the opportunity to inspect the sample. Britax has not yet attempted to arrange inspection of the sample.

### e. Additional Factor - The Material at Issue Is Probative of an Appropriate Damages Measure And The Patents' Validity

In addition to these four factors, this district has applied "an important final

consideration" of "[t]he importance of the excluded testimony." *Billet Promotions*, 1998 WL 721081, at \*8; *Junker*, 2020 WL 1308299. Britax ignores this "important" factor.

In *Billet Promotions*, the Court relied on this final factor in declining to strike the plaintiff's expert testimony when "it was clearly essential to the case" and "without the proposed evidence, the Plaintiff would have suffered significant problem advancing this evidence to the jury." *Id.* Similarly here, the testimony Britax seeks to exclude is central to the determination of an appropriate lost profits award and the objective validity of the patent. In the absence of these portions of the expert reports, Nuna will be severely hindered in advancing these facts to the jury. To exclude such evidence could result in an unfair damages value being determined or in upholding validity of a patent that is truly invalid over the prior art.

Thus, all of the factors considered by this Court in determining whether to strike expert reports weigh against Britax. Nuna's expert report should not be stricken.

## VII.    CONCLUSION

Nuna respectfully requests the Court deny Britax's motion to strike.


Dated: June 19, 2020                    Respectfully submitted,


By: /s/ *Trenton Ward*
Gary C. Ma
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
3300 Hillview Ave
Palo Alto, CA 94304
(650) 849-6600
gary.ma@finnegan.com

Trenton Ward
R. Maxwell Mauldin

Kara A. Specht
Shawn S. Chang
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
Phone: (404) 653-6400
trenton.ward@finnegan.com
r.maxwell.mauldin@finnegan.com
kara.specht@finnegan.com
shawn.chang@finnegan.com

Roger D. Taylor
LAW OFFICE OF ROGER TAYLOR, LLC
531 Roselane St., NW, Suite 200
Marietta, GA 30060
Phone: (770) 331-8733
roger@taylorfirm.law

Samuel E. Cohen, Esquire
Graig M. Schultz
GROSS MCGINLEY, LLP
33 S. 7th Street; PO Box 4060
Allentown, PA 18101
(610) 820-5450
scohen@grossmcginley.com
gschultz@grossmcginley.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, a copy of the foregoing DEFENDANTS'

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT WITNESS DISCLOSURES

was filed electronically using the CM/ECF system of the United States District Court of the

Eastern District of Pennsylvania, which will provide an electronic notice to all counsel of record.


/s/ *Trenton Ward*
Trenton Ward