# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITAX CHILD SAFETY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NUNA INTERNATIONAL B.V. and )<br>NUNA BABY ESSENTIALS, INC., )<br>)<br>Defendants. ) | Civil Action No. 5-17-cv-02724 |

## BRITAX CHILD SAFETY, INC.'S FIRST SET OF INTERROGATORIES TO NUNA INTERNATIONAL B.V.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Britax Child Safety Inc. ("Britax" or "Plaintiff") requests that Defendant Nuna International B.V. ("Nuna International" or "Defendant") answer each interrogatory set forth below, in writing and under oath, within thirty (30) days of service.

## DEFINITIONS

The following definitions are applicable to and incorporated by reference in such Interrogatory:

1. "Britax" and "Plaintiff" means Britax Child Safety, Inc.

2. "Nuna International," "You," or "Your" means Defendant Nuna International B.V. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company except Nuna Baby Essentials, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of Nuna International, and any other person acting on or purporting to act on its behalf, including outside counsel.

3. "Nuna Baby Essentials," means Defendant Nuna Baby Essentials, Inc. and any present or former parent, subsidiary, department, division, subdivision, branch, affiliate, predecessor, successor-in-interest, or other related company except Nuna International, and includes any present or former officer, director, agent, employee, consultant, counsel, or representative of Nuna Baby Essentials, and any other person acting on or purporting to act on its behalf, including outside counsel.

4. "Nuna" or "Defendants" means Nuna Baby Essentials and Nuna International.

5. The "'504 Patent" means U.S. Patent No. 9,586,504.

6. The "'074 Patent" means U.S. Patent No. 9,499,074.

7. "Asserted Patents" means the '504 and '074 Patents.

8. "Accused Product" means any child car seat made, offered for sale, sold, or imported into the United States by Nuna that incorporates the Simply$^{TM}$ Secure Installation mechanism or a reasonably similar installation mechanism, including the Nuna RAVA child car seat.

9. "Britax ClickTight Products" means any Britax car seat that includes Britax's ClickTight technology and installation system, for example, including but not limited to, Britax's Boulevard ClickTight Convertible Car Seat, Britax's Advocate ClickTight Convertible Car Seat, and Britax's Marathon ClickTight Convertible Car Seat.

10. "Document" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

11. "Communication" means any transmission of information, whether oral or in writing or electronically, including drafts.

12. "Thing" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

13. "Person" or "Entity" and their plural forms include, without limitation, natural persons, partnerships, corporations, associations, and any other legal entities and units thereof.

14. "The phrases "relate(s) to," "relating to," "refer(s) to," "referring to," "regard(s)," "regarding," "concern(s)," or "concerning" mean embodying, identifying, confirming, containing, showing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

15. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

16. "All" and "each" should be construed as "and," "each," and "and/or."

17. "Any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## INSTRUCTIONS

1. When identifying a natural person, provide the full name, present or last known address, telephone number, employer, and title.

2. When identifying a Document, provide the Bates number if already produced or state its title, author, date, current location, and custodian.

3. When identifying a Thing, provide the Bates number if already produced or describe the Thing and state its current location and custodian.

4. When identifying a product, provide the internal name, external name, part number, part name, marketing name, trademark, code name, and any other unique identifiers.

5. When answering an interrogatory with reference to documents, please give the specific Bates-range and/or page of the document(s) and the interrogatory to which it is responsive.

6. If You are withholding any information on any ground from Your answer to any interrogatory please state You are withholding information, the interrogatory or portion thereof to which it pertains, and the reason for withholding the information. This instruction does not replace Your obligation regarding a privilege log.

7. If You object to part of an interrogatory, state Your objection, state whether You are withholding or did not search for or collect information regarding that material to which You object, and answer the remainder of the interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each product that uses and/or supports the Simply™ Secure Installation mechanism or a reasonably similar installation mechanism that You have made, used, offered for sale in the United States, sold in the United States, and/or imported into the United States, and each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 2:**

For each product identified in response to Interrogatory No. 1, provide the total annual revenue and number of units sold for each product from the initial release of any Accused Product to the present, and identify each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify all license agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product development agreements, joint venture, or co-development agreements that you entered into (as licensor or licensee) concerning installation mechanisms, the Simply™ Secure Installation mechanism or a reasonably similar installation mechanism, or patents involving installation mechanisms, and identify each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify all customer surveys and customer feedback, including commissioned surveys relating to any Accused Product, and identify each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 5:**

State the amount of research and development expenses incurred by You, and the dates on or periods during which such expenses were incurred, to implement, and/or test the functionalities in the Accused Products, and identify each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify the product line revenues (both gross and net), sales, costs (itemized in sufficient detail to include direct labor costs, direct material costs, manufacturing overhead costs, other costs of goods sold, licensing costs, and other operating costs), and profits (both gross and operating) from Your sale and/or licensing of the Accused Products, from first sale through the present. Provide this information on an annual, quarterly, and monthly basis, and identify each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 7:**

Provide a chart stating whether or not Defendants admit that each claim element or limitation of the Asserted Claims is present in the Accused Products and, if Defendants contend that an element or limitation is absent from an Accused Product, a detailed basis for that contention.

**INTERROGATORY NO. 8:**

Identify each piece of evidence that you may use to prove motivation to combine for each obviousness combinations in Your invalidity contentions on a combination-by-combination basis including the applicable Bates number for each piece of evidence.

**INTERROGATORY NO. 9:**

Identify all installation mechanisms in each Accused Product by the designation (i.e., name and model number, if any) of each installation mechanism and the manufacturer of each installation mechanism, and identify each person, other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 10:**

State how and when Defendant first became aware of any Asserted Patent, identify the person(s) who first became aware of any Asserted Patent, identify the person(s) from whom You received this information, describe in detail any action taken as a result of becoming aware of the any Asserted Patent, and identify all persons with knowledge of and all documents concerning such awareness or actions.

**INTERROGATORY NO. 11:**

Identify each person having an ownership interest or stake in Nuna International.

**INTERROGATORY NO. 12:**

Identify and describe the relationship, including any relationship concerning research, design, product development, product approval or adoption, manufacture or production, marketing activity or sales concerning the Accused Products, between Nuna International and every other entity, including but not limited to Nuna Baby Essentials, Inc., Nuna Berg B.V., Wonderland International AG, Wonderland Nurserygoods Co., LTD., Wonderland Nurserygoods Company Limited, and/or China Wonderland Nurserygoods, LTD.

**INTERROGATORY NO. 13:**

Identify each retail outlet, other outlet, distributor, website, or other channel of trade through which the Accused Products have been sold or offered for sale, identify each person,

other than counsel, who has knowledge of or documents relating to the response to this Interrogatory.

**INTERROGATORY NO. 14:**

Describe in detail all activities and circumstances known to you relating to the availability of any non-infringing alternative to any claim of any of the Asserted Patents. In so doing, please identify each element of each claim of the Asserted Patents that you contend is missing from each such non-infringing alternative and the date you became aware of the non-infringing alternative.

**INTERROGATORY NO. 15:**

Identify each person, other than counsel, who was consulted or who provided information in connection with the response to each Interrogatory.

Dated: April 24, 2019

Respectfully submitted,

*/s/ N. Dean Powell, Jr.*

KILPATRICK TOWNSEND & STOCKTON LLP

Chris W. Haaf (PA Bar No. 307481)
N. Dean Powell, Jr.
Jonathan E. Harris
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
chaaf@kilpatricktownsend.com
dpowell@kilpatricktownsend.com
jeharris@kilpatricktownsend.com

Steven D. Moore
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200

Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com


MYERS, BRIER & KELLY, LLP

Daniel T. Brier (PA ID 53248)
Suzanne P. Conaboy (PA ID 314036)
425 Spruce Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100
dbrier@mbklaw.com
sscanlon@mbklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that April 24, 2019, **BRITAX CHILD SAFETY, INC.'S FIRST SET OF INTERROGATORIES TO NUNA INTERNATIONAL B.V.** was served via e-mail and first class mail to all opposing counsel of record.

Samuel E. Cohen
Gross McGinley, LLP
33 S. 7th Street, P.O. Box 4060
Allentown, PA 18101
scohen@grossmcginley.com

Roger D. Taylor
Law Office of Roger Taylor, LLC
552 Woodvalley Drive, SW
Marietta, GA 30064
roger@taylorfirm.law

Gary C. Ma
Finnegan Henderson Farabow Garrett & Dunner LLP
271 17th Street, N.W., Suite 1400
Atlanta, GA 30363-6209
Gary.ma@finnegan.com

                                                */s/ N. Dean Powell, Jr.*
                                                N. Dean Powell, Jr.