# EXHIBIT 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRITAX CHILD SAFETY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action NO. 5:17-cv-02724-JFL |
| v. | ) | |
| | ) | |
| NUNA INTERNATIONAL B.V. and | ) | |
| NUNA BABY ESSENTIALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' INVALIDITY CONTENTIONS

On July 1, 2019, Britax Child Safety Inc. ("Plaintiff" or "Britax") served upon

Defendants Nuna International B.V. and Nuna Baby Essentials, Inc., (collectively, "Nuna" or

"Defendants"), its Disclosure of Infringement Contentions ("Infringement Contentions"). In its

Contentions, Britax asserted U.S. Patent Nos. 9,586,504 ("the '504 patent") and 9,499,074 ("the

'074 patent") (collectively, "the Asserted Patents") against Defendants as set forth below.

| Patent | Asserted Claims |
|---|---|
| '504 patent | Claims 1-15 |
| '074 patent | Claims 1-3, 5-7, and 16 |

Defendants hereby serve their Invalidity Contentions for the Asserted Claims of

the Asserted Patents and related prior art references and prior use, sale, and/or other

availability.

Defendants' Invalidity Contentions are based on reasonably available information.

Defendants expressly reserve the right to further amend or supplement these Invalidity

Contentions after further investigation, discovery, evaluation of the scope and content of the

prior art, admissions, the Court's claim construction, any later clarification or alteration of the

1

meaning of the claim terms, or any other reasonable basis, as permitted by the Local Rules of the Eastern District of Pennsylvania and the Federal Rules of Civil Procedure. Further, nothing in these Invalidity Contentions may be treated as an admission that any accused product meets any limitation of the Asserted Claims.

With respect to the Asserted Claims, and based on the case to date, Defendants hereby: (1) identify each currently known item of prior art that either anticipates or renders obvious the Asserted Claims; (2) specify whether each such item of prior art (or combination of the same) anticipates or renders obvious the Asserted Claims; (3) submit charts identifying where specifically in each item of prior art each element of the Asserted Claims is found; and (4) identify the grounds of how the Asserted Claims are invalid based on 35 U.S.C. § 112.

Defendants' Invalidity Contentions are based on their current understanding of the Asserted Claims and/or the apparent claim constructions Defendants believe Britax to be asserting based on Britax's Infringement Contentions without conceding to such claim constructions. Defendants reserve the right to amend or revise these contentions based on the Court's claim construction ruling, or any other later clarification or alteration of the meaning of claim terms. To the extent that Defendants' Invalidity Contentions reflect constructions of claim limitations consistent with, similar to, or implicit in Britax's Infringement Contentions, no inference is intended nor should any be drawn that Defendants agree with Britax's claim constructions. Defendants expressly reserve the right to submit their own claim constructions and contest Britax's constructions of the Asserted Claims at the appropriate time.

Defendants' Invalidity Contentions may be in the alternative to any position they may ultimately take as to any claim construction issues. Defendants' contentions for particular references are not necessarily intended to be consistent with their contentions for other

2

references and should not be otherwise construed. To the extent Defendants determine that a different meaning is appropriate for any claim term, they will assert that according to the Court's procedures and at the appropriate time. Prior art not included in Defendants' Invalidity Contentions may become relevant depending on the positions Britax asserts, and additional prior art may be uncovered during the course of discovery. Accordingly, Defendants reserve the right to amend the Invalidity Contentions by adding or withdrawing prior art to or from these Contentions and/or modifying the charts herein in light of any revised or supplemented infringement contentions by Britax, any positions taken by Britax in related litigation, reexamination, or other proceedings in the future, or as otherwise appropriate.

The obviousness combinations of references provided below under 35 U.S.C. § 103 are merely exemplary and are not intended to be exhaustive. Additional combinations of the references are possible, and Defendants reserve the right to use any such combinations. In particular, Defendants are currently unaware of the extent to which, if at all, Britax will contend that limitations of the Asserted Claims are not disclosed in the art identified by Defendants as anticipatory, limitations not disclosed in the specification of each Asserted Patent and related applications would have been known to persons of ordinary skill in the art at the appropriate time, or any of the identified references does not qualify as prior art under Section 102. To the extent that such an issue arises, Defendants reserve the right to supplement or identify other references that would supplement the relevant disclosures.

Defendants do not concede that Britax's Infringement Contentions meet the specificity required in this proceeding, and Defendants provide these Invalidity Contentions without waiving any right to receive from Britax's full and complete specific infringement contentions. Moreover, nothing herein is an admission in any way that any Accused Product infringes any of

the Asserted Claims.

Additionally, based on the case to date, Defendants are also concurrently producing documents currently in their possession, custody, or control required to accompany these Invalidity Contentions.

## I.   Incorporation by Reference of Related Invalidity Contentions and Disclosures

Defendants hereby produce with these Invalidity Contentions, and explicitly incorporates by reference as if fully set forth herein, and intends to rely on, each of the contentions, prior art references, and other statements made or disclosed in the following requests for *inter partes* review and any other proceeding involving the Asserted Patents:

| Patent | Inter Partes Review Case No. | Claims | Filing Date |
|--------|------------------------------|--------|-------------|
| '504 patent | IPR2018-01683 | 13-15 | Sep. 10, 2018 |
| '074 patent | IPR2019-00066 | 1-9, 11-14, and 16-17 | Oct. 12, 2018 |

Defendants incorporate by reference all contentions, charts, prior art references, and other statements relating to any ground of invalidity identified by any potential or actual licensee to the Asserted Patents and by any party in any other past, present, and future litigation involving the Asserted Patents and patents related to the Asserted Patents. Defendants incorporate by reference all grounds of invalidity identified in any present or future *ex parte* reexamination, *inter partes* review, covered business method patent review, post-grant review other post-issuance review by the United States Patent and Trademark Office ("USPTO") of the Asserted Patents, or review by any other judicial or administrative proceeding. Defendants also incorporate by reference the production of documents associated with any grounds for invalidity for the Asserted Patents identified in this paragraph. Further, Defendants incorporate any grounds of invalidity known to Britax or any affiliated party whether or not disclosed.

## II.    Ongoing Investigation

Defendants' discovery and investigation in connection with this lawsuit is continuing; and thus, these Invalidity Contentions are based on information obtained to date. Among other things, discovery is still underway, witnesses remain to be deposed, and the Court has not yet construed the terms of the Asserted Claims. Accordingly, Defendants' Invalidity Contentions are subject to modification, amendment, or supplementation in accordance with the Local Rules of the Eastern District of Pennsylvania and the Federal Rules of Civil Procedure, and/or any other applicable authority as this action progresses and additional information is obtained.

## III.    Identification of Prior Art and Challenges

Subject to their Reservation of Rights set forth above, Defendants state that the Asserted Claims are invalid under one or more of 35 U.S.C. §§ 102, 103 and 112 for at least the reasons identified below and identified in Exhibits A1-A4 and B1-B4. Defendants state that their Invalidity Contentions under 35 U.S.C. §§ 102 and 103 are made in the alternative to their contentions that the Asserted Claims should be invalidated under 35 U.S.C. § 112 (for indefiniteness and/or lack of enablement and/or written description), and without the benefit of claim construction. Defendants reserve all rights to amend these Invalidity Contentions for the claim construction entered by the Court.

Defendants contend that the prior art disclosed below generally relates to child seats and is relevant at least as background of the art to each of the Asserted Patents, irrespective of the sub-section in which they are expressly cited. Defendants expressly reserve the right to use and rely on any of the prior art cited herein to establish invalidity of the asserted patents or to otherwise support Defendants' contentions as to what was known in the state of the art during the pertinent time frame for each of the

Asserted Patents.

In addition to the references specifically identified in Exhibits A1-A4 and B1-B4, Defendants also reserve the right to rely on any of the patents or publications deriving from applications in the respective claimed priority chains of the Asserted Patents, the references cited on the face of the Asserted Patents and related patents, the admitted prior art references in the specifications of the Asserted Patents and related patents, the prosecution history of the Asserted Patents and related patents, the references cited in any USPTO (including Patent Trial and Appeal Board ("PTAB")) proceedings related to the Asserted Patents or related patents, any references known to Britax or any affiliated party and the references cited in any invalidity contentions that have been or will be submitted in any action or proceedings involving the Asserted Patents or related patents. Defendants may also rely on expert testimony and any additional prior art located or developed during the course of discovery. Furthermore, Defendants may rely on any of the prior art references in these Invalidity Contentions to demonstrate a motivation to combine. Defendants may also rely on expert testimony to demonstrate a motivation to combine.

Defendants may also rely on (i) foreign counterparts of U.S. patents identified in these invalidity contentions; (ii) U.S. counterparts of foreign patents and foreign patent applications identified in these invalidity contentions; and (iii) U.S. and foreign patents and patent applications corresponding to articles and publications identified in these Invalidity Contentions. Moreover, Defendants reserve the right to rely on uncited portions of the identified prior art, rely on other references (irrespective of whether such references themselves qualify as prior art) to show the state of the art, and/or to

rely on expert testimony to provide context to, or aid in, understanding the cited portions of the identified prior art.

## A.      Anticipation and Obviousness

Defendants identify each item of prior art that renders unpatentable the Asserted Claims in Tables 1, 2, and 3 below. Table 1 provides the identity of each prior art patent and patent application, including the number, country of origin, and date of issuance and/or publication. Table 2 provides the identity of each prior art publication, including the title and date of publication. Table 3 provides the identity of each system sold including the name of the system, the date of public use, sale, offer to sale, or public disclosure, and where feasible, the entity. The patents and printed publications constitute prior art under one or more of AIA 35 U.S.C. §§ sections 102(a)(1) or 102(a)(2).

Discovery is ongoing, and Defendants' prior art investigation and third-party discovery is therefore not yet complete. Defendants reserve the right to present additional items of prior art under 35 U.S.C. § 102 and/or § 103 that are located during the course of discovery or further investigation. For example, Defendants expect to receive documents from third parties either through informal requests or under subpoenas that are believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed in Tables 1, 2, and 3 and/or additional prior art. These third parties include without limitation the authors, inventors, or assignees of the references listed in these disclosures.

In addition, Defendants reserve the right to assert invalidity under other sections of 35 U.S.C. § 102 to the extent that discovery or further investigation yield information forming the basis for such invalidity.

**Table 1: Prior Art Patents and Patent Applications[1]**

| Patent, Patent Publication, or Application Number | Issue or Publication Date | Country of Origin |
|---|---|---|
| US 5,186,063 | Feb. 16, 1993 | United States |
| US 5,228,746 | July 20, 1993 | United States |
| US 5,286,086 | Feb. 15, 1994 | United States |
| US 5,611,596 | Mar. 18, 1997 | United States |
| US 5,671,971 | Sept. 30, 1997 | United States |
| US 5,791,359 | Aug. 11, 1998 | United States |
| US 5,810,435 | Sept. 22, 1998 | United States |
| US 5,839,789 | Nov. 24, 1998 | United States |
| US 5,902,015 | May 11, 1999 | United States |
| US 5,979,982 | Nov. 9, 1999 | United States |
| US 6,024,408 | Feb. 15, 2000 | United States |
| US 6,053,532 | Apr. 25, 2000 | United States |
| US 6,092,869 | July 25, 2000 | United States |
| US 6,139,099 | Oct. 31, 2000 | United States |
| US 6,152,528 | Nov. 28, 2000 | United States |
| US 6,170,911 | Jan. 9, 2001 | United States |
| US 6,508,510 | Jan. 21, 2003 | United States |
| US 6,539,590 | Apr. 1, 2003 | United States |
| US 6,672,664 | Jan. 6, 2004 | United States |
| US 6,779,842 | Aug. 24, 2004 | United States |
| US 6,902,194 | June 7, 2005 | United States |

[1] Defendants contend that the "Priority Date" listed in Table 1 corresponds to the latest priority date of the document or item, based on the date listed on or associated with the document or item. Discovery has not concluded in this Investigation. Accordingly, Defendants reserve the right to assert a different Priority Date for each item listed.

| Patent, Patent Publication, or Application Number | Issue or Publication Date | Country of Origin |
|---|---|---|
| US 7,029,068 | Apr. 18, 2006 | United States |
| US 7,059,676 | June 13, 2006 | United States |
| US 7,163,265 | Jan. 16, 2007 | United States |
| US 7,195,315 | Mar. 27, 2007 | United States |
| US 7,258,189 | Aug. 21, 2007 | United States |
| US 7,261,376 | Aug. 28, 2007 | United States |
| US 7,300,113 | Nov. 27, 2010 | United States |
| US 7,753,445 | July 13, 2010 | United States |
| US 7,866,703 | Jan. 11, 2011 | United States |
| US 8,262,161 | Sept. 11, 2012 | United States |
| US 8,550,555 | Oct. 8, 2013 | United States |
| US 8,573,695 | Nov. 5, 2013 | United States |
| US 8,690,244 | Apr. 8, 2014 | United States |
| US 8,845,022 | Sept. 30, 2014 | United States |
| US 9,187,016 | Nov. 17, 2015 | United States |
| US 2001/0004163 | June 21, 2001 | United States |
| US 2002/0043838 | Apr. 18, 2002 | United States |
| US 2003/0127894 | July 10, 2003 | United States |
| US-2004/0070246 | Apr. 15, 2004 | United States |
| US 2004/0232747 | Nov. 25, 2004 | United States |
| US 2005/0146183 | July 7, 2005 | United States |
| US 2005/0184567 | Aug. 25, 2005 | United States |
| US 2006/0006714 | Jan. 12, 2006 | United States |
| US 2006/0091709 | May 4, 2006 | United States |
| US 2011/0272983 | Nov. 10, 2011 | United States |

| Patent, Patent Publication, or Application Number | Issue or Publication Date | Country of Origin |
|---|---|---|
| US 2012/0007397 | Jan. 12, 2012 | United States |
| US 2012/0007398 | Jan. 12, 2012 | United States |
| US 2013/0119732 | May 16, 2013 | United States |
| US 2015/0115676 | Apr. 30, 2015 | United States |
| AU 1 821 800 | June 13, 2000 | Australia |
| AU 2 657 097 | Nov. 12, 1997 | Australia |
| AU 2 982 301 | Nov. 15, 2001 | Australia |
| AU 3 787 697 | Mar. 6, 1998 | Australia |
| AU 2001-29823 | Nov. 15, 2001 | Australia |
| AU 2003-296874 | June 3, 2004 | Australia |
| CA 2,049,739 | Feb. 25, 1992 | Canada |
| CA 2,084,321 | June 6, 1993 | Canada |
| CA 2,247,597 | Mar. 15, 2000 | Canada |
| CA 2,526,156 | Jan. 6, 2005 | Canada |
| CN 1100692 | Mar. 29, 1995 | China |
| CN 2209069 | Oct. 4, 1995 | China |
| CN 2247113 | Feb. 12, 1997 | China |
| DE 295 13 774 | Jan. 4, 1996 | Germany |
| DE 297 15 020 | Nov. 13, 1997 | Germany |
| DE 197 22 096 | Dec. 3, 1998 | Germany |
| EP 0 200 411 | Dec. 10, 1986 | Europe |
| EP 0 323 334 | July 5, 1989 | Europe |
| EP 0 732 235 | Sept. 18, 1996 | Europe |
| EP 0 816 161 | Jan. 7, 1998 | Europe |
| EP 0 822 115 | Feb. 4, 1998 | Europe |
| EP 0 853 018 | July 15, 1998 | Europe |

| Patent, Patent Publication, or Application Number | Issue or Publication Date | Country of Origin |
|---|---|---|
| EP 0 931 693 | July 28, 1999 | Europe |
| EP 1 077 152 | Feb. 21, 2001 | Europe |
| EP 1 110 806 | June 27, 2001 | Europe |
| EP 1 232 902 | Aug. 21, 2002 | Europe |
| EP 1 199 213 | Apr. 24, 2002 | Europe |
| EP 1 344 678 | Sept. 17, 2003 | Europe |
| EP 1 369 296 | Dec. 10, 2003 | Europe |
| EP 1 403 131 | Mar. 31, 2004 | Europe |
| EP 1 418 085 | May 12, 2004 | Europe |
| EP 1 623 868 | Feb. 8, 2006 | Europe |
| EP 1 623 892 | Feb. 6, 2008 | Europe |
| EP 1 997 671 | Dec. 3, 2008 | Europe |
| EP 1 407 922 | Mar. 4, 2009 | Europe |
| EP 1 110 806 | Apr. 1, 2009 | Europe |
| EP 2 080 664 | July 22, 2009 | Europe |
| EP 1 612 091 | Dec. 9, 2009 | Europe |
| EP 2 322 379 | May 18, 2011 | Europe |
| FR 2 735 001 | Dec. 13, 1996 | France |
| JP 2001-180348 | July 3, 2001 | Japan |
| JP 2002-316565 | Oct. 29, 2002 | Japan |
| RU 2334631 | Sept. 27, 2008 | Russia |
| WO 1997/39913 | Oct. 30, 1997 | WIPO (Europe) |
| WO 1998/06289 | Feb. 19, 1998 | WIPO (Europe) |
| WO 2000/09367 | Feb. 24, 2000 | WIPO (Europe) |
| WO 2000/21803 | Apr. 20, 2000 | WIPO (Europe) |

| Patent, Patent Publication, or Application Number | Issue or Publication Date | Country of Origin |
|---|---|---|
| WO 2000/30886 | June 2, 2000 | WIPO |
| WO 2004/033251 | Apr. 22, 2004 | WIPO (China) |
| WO 2005/000625 | Jan. 6, 2005 | WIPO (Canada) |
| US 7,901,003 | Mar. 8, 2011 | United States |
| US 4,913,490 | Apr. 3, 1990 | United States |
| H05-185869 | July 27, 1993 | Japan |
| US 6,592,183 | July 15, 2003 | United States |
| US 5,630,645 | May 20, 1997 | United States |
| US 2013/0088057 | Apr. 11, 2013 | United States |
| CN 102189947 | Sept. 21, 2011 | China |
| EP 2 090 458 | Aug. 19, 2009 | Europe |
| US 5,957,531 | Sept. 28, 1999 | United States |
| EP 0 813 992 | Dec. 29, 1997 | Europe |
| FR 2 745 535 | May 9, 1997 | France |
| US 4,436,341 | Mar. 13, 1984 | United States |
| US 5,567,007 | Oct. 22, 1996 | United States |
| US 5,915,787 | June 29, 1999 | United States |
| US 6,220,662 | Apr. 24, 2001 | United States |
| US 6,447,060 | Sept. 10, 2002 | United States |
| US 7,216,932 | May 15, 2007 | United States |
| US 7,658,446 | Feb. 9, 2010 | United States |
| US 7,926,874 | Apr. 19, 2011 | United States |
| US 7,988,230 | Aug. 2, 2011 | United States |
| US 8,322,788 | Dec. 4, 2012 | United States |
| US 8,973,992 | Mar. 10, 2015 | United States |

| Patent, Patent Publication, or Application Number | Issue or Publication Date | Country of Origin |
|---|---|---|
| US 13/602,846 | | USPTO |

**Table 2: Prior Art Publications[2]**

| Title | Date of Publication |
|---|---|
| Boulevard 70 CS User Guide | 2011 |
| Examination Report Office Action of corresponding Korean Patent Application No. 10-2014-0144267 of corresponding Australian Patent Application No. 2014240201 | July 12, 2016 |
| Extended European Search Report for European Patent Application No. 13004238.5 | Nov. 21, 2013 |
| Extended European Search Report and Written Opinion of co-pending European Patent Application No. 14003614.6; | Mar. 5, 2015 |
| Office Action for U.S. Patent Application No. 13/602,846 | Feb. 5, 2014 |
| Office Action and translation from Patent Office of the Russian Federation for corresponding Russian Patent Application No. 201339691/11 | Oct. 7, 2014 |
| Office Action and translation from Korean Intellectual Property Office for corresponding Korean Patent Application No. 10-2013-0105120 | Oct. 17, 2014 |

---

[2] Defendants contend that the "Date of Publication" listed in Table 2 corresponds to the latest priority of the document or item, based on the date listed on or associated with the document or item. Discovery has not concluded in this Investigation. Accordingly, Defendants reserve the right to assert a different Date of Publication for each item listed.

| Title | Date of Publication |
|---|---|
| Office Action of corresponding Canadian Patent Application No. 2,825,694 | Dec. 15, 2014 |
| Office Action from Korean Patent Application No. 10-2013-0105120 | Apr. 28, 2015 |
| Office Action from U.S. Patent Application No. 14/273,804 | May 26, 2015 |
| Office Action from Chinese Patent Application No. 201310398750.4 | June 15, 2015 |
| Office Action and translation from Korean Intellectual Property Office for corresponding Korean Patent Application No. 10-2014-0144267 | Nov. 17, 2015 |
| Office Action and translation from Korean Intellectual Property Office for corresponding Korean Patent Application No. 10-2013-0105120 | Nov. 23, 2015 |
| Office Action of corresponding Korean Patent Application No. 10-2014-0144267 | May 9, 2016 |
| Office Action of corresponding Chinese Patent Application No. 201410573558.9 | May 27, 2016 |
| Patent Examination Report No. 1 of co-pending Australian Patent Application No. 2013221904 | Mar. 13, 2015 |
| Search Report from Chinese Patent Application No. 201310398750.4 | June 15, 2015 |
| Misuse of Child Restraints | Jan. 2004 |
| Drivers' Mistakes When Installing Child Seats | Dec. 2009 |

| Title | Date of Publication |
|---|---|
| Petition for Inter Partes Review No. 2018-01683 | Sept. 10, 2018 |
| Petition for Inter Partes Review No. 2019-00066 | Oct. 12, 2018 |
| Declaration of Andrew Bowman regarding Inter Partes Review No. 2018-01683 | Sept. 10, 2018 |
| Declaration of Andrew Bowman regarding Inter Partes Review No. 2019-00066 | Oct. 12, 2018 |
| Examination report from corresponding Chinese application number 201710130576.3 | Sept. 25, 2018 |
| Office Action of corresponding European Patent Application No. 13004238.5 | Feb. 20, 2017 |
| Uppa-Baby Instruction Manual | 2012 |
| Britax B-Safe 35 User Guide | 2011 |
| Graco Smart Seat Owner's Manual | 2010 |
| Britax Frontier Clicktight User Guide | 2013 |

**Table 3: Prior Art Public Use / Sales / Offers for Sale / Disclosure[3]**

| Entity that Made Use / Offer / Known | Item Offered for Sale / Publicly Used / Known [Herein Referenced As] | Date of Use / Sale / Offer / Public Disclosure | Exemplary Evidence |
|---|---|---|---|
| Britax | Boulevard 70 CS | 2011 | Boulevard 70 CS User Guide<br><br>BRITAX Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and One Lock-offs (Jan. 6, 2011), available at https://www.youtube.com/watch?v=F6V_kscSxKE<br><br>BRITAX Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and One Lock-offs (Jan. 6, 2011), available at https://www.youtube.com/watch?v=OrL4oZaEwuk<br><br>BRITAX Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-offs (Jan. 6, 2011), available at https://www.youtube.com/watch?v=7koBM82iYlw&t=4s<br><br>BRITAX Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-offs (Jan. 6, 2011), available at https://www.youtube.com/watch?v=I1gD5S-9NFE&t=66s |
| Graco | Smart Seat | 2010 | Graco Smart Seat Owner's Manual<br><br>Graco Smart Seat All-in-one Car Seat (Oct. 14, 2011), available at https://www.youtube.com/watch?v=yyfe6r6mxTs |

---

[3] Defendants contend that the "Date of Use / Sale / Offer / Public Disclosure" listed in Table 3 corresponds to the latest priority of the item, based on the date associated with the item. Discovery has not concluded in this Investigation. Accordingly, Defendants reserve the right to assert a different Date of Use / Sale / Offer / Public Disclosure for each item listed.

| Entity that Made Use / Offer / Known | Item Offered for Sale / Publicly Used / Known [Herein Referenced As] | Date of Use / Sale / Offer / Public Disclosure | Exemplary Evidence |
|---|---|---|---|
| | | | Graco Smart Seat All-in-one Car Seat (Sept. 20, 2011), available at https://www.youtube.com/watch?v=_UIIYn0JIXc |
| Chicco | NextFit | February, 2013 | NextFit User Guide: SuperCinch (Feb. 11, 2013), available at https://www.youtube.com/watch?v=PxzjPWcmasg<br><br>NextFit User Guide: Belt Path (Feb. 11, 2013), available at https://www.youtube.com/watch?v=yYyDP02WkQc<br><br>NextFit User Guide: Tether (Feb. 11, 2013), available at https://www.youtube.com/watch?v=yLBlsLqvxQg<br><br>NextFit Car Seat Demonstration (Feb. 8, 2013), available at https://www.youtube.com/watch?v=JrkDrPwQb2Q |
| Britax | Frontier Clicktight | March, 2013 | Frontier Clicktight User Guide<br><br>Frontier 90 and Pinnacle 90 - Installation Using the Vehicle Lap-Shoulder Belt (May 2, 2013), available at https://www.youtube.com/watch?v=dyHQueONsas |
| Britax | B-SAFE | 2012 | Britax B-Safe 35 User Guide<br><br>BRITAX B-SAFE: Installing the Base using the LATCH System (Feb. 15, 2012), available at https://www.youtube.com/watch?v=_fFzGs9GnEM<br><br>BRITAX B-SAFE: Installing the Base using the Vehicle Lap-Shoulder Seat Belt (Feb. 15, 2012), available at https://www.youtube.com/watch?v=cB32Z4OsZVc |

| Entity that Made Use / Offer / Known | Item Offered for Sale / Publicly Used / Known [Herein Referenced As] | Date of Use / Sale / Offer / Public Disclosure | Exemplary Evidence |
|---|---|---|---|
| | | | BRITAX B-SAFE: Installing the Base using the Vehicle Lap Belt Only (Feb. 15, 2012), available at https://www.youtube.com/watch?v=ELifhV4BM1o |
| Britax | Pinnacle Clicktight | March, 2013 | Frontier 90 and Pinnacle 90 - Installation Using the Vehicle Lap-Shoulder Belt (May 2, 2013), available at https://www.youtube.com/watch?v=dyHQueONsas |
| Uppa Baby | Mesa | 2012 | Uppa-Baby Instruction Manual<br><br>UPPAbaby MESA Overview (North America) (Aug. 21, 2013), available at https://www.youtube.com/watch?v=XA4iEccJ05k |

The above lists are not exclusive. Defendants reserve the right to rely on both the listed references as well as other art that may become known and/or relevant during the course of this matter. Any citation to one or more of these prior art references, or other prior art references regarding any method or system, should be construed to constitute not only a citation to the prior art reference itself but also a reference to the system itself. Discovery is ongoing in this case, and Defendants will supplement if and when more information becomes available.

## 1.    Anticipatory Prior Art

To be anticipatory, a reference must describe, either expressly or inherently, each and every claim limitation and enable one of skill in the art to practice an embodiment of the claimed invention without undue experimentation. *Stored Value Sol., Inc. v. Card Activation Techs., Inc.*, 2012 WL 6097674, at *8 (Fed. Cir. 2012). A reference may anticipate inherently if a claim limitation that is not expressly disclosed "is necessarily present, or inherent, in the single

anticipating reference." *In re Aoyama*, 656 F.3d 1293, 1337 (Fed. Cir. 2011) (quoting *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003)); *Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1195 (Fed. Cir. 2003).

The Asserted Claims are invalid under 35 U.S.C. § 102 because a single prior art reference, as viewed by, and with the knowledge of one of ordinary skill in the art at the time of the alleged inventions, expressly or inherently discloses each and every limitation of the claimed invention. Subject to Defendants reservation of rights in these Invalidity Contentions, prior art references anticipating the Asserted Claims of each of the asserted patents are listed in the above Tables 1-3. Exhibits are provided with claim charts for each reference as applicable to a given Asserted Patents.

Depending on the construction of the claims of the Asserted Patents, and/or positions that Britax or its expert witnesses may take concerning claim interpretation, infringement, and/or invalidity issues, different ones of the charted prior art references in the Exhibits may be of greater or lesser relevance and different combinations of these references may be implicated. Given the uncertainty, the charts may reflect alternative applications of the prior art against the Asserted Claims.

The prior art cited in the Tables and Exhibits is illustrative and not exhaustive. Though these claim charts provide illustrative citations to where each element may be found in the prior art references, the cited references may contain other disclosures of each claim element as well, and Defendants reserve the right to rely on other, non-cited portions of these references. If Britax asserts that any of these references fails to disclose one or more elements of the Asserted Claims, Defendants reserve the right to use one or more of these references as prior art under 35 U.S.C. § 103.

### 2.      Prior Art/Combinations that Render the Asserted Claim Obvious

A claimed invention is obvious when a person of ordinary skill in the art would have been motivated to modify a prior art reference or combine the teaching of the prior art references to achieve the claimed invention, and the person of ordinary skill in the art would have had a reasonable expectation of success in doing so. *See, e.g.*, *Unigene Labs., Inc. v. Apotex, Inc.*, 655 F.3d 1352, 1360 (Fed. Cir. 2011). "Any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007). While an analysis of any teaching, suggestion, or motivation to combine elements from different prior art references is useful in an obviousness analysis, the overall inquiry must be expansive and flexible, and must include the common sense and ordinary creativity of a person having ordinary skill in the art as part of the analysis. *Id.* at 419-21.

Subject to Defendants' reservation of rights stated in these Invalidity Contentions and based on Defendants' present understanding of the Asserted Claims, and the proposed constructions Britax is asserting, the prior art references identified in these Invalidity Contentions each anticipate and/or render obvious the Asserted Claims of the corresponding patents.

In addition to the grounds of anticipation outlined above, the prior art references from Tables 1-3 also render obvious the Asserted Claims of the Asserted Patents, as outlined in the enclosed claim charts.

### 3.      Prior Art Challenges (Exhibits A1-A4 and B1-B4)

Defendants further provide exemplary, non-limited challenges based on anticipation and obviousness in Exhibits A1-A4 and B1-B4. Defendants reserve the right to supplement the obviousness arguments listed below using any references listed in these Invalidity Contentions

and any other references including those that may become known or that may become known to be relevant during the course of discovery. Defendants further reserve the right to rely upon combinations of references disclosed within the prosecution histories of the Asserted Patents with the references cited herein.

These challenges are subject to supplementation and amendment after the Court issues its claim construction ruling, if and when Britax provides supplemental Infringement Contentions, or as otherwise appropriate.

### a.   <u>'074 Patent</u>

#### i.   *Meeker*

As explained in the chart in Exhibit A1, the Asserted Claims of the '074 patent are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by U.S. Patent No. 7,901,003 B2 to Meeker et al. ("*Meeker*") alone, or in combination with one or more other prior art references, as further identified below.

<u>'074 Patent - Claims 1-3, 5-7, and 16</u>

- *Meeker* anticipates and/or renders obvious claims 1-3, 5-7, and 16.
- *Meeker* in combination with U.S. Patent No. 6,508,510 B2 ("*Yamazaki*")*,* Japanese Laid-open Patent Publication No. H5-185869 ("*Washimi*"), European Patent Application No. EP0822115A2 ("*Wetter*"), the Uppa Baby Mesa ("*Uppa Baby Mesa*"), the Britax B-Safe 35 ("*B-Safe 35*") U.S. Patent No. 8,322,788 B2 ("*Williams*") and/or the Graco Smart Seat ("*Graco Smart Seat*") renders obvious claims 1-3, 5-7, and 16.

#### ii.   *Takahashi*

As explained in the chart in Exhibit A2, the Asserted Claims of the '074 patent are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by U.S. Patent No. 4,913,490 to Takahashi ("*Takahashi*") alone, or in combination with one or more other prior art references, as further identified below.

<u>'074 Patent - Claims 1-3, 5-7, and 16</u>

- *Takahashi* anticipates and/or renders obvious claims 1-3, 5-7, and 16.
- *Takahashi* in combination with *Yamazaki, Washimi,* and/or *Wetter,* renders obvious claims 1-3, 5-7, and 16.

### iii.    *Boulevard 70 CS*

As explained in the chart in Exhibit A3, the Asserted Claims of the '074 patent are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by the Britax Boulevard 70 Child Seat ("*Boulevard 70 CS*") alone, or in combination with one or more other prior art references, as further identified below.

'074 Patent - Claims 1-3, 5-7, and 16

- *Boulevard 70 CS* anticipates and/or renders obvious claims 1-3, 5-7, and 16.
- *Boulevard 70 CS* in combination with *Yamazaki, Washimi*, *Wetter*, the *Uppa Baby Mesa*, the *B-Safe 35*, *Williams*, and/or the *Graco Smart Seat* renders obvious claims 1-3, 5-7, and 16.

### iv.    *Yamazaki*

As explained in the chart in Exhibit A4, the Asserted Claims of the '074 patent are rendered unpatentable under 35 U.S.C. § 103, depending upon the claim construction adopted in this case, by *Yamazaki* alone, or in combination with one or more other prior art references, as further identified below.

'074 Patent - Claims 1-3, 5-7, and 16

- *Yamazaki* renders obvious claims 1-3, 5-7, and 16.
- *Yamazaki* in combination *Meeker,* U.S. Patent No. 7,163,265 B2 to Adachi ("*Adachi*"), and/or the *Boulevard 70 CS* renders obvious claims 1-3, 5-7, and 16.

### b.    '504 Patent

#### i.    *Meeker*

As explained in the chart in Exhibit B1, the Asserted Claims of the '504 patent are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by *Meeker* alone, or in combination with one or more other prior art references, as further identified below.

#### '074 Patent - Claims 1-15

- *Meeker* anticipates and/or renders obvious claims 1-15.
- *Meeker* in combination with *Yamazaki, Washimi*, *Wetter*, the *Uppa Baby Mesa*, the *B-Safe 35*, *Williams*, and/or the *Graco Smart Seat* renders obvious claims 1-15.

#### ii.    *Takahashi*

As explained in the chart in Exhibit B2, the Asserted Claims of the '504 patent are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by *Takahashi* alone, or in combination with one or more other prior art references, as further identified below.

#### '074 Patent - Claims 1-15

- *Takahashi* anticipates and/or renders obvious claims 1-15.
- *Takahashi* in combination with *Yamazaki, Washimi*, or *Wetter* renders obvious claims 1-15.

#### iii.    *Boulevard 70 CS*

As explained in the chart in Exhibit B3, the Asserted Claims of the '504 patent are rendered unpatentable under 35 U.S.C. §§ 102 and/or 103, depending upon the claim construction adopted in this case, by *Boulevard 70 CS* alone, or in combination with one or more other prior art references, as further identified below.

#### '074 Patent - Claims 1-15

- *Boulevard 70 CS* anticipates and/or renders obvious claims 1-15.

23

- *Boulevard 70 CS* in combination with *Yamazaki, Washimi*, or *Wetter*, the *Uppa Baby Mesa*, the *B-Safe 35*, *Williams*, and/or the *Graco Smart Seat* renders obvious claims 1-15.

### iv.    *Yamazaki*

As explained in the chart in Exhibit B4, the Asserted Claims of the '504 patent are rendered unpatentable under 35 U.S.C. § 103, depending upon the claim construction adopted in this case, by *Yamazaki* alone, or in combination with one or more other prior art references, as further identified below.

'074 Patent - Claims 1-15

- *Yamazaki* renders obvious claims 1-15.
- *Yamazaki* in combination with *Meeker*, *Adachi*, and/or the *Boulevard 70 CS* renders obvious claims 1-15.

To the extent that a finder of fact finds that a limitation of any of the Asserted Claims was not disclosed by one of the references identified above, that claim is nevertheless unpatentable as obvious because the Asserted Claims contain nothing that constitutes patentable innovation. To the extent not anticipated, the Asserted Claims amount to nothing more than the combination of familiar elements according to known methods to achieve predictable results and do no more than choose between clear alternatives known to those of ordinary skill in the art.

One of ordinary skill in the art would have been motivated to combine the references disclosed above and in the attached charts, as each combination of art would have no unexpected results, and at most would simply represent a known alternative to one of ordinary skill in the art. *See KSR*, 127 S. Ct. at 1739-40 (rejecting the Federal Circuit's "rigid" application of the teaching, suggestion, or motivation to combine test, instead espousing an "expansive and flexible" approach). Indeed, the Supreme Court held that a person of ordinary skill in the art is "a person of ordinary creativity, not an automaton" and "in many cases a person of ordinary skill in the art will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at

24

1742. Nevertheless, in addition to the information contained in the section above and elsewhere in these contentions, Defendants hereby identify additional motivations and reasons to combine the cited art.

The prior art references identified herein would have been combined using: known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or a teaching, suggestion, or motivation in the prior art generally. In addition, it would have been obvious to try combining the prior art references identified above because there were only a finite number of predictable solutions and/or because known work in one field of endeavor prompts variations based on predictable design incentives and/or market forces either in the same field or a different one. In addition, the combinations of the prior art references identified above would have been obvious because the combinations represent the known potential options with a reasonable expectation of success.

One of ordinary skill in the art would have been motivated, or had reason, to combine the prior art references identified above for at least the reason that they present interrelated teachings; they disclose the effects of demands known to the design community or present in the marketplace; they disclose the existence of a known problem for which there was an obvious solution; they disclose the existence of a known need or problem in the field of endeavor at the time of the invention; and the background knowledge that would have been possessed by a person having ordinary skill in the art. For example, the prior art references are generally directed to solving the same problems relating to control of carbon deposits on fuel injectors, improving engine efficiency, etc. Thus, a skilled artisan seeking to solve these problems would look to these cited references in combination.

The motivation or reason to combine the teachings of the prior art references disclosed herein is found in the references themselves and in: (1) the nature of the problems being solved; (2) the express, implied, and inherent teachings of the prior art; (3) the knowledge of persons of ordinary skill in the art; (4) the fact that the prior art is generally directed towards the same problems; and/or (5) the predictable results obtained in combining the different elements of the prior art.

Numerous prior art references, including those identified in these Invalidity Contentions and the attached Exhibits, reflect common knowledge and the state of the prior art before the earliest claimed priority date of the corresponding Asserted Patents. For at least the reasons described throughout these Invalidity Contentions, it would have been obvious to one of ordinary skill in the art to combine any of a number of prior art references, including any combination of those identified in the attached Exhibits to meet the limitations of the Asserted Claims. As such, Defendants inclusion of exemplary combinations, in view of the factors and motivations identified in the preceding paragraphs, does not preclude Defendants from identifying other invalidating combinations as appropriate.

The claim charts in Exhibits A1-A4 and B1-B4 identify where in each of the charted prior art references the limitations of the Asserted Claims of the Asserted Patents are found. Defendants do not take any particular claim construction position on any of these limitations at this time and reserve the right to argue for specific claim constructions at the appropriate time. To the extent some limitations may be governed by 35 U.S.C. §112 ¶ 6, Defendants take no position in these Invalidity Contentions as to whether these limitations should properly be construed under 35 U.S.C. §112 ¶ 6. However, the accompanying charts nevertheless provide exemplary structure(s) and act(s) that perform the claimed functions or steps as disclosed in the

item of prior art. Defendants reserve the right to amend these contentions based upon any constructions of the claims as determined by the Court that clarify or identify specific limitations governed by 35 U.S.C. § 112 ¶ 6.

Defendants have endeavored to cite to the most relevant portions of the identified prior art. However, other portions of the identified prior art may additionally disclose, either expressly or inherently, one or more elements or limitations of the Asserted Claims. In an effort to focus the issues, Defendants identify only exemplary portions of the identified prior art. To the extent it is found a charted reference does not expressly disclose certain claim limitations, Defendants contend that such limitations are inherent. Defendants reserve the right to rely on uncited portions of the identified prior art to establish the invalidity of the Asserted Claims. Moreover, Defendants reserve the right to rely on uncited portions of the identified prior art, rely on other references (irrespective of whether such references themselves qualify as prior art) to show the state of the art, and/or to rely on expert testimony to provide context to, or aid in, understanding the cited portions of the identified prior art.

Where Defendants cite to a particular drawing or figure in the attached claim charts, the citation encompasses the description of the drawing or figure, as well as any text associated with the drawing or figure. Similarly, where Defendants cite to particular text concerning a drawing or figure, the citation encompasses that drawing or figure as well.

Relatedly, it is often the case that certain portions of patent disclosures build upon other disclosures—even if they are referred to as a separate or alternative embodiment. Thus, Defendants' citations to structures or functions incorporate by reference all disclosures to related structures or functions, including any additional detail provided as to the operation or design of those structures or functions. Further, citations in each dependent claim include citations to each

27

claim from which it directly or indirectly depends. In addition, citations as to any recited limitation, step, or component in the claims apply wherever each such limitation, step, or component is repeatedly recited elsewhere in the claim

### 4.  Invalidity Under 35 U.S.C. § 102(g)[4]

Each prior art patent, publication, or product identified above was either effectively filed or issued (for patents), published (for publications) or known, used, offered for sale or sold (for products) before the earliest claimed priority date of the Asserted Patent to which it is applied for invalidity, and none appears to have been abandoned, suppressed, or concealed, so each such reference also constitutes evidence of prior invention pursuant to 35 U.S.C. § 102(g) to the extent that it is in the U.S. The persons or entities involved with each such invention include the named inventors on the identified patents, the authors listed on the identified publications, and the entities and individuals identified in connection with the identified products. Investigation, analysis, and discovery are ongoing in this matter, and Defendants reserve the right to supplement this response as appropriate.

### 5.  Prosecution History Estoppel

The '074 patent was filed on October 25, 2013, and a Requirement for Restriction/Election was filed on June 2, 2015, requiring election between two patentably distinct species: "Figures 1-8A; and Figures 9-15."  '074 Restriction Requirement, p. 1-2.  The Applicant elected "without traverse, to prosecute Species II (Figures 9 - 15), which corresponds to all Claims 1-20."  '074 Response to Restriction Requirement, p. 1.  Following the election, the '074

---

[4] To the extent that Britax argues that the asserted patents are entitled to a priority date or effective filing date prior to March 16, 2013, pre-AIA 35 U.S.C. §102(g) may apply. *See MPEP* 2159.03 (pre-AIA statutes apply to the extent that a patent "(1) contains or contained at any time a claimed invention having an effective filing date as defined in 35 U.S.C. 100(i) that occurs before March 16, 2013; or (2) is ever designated as a continuation, divisional or continuation-in-part of an application that contains or contained at any time such a claim").

patent received a Notice of Allowance on October 7, 2016, and an Issue Notification on November 2, 2016. '074 Notice of Allowance, p. 1; '074 Issue Notification, p. 1.

The '504 patent was filed on October 14, 2016, and on November 16, 2016, the Examiner issued a Requirement for Restriction/Election because "[c]laim(s) 14 appears to be generic to the following disclosed patentably distinct species: I. Figures 1-8A; and II. Figures 9-15." '504 Restriction Requirement, p. 2. The Examiner further stated that "[t]he species are independent or distinct because as disclosed the different species have mutually exclusive characteristics for each identified species [and that] these species are not obvious variants of each other based on the current record." *Id.* As a result, the Examiner required Britax "under 35 U.S.C. 121 to elect a single disclosed species, or a single grouping of patentably indistinct species, for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable." *Id.*

On November 23, 2016, in its response, Britax elected, "without traverse, to prosecute Species I, FIGS. 1 - 8A (which correlates to claims 1 - 20)." '504 Response to Restriction Requirement, p. 1. Following the election, the '504 patent received a Notice of Allowance on January 25, 2017 and an Issue Notification on February 15, 2017. '504 Notice of Allowance, p. 1; '504 Issue Notification, p. 1.

A restriction requirement arises during examination at the PTO when an applicant pursues what are determined to be multiple patentably distinct inventions in the same application. 35 U.S.C. § 121. The examiner "may require the applicant in the reply to that action to elect a species of his or her invention to which his or her claim will be restricted if no claim to the genus is found to be allowable." 37 C.F.R. § 1.146. When a patentee disavows a certain meaning to obtain a patent, the doctrine of prosecution history estoppel narrows the meaning of

the claim consistent with the scope of the claim surrendered.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005).  Britax's affirmative statement of electing Figures 1-8A without traverse thus narrows the meanings of the claims of the '504 patent.

Once an applicant has selected a species, the policy of the Office "is that applicants are not permitted to shift to claim another invention after an election is made and an Office action on the merits is made on the elected invention."  MPEP § 819. Although the Examiner identified a shift in the elected species in the Notice of Allowance, '504 Notice of Allowance, p. 1, the shift was neither timely nor appropriate.  Thus, prosecution history estoppel applies to prohibit Britax from obtaining claim scope in the '504 patent outside of expressly elected Species I, Figures 1-8A.  *See* '504 Response to Restriction Requirement, p. 1.

### 6.    Equitable Misconduct

Equitable misconduct must "be applied in instances where the patentee's misconduct resulted in the unfair benefit of receiving an unwarranted claim."  *Therasense v. Becston, Dickinson, and Co.*, 649 F.3d 1276, 1292 (Fed. Cir. 2011).  Discovery in this case is in its early stages and ongoing, and Defendants are investigating inequitable misconduct as it relates to the '504 and '074 patents.  To the extent evidence of inequitable conduct comes to light during discovery, Defendants reserve the right to amend these Invalidity Contentions accordingly.

## IV.    Invalidity Under 35 U.S.C. § 112

In addition to being invalid in view of the prior art cited above, the Asserted Claims are invalid for the reasons explained below.

To satisfy the written description requirement under the first paragraph of 35 U.S.C. § 112, "the description must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed." *Ariad Pharms., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*) (internal quotation marks omitted). "In other words, the test for

sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.*

Further, under the first paragraph of 35 U.S.C. § 112, an enabling disclosure "must teach those skilled in the art how to make and use the *full scope* of the claimed invention without undue experimentation." *In re Wright*, 999 F.2d 1557, 1561 (Fed. Cir. 1993) (emphasis added). To satisfy the statutory bargain underlying § 112, the scope of the claims must be "commensurate" with teachings in the specification. *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1377 (Fed. Cir. 1999). "The scope of the claims must be less than or equal to the scope of the enablement." *Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1196 (Fed. Cir. 1999).

"[A]n enablement determination is made *retrospectively*, *i.e.*, by looking back to the filing date of the patent application and determining whether undue experimentation *would have been* required to make and use the claimed invention at the time." *Enzo Biochem*, 188 F.3d at 1371-72 (emphasis in original). An essential question is "whether the scope of enablement of [a claim] is as broad as the scope of the claim." *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1212 (Fed. Cir. 1991). Thus, a claim is vulnerable to an attack for lack of an enabling disclosure where the patent "fails to teach those in the art to make and use the invention as broadly as it is claimed without undue experimentation." *In re Cortright*, 165 F.3d 1353, 1356 (Fed. Cir. 1999).

The need to engage in "an iterative, trial-and-error process to practice the claimed invention," where the specification provides "only a starting point, a direction for further research," precludes a finding of enablement. *ALZA Corp. v. Andrz Pharm., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010). Similarly, where the skilled artisan "would need to assay each of at least

tens of thousands of candidates" and the specification offered "no guidance or predictions about particular substitutions" that would lead to other effective members, genus claims are not enabled based on undue experimentation. *Wyeth & Cordis Corp. v. Abbott Labs.*, 720 F.3d 1390, 1385-86 (Fed. Cir. 2013).

In *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988), the Federal Circuit identified eight factors a court may consider when evaluating whether a disclosure would require undue experimentation and therefore is not enabling, including: the nature of the invention; the breadth of the claims; the amount of direction or guidance presented; the presence or absence of working examples; the state of the prior art; the predictability or unpredictability of the art; the relative skill of those in the art; and quantity of experimentation necessary.

Further under 35 U.S.C. § 112, certain of the Asserted Claims are insolubly ambiguous because they do not have a meaning that can be clearly and definitely determined from the Asserted Patents. For each term listed below, the '504 patent does not clearly support, and/or provide antecedent basis for the term, such that the terms and phrases used by the applicant do not define the invention with a reasonable degree of clarity and precision, and the meaning of each term is not readily discernible to a person of ordinary skill in the art.

Moreover, paragraph two of 35 U.S.C. § 112 requires "that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014). "[A] patent must be precise enough to afford clear notice of what is claimed, thereby 'appris[ing] the public of what is still open to them.'" *Id.* (citations omitted). In other words, a claim "must be sufficiently definite to inform the public of the bounds of the protected invention, i.e., what subject matter is covered by the exclusive rights of the patent." *Ancora*

*Techs., Inc. v. Apple, Inc.*, 744 F.3d 732, 737 (Fed. Cir. 2014) (quoting *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008)).

While an inventor may define specific terms to describe an invention, such defining must be done with clarity, deliberateness, and precision. *See Merck & Co., Inc., v. Teva Pharms. USA, Inc.,* 395 F.3d 1364, 1370 (Fed. Cir. 2005); *In re Paulsen* 30 F.3d 1475, 1480 (Fed. Cir. 1994) (quoting *Intellicall, Inc. v. Phonometrics, Inc.,* 952 F.2d 1384, 1387-88 (Fed. Cir. 1992)) (holding that an inventor may define specific terms used to describe an invention, but must do so "with reasonable clarity, deliberateness, and precision" and must "'set out his uncommon definition in some manner within the patent disclosure' so as to give one of ordinary skill in the art notice of the change" in meaning (citation omitted)).

The Asserted Claims are invalid for failure to satisfy the written description requirement under 35 U.S.C. § 112, because the specifications for the Asserted Patents do not show that the inventors had possession of the claimed inventions as of the filing date of the Asserted Claims. The Asserted Claims also are invalid as indefinite under 35 U.S.C. § 112, because they fail to particularly point out and distinctly claim the subject matter that the applicant regards as his inventions. Subject to Defendants' reservation of rights in these Invalidity Contentions, the Asserted Claims are invalid for failure to meet the requirements of § 112, as explained below.

### 1.    The '504 Patent - Invalidity Under 35 U.S.C. § 112

In view of the claim terms identified below, the asserted claims of the '504 patent are invalid under paragraphs one and two of 35 U.S.C. § 112, because they fail to comply with the enablement requirement, fail to particularly point out and distinctly claim the subject matter that the applicants regard as their invention, and/or are insolubly ambiguous because they do not have a meaning that can be clearly and definitely determined from the '504 patent.

(a) "forwardly and upwardly" / "forwardly from the backrest portion and upwardly from the seat portion" (claims 1, 5, 9, 13);

(b) "generally at an intersection of the seat and backrest portions" (claims 1, 5, 9, 13);

(c) "generally at a middle of the seat portion in a forward and rearward direction" (claims 1, 5, 9, 13);

(d) "a first lateral edge surface and a second lateral edge surface" / "first and second lateral edge surfaces" (claims 1, 9, 10);

(e) "extending along respective sides of the tensioning mechanism from and transverse to the axis" (claims 1, 5, 9);

(f) "at least partly displaced" (claims 1, 5);

(g) "secure the child seat to the vehicle seat" (claims 1, 6, 9, 10, 13);

(h) "the first and second lateral edge surfaces of respective different portions of the tensioning mechanism" (claim 1);

(i) "first and second edge surfaces" (claim 4);

(j) "first and second lateral edges" (claims 1, 5, 13)

(k) "a first rigid edge surface and a second rigid edge surface" / "first and second rigid edge surfaces" (claims 5, 6);

(l) "substantially adjacent to the seat base" (claims 1, 5, 9, 13);

(m) "lap section" / "shoulder section" (claims 5, 6)

(n) "opposing side portions" (claim 9);

(o) "engaging surface" (claim 9);

(p) "tensioned configuration" (claim 9);

(q) "pivot structure" (claim 13);

(r) "a first lateral edge surface and a second lateral edge surface" / "first and second lateral edge surfaces" (claims 1, 9, 10);

(s) "first pivot portion" / "second pivot portion" (claim 13);

(t) "third and fourth lateral edges" (claim 13);

(u)    **"first and second lateral edges that protrude forwardly and upwardly . . . third and fourth lateral edges that protrude forwardly and upwardly" (claim 13);**

(v)    **"first lateral edge member and a second lateral edge member" / "first and second lateral edge members" (claim 13);**

(w)    **"third and fourth lateral edge members" (claim 13);**

(x)    **"proximate to the second belt path" / "proximate to the first belt path" (claim 13);**

(y)    **"proximate to the seat portion" (claim 13);**

(z)    **"third position" / "fourth position" (claim 13)**


2.    **The '074 Patent - Invalidity Under 35 U.S.C. § 112**

In view of the claim terms identified below, the asserted claims of the '074 patent are invalid under paragraphs one and two of 35 U.S.C. § 112, because they fail to comply with the enablement requirement, fail to particularly point out and distinctly claim the subject matter that the applicants regard as their invention, and are insolubly ambiguous because they do not have a meaning that can be clearly and definitely determined from the '074 patent.

(a)    **"untensioned state" (claims 1, 16) / "untensioned configuration" (claims 7, 16);**

(b)    **"forwardly and upwardly" (claims 1, 16);**

(c)    **"downwardly and forwardly" (claims 1, 16);**

(d)    **"upwardly and rearwardly" (claims 1, 16);**

(e)    **"first and second lateral edges" (claims 1, 16);**

(a)    **"first and second edges" (claims 1, 3, 5, and 16);**

(b)    **"proximal end" / "distal end" (claims 1, 16)**

(c)    **"substantially adjacent to the seat base" (claims 1, 16);**

(d)    **"sitting surface" (claims 1, 16);**

(e)    **"first belt path spanning the first and second edges" (claim 3);**

35

    **(f)**    **"proximate an intermediate region of the seat portion" (claim 6) / "proximate an intersection of the backrest portion and the seat portion" (claim 7)**

Defendants expressly reserve the right to revise, amend, and/or supplement these contentions, based on newly discovered information produced during discovery and/or based on claim constructions determined by the Court.

Respectfully submitted,

Dated: July 24, 2019         By: /s/ Gary Ma

Gary Ma
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Ave
Palo Alto, CA 94304
(650) 849-6600
gary.ma@finnegan.com

Roger D. Taylor
LAW OFFICE OF ROGER TAYLOR, LLC
552 Woodvalley Drive SW
Marietta, GA 30064
Phone: (770) 331-8733
roger@taylorfirm.law

Samuel E. Cohen, Esquire
Gross McGinley, LLP
33 S. 7th Street; PO Box 4060
Allentown, PA 18101
(610) 820-5450
scohen@grossmcginley.com

*Attorneys for Defendants Nuna International B.V. and Nuna Baby Essentials, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of July, 2019, I delivered a true copy of the

foregoing by electronic mail to the following:


MYERS, BRIER & KELLY, LLP
Daniel T. Brier (PA ID 53248)
Suzanne P. Conaboy (PA ID 314036)
425 Spruce Street, Suite 200
Scranton, PA 18503
Telephone: (570) 342-6100
dbrier@mbklaw.com
sscanlon@mbklaw.com

KILPATRICK TOWNSEND & STOCKTON LLP
N. Dean Powell, Jr.
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
dpowell@kilpatricktownsend.com

Steven D. Moore
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
smoore@kilpatricktownsend.com

Kasey E. Koballa
607 14th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 639-4713
Facsimile: (202) 315-3024

*Attorneys for Plaintiff Britax Child Safety, Inc.*

.

## Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074

Based upon Plaintiff's Amended Complaint, and Disclosure of Asserted Claims and Infringement Contentions and clam charts, and the apparent claim constructions and applications of the claims to Defendants accused products and/or components, as best as they can be deciphered, the reference charted below anticipates or at least renders obvious the asserted claims. These invalidity contentions are not an admission by Defendants that the accused products or components, including any current or past version of these products or components, are covered by, or infringe the asserted claims, particularly when these claims are properly construed and applied. These invalidity assertions are also not an admission that Defendants concede or acquiesce to any claim construction(s) implied or suggested by Plaintiff in its Amended Complaint or the Disclosure of Asserted Claims and Infringement Contentions and clam charts. Nor are Defendants asserting any claim construction positions through these charts, including whether the preamble is a limitation. The portions of the prior art reference cited below are not exhaustive but are exemplary in nature.

The chart below discloses how prior art references identified by Defendants discloses, either expressly or inherently, and/or render obvious each of the asserted claims. The citations provided are exemplary and do not necessarily include each and every disclosure of the limitation in the references. Defendants have endeavored to cite to the most relevant portions of the identified prior art, but other portions of the identified prior art may additionally disclose, either expressly or inherently, and/or render obvious one or more limitations of the asserted claims. Thus, Defendants reserve the right to rely on: (1) uncited portions of the identified prior art; (2) other prior art not identified herein; (3) references that show the state of the art (irrespective of whether such references themselves qualify as prior art to the asserted patents); (4) factual testimony from the inventors or authors of the prior art references, or purveyors of prior art devices; and/or (5) expert testimony, to provide context to or aid in understanding the prior art and the state of the art at the time of the alleged inventions.

The lack of a citation for an element should not be deemed an admission that the element is not disclosed or is not inherent in the reference. When the chart indicates a particular reference discloses or embodies a limitation, the terms "discloses," "disclosed," "embodies," and "embodied" refer to explicit and/or inherent disclosure and/or obvious variations of the actual disclosure. Further, due to the insoluble ambiguity of certain claims and claim limitations, Defendant has, in some instances, used its best efforts to reasonably interpret the claims to fulfill their duties in charting the prior art references.

Where Defendants cite to a particular drawing or figure in the accompanying charts, the citation encompasses the description of the drawing or figure, as well as any text associated with the drawing or figure. Similarly, where Defendants cite to particular text concerning a drawing or figure, the citation encompasses that drawing or figure as well. Certain identified prior art inherently discloses features of the asserted claims. Defendants reserve the right to rely on inherency to demonstrate the invalidity of the asserted claims. Moreover, certain prior art references may inherently disclose certain features of the asserted claims as construed by Plaintiff. Defendants may rely on cited or uncited portions of the prior art, other documents, factual testimony, and expert testimony to establish the inherency of certain features of the prior art to invalidate the asserted claims.

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

Defendants contend that one of ordinary skill in the art at the time of the purported invention would have been motivated to combine one or more of the identified references together. In general, a motivation to combine any of the identified references with others exists within the references themselves, as well as within the knowledge of those of ordinary skill in the art. These references identify and address the same technical issues and suggest similar solutions to those issues. Additionally, a person of ordinary skill in the art at the time of the purported invention would have been motivated to combine the prior art references identified by (i) his or her education and experience, (ii) the state of the prior art as a whole, (iii) the nature of the problem to be solved, (iv) common knowledge in the art, (v) common sense, (vi) design incentives, (vii) market forces, and/or (viii) a desire to tailor a solution using all of the skills and knowledge at his or her disposal. *See, e.g.*, *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007); *Examination Guidelines for Determining Obviousness Under 35 U.S.C. §103 in View of the Supreme Court Decision in KSR Int'l v. Teleflex*, Inc., Fed. Reg. 57526 (Oct. 10, 2007).

## Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074

The following list illustrates the grounds for invalidity:

- Britax Child Safety, Inc., *Britax Boulevard 70 CS User Guide*, (2011) https://us.britax.com/media/7420/p473100_r1_blvd_cs_us_web.pdf, *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*, YouTube (Jan. 6, 2011) https://www.youtube.com/watch?v=OrL4oZaEwuk, *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*, YouTube (Jan. 6, 2011), https://www.youtube.com/watch?v=I1gD5S-9NFE&t=59s, (collectively, "*Boulevard 70 CS*") anticipates claims 1-3, 5-7, and 16.
- Boulevard 70 CS renders obvious claims 1-3, 5-7, and 16.
- Boulevard 70 CS in combination with U.S. Patent No. 6,508,510 B2 ("*Yamazaki*"), Japanese Laid-open Patent Publication No. H5-185869 ("*Washimi*"), European Patent Application No. EP0822115A2 ("*Wetter*"), the Uppa Baby Mesa Instruction Manual ("*Uppa Baby Mesa*"), the Britax B-Safe 35 User Guide ("*B-Safe 35*") U.S. Patent No. 8,322,788 B2 ("*Williams*") and/or the Graco Smart Seat Owner's Manual ("*Graco Smart Seat*") renders obvious claims 1-3, 5-7, and 16.

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| [1(p)] A child seat configured to be secured to a vehicle seat in both a rear-facing and front-facing orientation, the child seat comprising: | *Boulevard 70 CS* discloses or renders obvious a child seat configured to be secured to a vehicle seat in both a rear-facing and front-facing orientation. *Boulevard 70 CS User Guide*, p. 15; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br>**Rear-Facing**<br><br>When installed in the rear-facing position, the child seat should be reclined at least 30˚ from vertical for children and up to 45˚ from vertical for infants unable to maintain head and neck control (not to exceed 45˚) when the car is parked on a level surface. When installing the seat in rear-facing mode, recline the seat to position 3 and use the guide line on the child seat to help achieve an acceptable recline angle for rear-facing installations.<br><br><br><br>*Id.*, p. 15. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | **Forward-Facing** <br><br> **IMPORTANT:** In forward-facing installations, it is important that the base of the child seat rests completely flat on the vehicle seat. As illustrated below, it is permissible to allow up to 20% or 3 in. (7.6 cm) of the base to hang over the edge of the vehicle seat. Some vehicle seats do not allow enough of the child seat base to contact the vehicle seat. If this is the case, adjust the recline angle to a more upright position. Not doing so could cause the child seat not to perform as intended. <br><br>  <br><br> *Id.*, p. 15. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
|  |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation in claim 1. |
| [1(a)(1)] a seat base defining a seat portion, a backrest portion, and first and second lateral edges that protrude forwardly and upwardly from the seat and backrest portions, | *Boulevard 70 CS* discloses or renders obvious a seat base defining a seat portion, a backrest portion, and first and second lateral edges that protrude forwardly and upwardly from the seat and backrest portions. *Boulevard 70 CS User Guide*, p. 22. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Id.*, p. 22.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation in claim 1. |
| [1(a)(2)] wherein the seat base is configured to receive a belt of the vehicle seat in an | *Boulevard 70 CS* discloses or renders obvious the seat base is configured to receive a belt of the vehicle seat in an untensioned state to secure the child seat to the vehicle seat in an untensioned configuration. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| untensioned state to secure the child seat to the vehicle seat in an untensioned configuration; and | <br><br>*Boulevard 70 CS User Guide*, p. 23. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation in claim 1. |
| [1(b)(1)] a tensioning mechanism having a proximal end pivotally attached to the backrest portion of the seat base and a distal end comprising a sitting surface for an occupant of | *Boulevard 70 CS* discloses or renders obvious a tensioning mechanism having a proximal end pivotally attached to the backrest portion of the seat base and a distal end comprising a sitting surface for an occupant of the child seat and an engaging surface facing opposite to the sitting surface. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| the child seat and an engaging surface facing opposite to the sitting surface, | <br><br>*Boulevard 70 CS User Guide*, p. 29. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki's* tensioning mechanism. Furthermore, although *Yamazaki* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Yamazaki's* tensioning mechanism into *Boulevard 70 CS's* child seat. For example, *Yamazaki* discloses: |

Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| | "The base 10 is fastened to the passenger seat 7 by a lap-and-diagonal seat belt 4. The seat belt 4 has a diagonal section 4a extending between a tongue plate 5 (FIG. 5) to be engaged with a latch 6 (FIG. 5) connected to the floor of the vehicle and a retractor (not shown), and a lap section 4b extending between the tongue plate 5 (FIG. 5) and an anchor (fixed member) 9 (FIG. 5)." *Yamazaki*, 3:30-36.<br><br>"Step 1: The base 10 is set on the passenger seat 7 of the vehicle. Step 2: The tongue plate 5 of the seat belt 4 is engaged with the latch 6 with the lap section 4b of the seat belt 4 extended under the lever 12 of the seat belt tightening mechanism 11." *Id.*, 4:27-32.<br><br><br>**F I G. I**<br>*Id.*, Fig. 1. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | In another alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Washimi*'s tensioning mechanism. Furthermore, although *Washimi* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Washimi*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Washimi* discloses: <br><br> "In the straddle part 56, the webbing 60 is positioned with the lap webbing 66 and shoulder webbing 68 stacked together in a state where the tongue plate 62 is engaged with the buckle device 64." *Washimi*, ¶[0023]. <br><br>  <br> *Id.,* Fig. 1 (annotated). |

15

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Id.,* Fig. 2 (annotated). In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Wetter*'s tensioning mechanism. Furthermore, although *Wetter* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Wetter*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Wetter* discloses: |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | "During installation, both the lap and shoulder portions of an adult seat belt 136 for the vehicle seat 128, 130 are engaged round the belt guides 134 as shown in Figure 10. Next, a U-shaped strap deflecting member 138, which has its ends pivotally engaging in holes 140 and 142 in the side limbs 114 and 116 of the base member, is pivoted downwardly from the position shown in Figure 10 to the position shown in Figure 11 in which it deflects the adult seat belt 136 downwardly between the belt guides 134 and compressing the springs of the seat cushion 130 of the vehicle seat. The deflection member 138 is held in the position shown in Figures 9 and 11 (in which it lies substantially parallel to the limbs 114 and 116 of the base member) by springloaded detents 144 and 146 on the base member 110 adjacent to the junctions between the central portion 112 and the end portions 114 and 116 respectively." *Wetter*, 5:6-23.<br><br>Fig.9. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 |
| :---: |

| Claim Language | Prior Art |
| :---: | :---: |
|  | *Id.*, Fig. 9 (annotated).  *Id.*, Fig. 10 (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Id.*, Fig. 10 (annotated). In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Uppa Baby Mesa*'s tensioning mechanism. Furthermore, although *Uppa Baby Mesa* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Uppa Baby Mesa*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Uppa Baby Mesa* discloses: |

19

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**



Uppa Baby Mesa Instruction Manual, p. 23.

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| | In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *B-Safe 35*'s tensioning mechanism. Furthermore, although *B-Safe 35* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *B-Safe 35*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *B-Safe 35* discloses:<br><br>• *Place the base in the desired location on the vehicle seat and open the upper and lower portions of the lock-off.*<br>• *Pull the vehicle seat belt out.*<br><br>• *Ensure that the vehicle seat belt is not twisted and then route the vehicle belt under and through the first belt guide, through the open lock-off and down through the second belt guide.*<br>• *Buckle the vehicle seat belt.*<br><br>Britax B-Safe 35 User Guide, p. 16. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

<div style="border:1px solid">

<span style="background:red;color:white">Installing the Base</span>

- *Press the base firmly into the vehicle seat while removing all slack from first the lap portion and then the shoulder portion of the vehicle seat belt.*



- *Hold the vehicle belt tight and close the upper portion of the lock-off.*



- *Press firmly on the upper portion of the lock-off and close the lower portion to secure.*



- *Verify that the vehicle belt is tight and that the base is secure. The base is secure when it moves less than 1 inch (2.5 cm) front-to-back or side-to-side at the vehicle belt path.*
- *Correct recline angle is acheived when the green marker on each recline angle indicator is visible between the two lines.*



*Id.*, p. 17.

</div>

22

Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
|  | In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved *the Boulevard 70 CS* with *Williams*'s tensioning mechanism. Furthermore, although *Williams* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Williams*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Williams* discloses:<br><br>"Referring to FIG. 1, the base 10 may be formed integrally in one piece or an assembly of multiply piece, having a curved supporting surface 11 for support a infant travel seat thereon and a pair of side guiding openings 12 for allowing a belt passing therethrough so as to secure the base 10 to the vehicle seat. Referring to FIGS. 2 and 3, the biting compartment 32 is formed on the base 10 between the pair of side guiding openings 12 where the belt 20 could pass is passing thereover. The covering plate 31 has one end coaxial with the colored rotor 35 and pivoted to one end of the biting compartment 32 for closing the biting compartment 32 when being rotated to a closed position, and another end pivoted with a rotatable depressor 34 for pressing the belt 20 into the biting compartment 32 when the covering plate 31 is rotated to and positioned in the closed position. [P]referably, a resilient element 36 may be mounted between the covering plate 31 and the rotatable depressor 34, so as to keep the rotatable depressor 34 in an opened position. In one embodiment, the resilient element 36 is a compression spring for biasing the rotatable depressor 34 downward and keeping in the opened position. When the covering plate 31 is carrying the rotatable depressor 34 to press the belt 20, it would compress the resilient element 36 and cause the rotatable depressor 34 to rotate and close to the covering plate 31 to a closed position." *Id.*, 2:49-3:7.<br><br>"Referring to FIGS. 5 and 6, before tying the base **10** to a vehicle seat, the belt **20** is passing through the pair of side guiding openings **12** and secure its free end to an anchor which is mounted within the vehicle seat. By this way, may secure the base **10** to the vehicle seat tightly." *Id.*, 3:41-45. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| | "In order to inhibit the sliding between the base **10** and belt **20**, the user may rotate the covering plate **31** to close the biting compartment **32**, thus would carry the rotatable depressor **34** to press the belt **20** into the biting compartment **32**. After being closed the covering plate **31**, the user may rotate the holding plate **33** to engage and lock the covering plate **31** in the closed position." *Id.*, 3:16-52.<br><br><br><br>*Id.*, FIGS. 1, 2. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Id.*, FIG. 5.<br><br>In a further alternative, to the extent *the Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved *the Boulevard 70 CS* with *Graco Smart Seat*'s tensioning mechanism. Furthermore, although *Graco Smart Seat* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Graco Smart Seat*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Graco Smart Seat* discloses: |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | When using the vehicle seat belts to install the base, the lock-off is **ALWAYS** used to secure both belts of the lap or lap/shoulder belt.<br><br>1. Position base in vehicle seat as shown **C**.<br>2. Open the lock-off and route the vehicle belt through the belt path and over the lock-off **D**.<br>3. Buckle seat belt.  Pull up on shoulder belt while pushing down on base to tighten **E**.<br>4. Close lock-off **F**.<br>5. Test base for secure installation by moving front to back and left to right at the belt path **G**. Base should not move more than 1 inch ( 2.54 cm). If belt loosens or lengthens, repeat procedure.<br><br>Lap Belt **H** and Lap/Shoulder Belt **I** should appear as shown when installed.<br><br>**30**<br><br>*Graco Smart Seat Owner's Manual*, p. 30. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Id.*, p. 31. <br><br> One of ordinary skill in the art would have been motivated to combine *the Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat* because these references teach systems securing child seats to vehicle seats using securing mechanisms. The *Boulevard 70 CS* uses a tensioning mechanism to ensure "that the child seat cannot be moved front to back or side to side more than 1 in. (2.5 cm) at the belt path. If the child seat is not secure, repeat installation or use a different seating location." *Boulevard CS 70 User Guide*, p. 21, 23, 25, 27, 29, 31. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | As identified, the installation of *Boulevard 70 CS*'s child seat can sometimes result in loose installations. *Id*. Therefore, a person of ordinary skill in the art would have looked to improve *Boulevard CS 70*'s locking tabs with one of the tensioning mechanisms disclosed in *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| [1(b)(2)] wherein the tensioning mechanism is movable downwardly and forwardly to a first position substantially adjacent to the seat base and upwardly and rearwardly to a second position displaced therefrom, | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism is movable downwardly and forwardly to a first position substantially adjacent to the seat base and upwardly and rearwardly to a second position displaced therefrom. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br><br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki, Washimi, Wetter, Uppa Baby Mesa, B-Safe 35, Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation in claim 1. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| [1(b)(3)] wherein placing the tensioning mechanism in the second position allows the seat base to receive the belt, and movement of the tensioning mechanism from the second position to the first position presses the belt against the first and second edges and deflects a portion of the belt between first and second edges to be closer to the seat or backrest portion than portions of the belt that engage the first and second edges and thus applies tension to the belt to secure the child seat to the vehicle seat in a tensioned configuration, | *Boulevard 70 CS* discloses or renders obvious placing the tensioning mechanism in the second position allows the seat base to receive the belt, and movement of the tensioning mechanism from the second position to the first position presses the belt against the first and second edges and deflects a portion of the belt between first and second edges to be closer to the seat or backrest portion than portions of the belt that engage the first and second edges and thus applies tension to the belt to secure the child seat to the vehicle seat in a tensioned configuration. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br><br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). |

34

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

<table>
<tr><td colspan="2" align="center"><strong>Invalidity Chart for U.S. Patent No. 9,499,074</strong></td></tr>
<tr><td align="center"><strong>Claim Language</strong></td><td align="center"><strong>Prior Art</strong></td></tr>
<tr>
<td></td>
<td>See claim element 1(b)(1) for the motivation to combine.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1.</td>
</tr>
<tr>
<td>[1(c)] wherein the seat base of the child seat is configured to receive the belt when the seat base is in both a rear-facing orientation and when the seat base is in a front-facing orientation.</td>
<td>*Boulevard 70 CS* discloses or renders obvious the seat base of the child seat is configured to receive the belt when the seat base is in both a rear-facing orientation and when the seat base is in a front-facing orientation. *Boulevard 70 CS User Guide*, p. 22, 28.</td>
</tr>
</table>

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br>*Id.,* p. 22. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br>*Id.,* p. 28. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| | |
| 2. The child seat according to claim 1,<br><br>wherein the tensioning mechanism is configured to rotate, in response to receiving a substantially vertical force, from the second position to the first position to apply tension to the belt to secure the child seat to the vehicle seat in a tensioned configuration. | *Boulevard 70 CS* discloses or renders obvious that the tensioning mechanism is configured to rotate, in response to receiving a substantially vertical force, from the second position to the first position to apply tension to the belt to secure the child seat to the vehicle seat in a tensioned configuration. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |   *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 2. |
| | |
| 3. The child seat according to claim 1, | *Boulevard 70 CS* discloses or renders obvious the seat base is configured to receive the belt so as to define a first belt path spanning the first and second edges. *Boulevard 70 CS User Guide*, p. 23. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

<table>
<tr><td colspan="2" align="center"><strong>Invalidity Chart for U.S. Patent No. 9,499,074</strong></td></tr>
<tr><td align="center"><strong>Claim Language</strong></td><td align="center"><strong>Prior Art</strong></td></tr>
<tr>
<td>wherein the seat base is configured to receive the belt so as to define a first belt path spanning the first and second edges.</td>
<td>



**IMPORTANT:** *Ensure the buckle is in inner slot and lying away from the belt path.*

4   Open the blue lock-off closest to where the vehicle belt will be buckled.
  a   Open the locking tab
  b   Open the clamp

5   *Route the vehicle belt through the rear-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.*

6   *Push down into the middle of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.*

  a   Close the clamp over the vehicle belt
  b   Slide your palm or thumb along the locking tab until a click is heard (see page 14)

**IMPORTANT:** *Both the vehicle lap and shoulder belts must be routed through the lock-off.*

7   *Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).*

*Id.*, p. 23.

Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with

</td>
</tr>
</table>

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
|  | *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). See claim element 1(b)(1) for the motivation to combine. *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 3. |
|  | |
| 5. The child seat according to claim 3, wherein the seat base is further configured to receive the belt so as to define the first belt path when the child seat is in the rear-facing orientation, and wherein the seat base is configured to receive the belt so as to define a second belt path spanning the first and second edges when the child seat is in the forward-facing orientation. | *Boulevard 70 CS* discloses or renders obvious the seat base is further configured to receive the belt so as to define the first belt path when the child seat is in the rear-facing orientation, and wherein the seat base is configured to receive the belt so as to define a second belt path spanning the first and second edges when the child seat is in the forward-facing orientation. *Boulevard 70 CS User Guide*, p. 23, 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
|  |  *Id.*, p. 23. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| |  |

*Id.*, p. 29.

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| | |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| 6. The child seat according to claim 5,<br><br>wherein the first belt path is defined between the tensioning mechanism and the seat base at a position proximate an intermediate region of the seat portion. | *Boulevard 70 CS* discloses or renders obvious the first belt path is defined between the tensioning mechanism and the seat base at a position proximate an intermediate region of the seat portion. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, 23. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 6. |

48

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| 7. The child seat according to claim 5,<br><br>wherein the second belt path is defined between the tensioning mechanism and the seat base at a position proximate an intersection of the backrest portion and the seat portion. | *Boulevard 70 CS* discloses or renders obvious that the second belt path is defined between the tensioning mechanism and the seat base at a position proximate an intersection of the backrest portion and the seat portion. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, p. 29. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki, Washimi, Wetter, Uppa Baby Mesa, B-Safe 35, Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 7. |
| | |
| [16(p)] A method for manufacturing a child seat configured to be secured to a vehicle seat in both a rear-facing orientation and | *Boulevard 70 CS* discloses or renders obvious a method for manufacturing a child seat configured to be secured to a vehicle seat in both a rear-facing orientation and a front-facing orientation. *Boulevard 70 CS User Guide*, p. 15; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| a front-facing orientation, the method comprising: | **Rear-Facing**<br><br>When installed in the rear-facing position, the child seat should be reclined at least 30˚ from vertical for children and up to 45˚ from vertical for infants unable to maintain head and neck control (not to exceed 45˚) when the car is parked on a level surface. When installing the seat in rear-facing mode, recline the seat to position 3 and use the guide line on the child seat to help achieve an acceptable recline angle for rear-facing installations.<br><br>*Boulevard 70 CS User Guide*, p. 15. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | **Forward-Facing**<br><br>**IMPORTANT:** In forward-facing installations, it is important that the base of the child seat rests completely flat on the vehicle seat. As illustrated below, it is permissible to allow up to 20% or 3 in. (7.6 cm) of the base to hang over the edge of the vehicle seat. Some vehicle seats do not allow enough of the child seat base to contact the vehicle seat. If this is the case, adjust the recline angle to a more upright position. Not doing so could cause the child seat not to perform as intended.<br><br><br><br>*Acceptable overhang*     *Unacceptable overhang*<br><br>*Id.*, p. 15. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 16. |
| 16(a) providing a seat base defining a seat portion, a backrest portion, and first and second lateral edges that protrude forwardly and upwardly from the seat and backrest portions, wherein the seat base is | See claim element [1(a)(1)] and [(1)(a)(2)].<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 16. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| configured to receive a belt of the vehicle seat in an untensioned state to secure the child seat to the vehicle seat in an untensioned configuration; and | |
| 16(b)(1) attaching a proximal end of a tensioning mechanism the backrest portion of to the seat base, wherein a distal end of the tensioning mechanism comprises a sitting surface for an occupant of the child seat and an engaging surface facing opposite to the sitting surface, | *Boulevard 70 CS* discloses or renders obvious the seat base is configured to receive a belt of the vehicle seat in an untensioned state to secure the child seat to the vehicle seat in an untensioned configuration. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Boulevard 70 CS User Guide*, p. 29. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
| --- | --- |
| **Claim Language** | **Prior Art** |
| |  *Boulevard 70 CS User Guide*, p. 14 |

57

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 16. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| 16(b)(2) wherein the tensioning mechanism is rotatable downwardly and forwardly to a first position substantially adjacent to the seat base and upwardly and rearwardly to a second position displaced therefrom, | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism is rotatable downwardly and forwardly to a first position substantially adjacent to the seat base and upwardly and rearwardly to a second position displaced therefrom. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, p. 14 |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 16. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| 16(b)(3) wherein placing the tensioning mechanism in the second position allows the seat base to receive the belt, and the movement of the tensioning mechanism from the second position to the first position presses the belt against the first and second edges and deflects a portion of the belt between first and second edges to be closer to the seat or backrest portion than portions of the belt that engage the first and second edges and thus applies tension to the belt to secure the child seat to the vehicle seat in a tensioned configuration, | See claim element 1(b)(3). *Boulevard 70 CS*, alone or in combination with *Yamazaki, Washimi, Wetter, Uppa Baby Mesa, B-Safe 35, Williams,* and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 16. |
| 16(c) wherein the seat base of the child seat is configured to receive the belt in both a rear-facing and front-facing orientation. | *Boulevard 70 CS* discloses or renders obvious the seat base of the child seat is configured to receive the belt in both a rear-facing and front-facing orientation. *Boulevard 70 CS User Guide*, p. 22, 28, |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| | <br>*Id.,* p. 22. |

**Exhibit A3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,499,074**

| Invalidity Chart for U.S. Patent No. 9,499,074 | |
|---|---|
| **Claim Language** | **Prior Art** |
| |  *Id.* at 28. |

*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 16.

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

Based upon Plaintiff's Amended Complaint, and Disclosure of Asserted Claims and Infringement Contentions and clam charts, and the apparent claim constructions and applications of the claims to Defendants accused products and/or components, as best as they can be deciphered, the reference charted below anticipates or at least renders obvious the asserted claims. These invalidity contentions are not an admission by Defendants that the accused products or components, including any current or past version of these products or components, are covered by, or infringe the asserted claims, particularly when these claims are properly construed and applied. These invalidity assertions are also not an admission that Defendants concede or acquiesce to any claim construction(s) implied or suggested by Plaintiff in its Amended Complaint or the Disclosure of Asserted Claims and Infringement Contentions and clam charts. Nor are Defendants asserting any claim construction positions through these charts, including whether the preamble is a limitation. The portions of the prior art reference cited below are not exhaustive but are exemplary in nature.

The chart below discloses how prior art references identified by Defendants discloses, either expressly or inherently, and/or render obvious each of the asserted claims. The citations provided are exemplary and do not necessarily include each and every disclosure of the limitation in the references. Defendants have endeavored to cite to the most relevant portions of the identified prior art, but other portions of the identified prior art may additionally disclose, either expressly or inherently, and/or render obvious one or more limitations of the asserted claims. Thus, Defendants reserve the right to rely on: (1) uncited portions of the identified prior art; (2) other prior art not identified herein; (3) references that show the state of the art (irrespective of whether such references themselves qualify as prior art to the asserted patents); (4) factual testimony from the inventors or authors of the prior art references, or purveyors of prior art devices; and/or (5) expert testimony, to provide context to or aid in understanding the prior art and the state of the art at the time of the alleged inventions.

The lack of a citation for an element should not be deemed an admission that the element is not disclosed or is not inherent in the reference. When the chart indicates a particular reference discloses or embodies a limitation, the terms "discloses," "disclosed," "embodies," and "embodied" refer to explicit and/or inherent disclosure and/or obvious variations of the actual disclosure. Further, due to the insoluble ambiguity of certain claims and claim limitations, Defendant has, in some instances, used its best efforts to reasonably interpret the claims to fulfill their duties in charting the prior art references.

Where Defendants cite to a particular drawing or figure in the accompanying charts, the citation encompasses the description of the drawing or figure, as well as any text associated with the drawing or figure. Similarly, where Defendants cite to particular text concerning a drawing or figure, the citation encompasses that drawing or figure as well. Certain identified prior art inherently discloses features of the asserted claims. Defendants reserve the right to rely on inherency to demonstrate the invalidity of the asserted claims. Moreover, certain prior art references may inherently disclose certain features of the asserted claims as construed by Plaintiff. Defendants may rely on cited or uncited portions of the prior art, other documents, factual testimony, and expert testimony to establish the inherency of certain features of the prior art to invalidate the asserted claims.

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

Defendants contend that one of ordinary skill in the art at the time of the purported invention would have been motivated to combine one or more of the identified references together. In general, a motivation to combine any of the identified references with others exists within the references themselves, as well as within the knowledge of those of ordinary skill in the art. These references identify and address the same technical issues and suggest similar solutions to those issues. Additionally, a person of ordinary skill in the art at the time of the purported invention would have been motivated to combine the prior art references identified by (i) his or her education and experience, (ii) the state of the prior art as a whole, (iii) the nature of the problem to be solved, (iv) common knowledge in the art, (v) common sense, (vi) design incentives, (vii) market forces, and/or (viii) a desire to tailor a solution using all of the skills and knowledge at his or her disposal. *See, e.g.*, *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007); *Examination Guidelines for Determining Obviousness Under 35 U.S.C. §103 in View of the Supreme Court Decision in KSR Int'l v. Teleflex*, Inc., Fed. Reg. 57526 (Oct. 10, 2007).

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

The following list illustrates the grounds for invalidity:

- Britax Child Safety, Inc., *Britax Boulevard 70 CS User Guide*, (2011) https://us.britax.com/media/7420/p473100_r1_blvd_cs_us_web.pdf, *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*, YouTube (Jan. 6, 2011) https://www.youtube.com/watch?v=OrL4oZaEwuk, *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*, YouTube (Jan. 6, 2011), https://www.youtube.com/watch?v=I1gD5S-9NFE&t=59s, (collectively, "Boulevard 70 CS") anticipates claims 1-15.
- *Boulevard 70 CS* renders obvious claims 1-15.
- *Boulevard 70 CS* in combination with U.S. Patent No. 6,508,510 B2 ("*Yamazaki*"), Japanese Laid-open Patent Publication No. H5-185869 ("*Washimi*"), European Patent Application No. EP0822115A2 ("*Wetter*"), the Uppa Baby Mesa Instruction Manual ("*Uppa Baby Mesa*"), the Britax B-Safe 35 User Guide ("*B-Safe 35*") U.S. Patent No. 8,322,788 B2 ("*Williams*") and/or the Graco Smart Seat Owner's Manual ("*Graco Smart Seat*") renders obvious claims 1-15.

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| [1(p)] A child seat configured to be secured to a vehicle seat in both a rear-facing and a forward-facing orientation by a belt of the vehicle seat, the child seat comprising: | *Boulevard 70 CS* discloses or renders obvious a child seat configured to be secured to a vehicle seat in both a rear-facing and front-facing orientation. *Boulevard 70 CS User Guide*, p. 15; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br>**Rear-Facing**<br><br>When installed in the rear-facing position, the child seat should be reclined at least 30˚ from vertical for children and up to 45˚ from vertical for infants unable to maintain head and neck control (not to exceed 45˚) when the car is parked on a level surface. When installing the seat in rear-facing mode, recline the seat to position 3 and use the guide line on the child seat to help achieve an acceptable recline angle for rear-facing installations.<br><br>*Id.*, p. 15. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | **Forward-Facing**<br><br>**IMPORTANT:** In forward-facing installations, it is important that the base of the child seat rests completely flat on the vehicle seat. As illustrated below, it is permissible to allow up to 20% or 3 in. (7.6 cm) of the base to hang over the edge of the vehicle seat. Some vehicle seats do not allow enough of the child seat base to contact the vehicle seat. If this is the case, adjust the recline angle to a more upright position. Not doing so could cause the child seat not to perform as intended.<br><br><br><br>*Acceptable overhang*        *Unacceptable overhang*<br><br>*Id.*, p. 15. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(a)(1)] a seat base comprising a seat portion, a backrest portion, | *Boulevard 70 CS* discloses or renders obvious a seat base comprising a seat portion and a backrest portion. *Boulevard 70 CS User Guide*, p. 22. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.*, p. 22.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(a)(2)] first and second lateral edges that protrude forwardly and upwardly from the seat and backrest portions, | *Boulevard 70 CS* discloses or renders obvious first and second lateral edges that protrude forwardly and upwardly from the seat and backrest portions. *Boulevard 70 CS User Guide*, p. 22. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 22.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(a)(3)] a first belt path generally at a middle of the seat portion in a | *Boulevard 70 CS* discloses or renders obvious a first belt path generally at a middle of the seat portion in a forward and rearward direction. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| :---: | :---: |
| **Claim** | **Prior Art** |
| forward and rearward direction, | <br><br>*Id.*, p. 23. |

10

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(a)(4)] and a second belt path generally at an intersection of the seat and backrest portions; and | *Boulevard 70 CS* discloses or renders obvious a second belt path generally at an intersection of the seat and backrest portions. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
|  |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(b)(1)] a tensioning mechanism attached to the seat base to be movable between a first position and a second position, | *Boulevard 70 CS* discloses or renders obvious a tensioning mechanism attached to the seat base to be movable between a first position and a second position. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

13

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  |

4  Open the red lock-off closest to where the vehicle belt will be buckled.
  a  Open the locking tab
  b  Open the clamp

5  Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.

6  Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.
  a  Close the clamp over the vehicle belt
  b  Slide your palm or thumb along the locking tab until a click is heard (see page 14)

**IMPORTANT:** *Both the vehicle lap and shoulder belts must be routed through the lock-off.*

7  Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).

*Id.*, p. 29.

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | <br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |   *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill in the art to have improved the *Boulevard 70 CS* with *Yamazaki*'s tensioning mechanism. Furthermore, although *Yamazaki* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Yamazaki*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Yamazaki* discloses:<br><br>"The base 10 is fastened to the passenger seat 7 by a lap-and-diagonal seat belt 4. The seat belt 4 has a diagonal section 4a extending between a tongue plate 5 (FIG. 5) to be engaged with a latch |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | 6 (FIG. 5) connected to the floor of the vehicle and a retractor (not shown), and a lap section 4b extending between the tongue plate 5 (FIG. 5) and an anchor (fixed member) 9 (FIG. 5)." *Yamazaki*, 3:30-36.<br><br>"Step 1: The base 10 is set on the passenger seat 7 of the vehicle. Step 2: The tongue plate 5 of the seat belt 4 is engaged with the latch 6 with the lap section 4b of the seat belt 4 extended under the lever 12 of the seat belt tightening mechanism 11." *Id.*, 4:27-32.<br><br><br><br>**F I G. I**<br>*Id.*, Fig. 1. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 ||
|---|---|
| **Claim** | **Prior Art** |
| | In another alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Washimi*'s tensioning mechanism. Furthermore, although *Washimi* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Washimi*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Washimi* discloses:<br><br>"In the straddle part 56, the webbing 60 is positioned with the lap webbing 66 and shoulder webbing 68 stacked together in a state where the tongue plate 62 is engaged with the buckle device 64." *Washimi*, ¶[0023].<br><br><br><br>*Id.*, Fig. 1 (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.,* Fig. 2 (annotated). In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Wetter*'s tensioning mechanism. Furthermore, although *Wetter* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Wetter*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Wetter* discloses: "During installation, both the lap and shoulder portions of an adult seat belt 136 for the vehicle seat 128, 130 are engaged round the belt guides 134 as shown in Figure 10. Next, a U-shaped strap deflecting member 138, which has its ends pivotally engaging in holes 140 and 142 in |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | the side limbs 114 and 116 of the base member, is pivoted downwardly from the position shown in Figure 10 to the position shown in Figure 11 in which it deflects the adult seat belt 136 downwardly between the belt guides 134, thereby tightening the belt 136 and compressing the springs of the seat cushion 130 of the vehicle seat. The deflection member 138 is held in the position shown in Figures 9 and 11 (in which it lies substantially parallel to the limbs 114 and 116 of the base member) by springloaded detents 144 and 146 on the base member 110 adjacent to the junctions between the central portion 112 and the end portions 114 and 116 respectively." *Wetter*, 5:6-23.<br><br><br><br>*Id.*, Fig. 9 (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.*, Fig. 10 (annotated). |

Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Id.*, Fig. 10 (annotated).<br><br>In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | *CS* with *Uppa Baby Mesa*'s tensioning mechanism. Furthermore, although *Uppa Baby Mesa* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Uppa Baby Mesa*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Uppa Baby Mesa* discloses: |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

### SECURING THE BASE (LAP AND SHOULDER BELT INSTALLATION)

**STEP 4A:** Route the vehicle belt through the belt path while guiding the lap portion of the belt as close as possible to the top of the lock-off where the door hinges. Buckle the vehicle belt.






**STEP 5A:** Hold shoulder portion of belt above base. With one hand push down base in the direction of the seat bight (crease of seat) and hold firm as you pull shoulder belt **❶**. While holding taut, slide shoulder belt back through the belt path as close as possible to the top of the lock-off **❷**.

**NOTE: TIGHTNESS INDICATOR SHOULD BE GREEN.**

**STEP 6A:** Close the lock-off door.

**NOTE:** *Check that the belt doesn't move more than 1 inch at belt path. If you are having trouble achieving a secure installation in the center seat position, please install using the locking clip (pg. 28).*



BASE INSTALLATION WITH VEHICLE SEAT BELT

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | Uppa Baby Mesa Instruction Manual, p. 23.<br><br>In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *B-Safe 35*'s tensioning mechanism. Furthermore, although *B-Safe 35* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *B-Safe 35*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Boulevard 70 CS* discloses:<br><br>    • *Place the base in the desired location on the vehicle seat and open the upper and lower portions of the lock-off.*<br>    • *Pull the vehicle seat belt out.*<br><br>    • *Ensure that the vehicle seat belt is not twisted and then route the vehicle belt under and through the first belt guide, through the open lock-off and down through the second belt guide.*<br>    • *Buckle the vehicle seat belt.*<br><br>Britax B-Safe 35 User Guide, p. 16. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

### Installing the Base

- *Press the base firmly into the vehicle seat while removing all slack from first the lap portion and then the shoulder portion of the vehicle seat belt.*



- *Hold the vehicle belt tight and close the upper portion of the lock-off.*



- *Press firmly on the upper portion of the lock-off and close the lower portion to secure.*



- *Verify that the vehicle belt is tight and that the base is secure. The base is secure when it moves less than 1 inch (2.5 cm) front-to-back or side-to-side at the vehicle belt path.*
- *Correct recline angle is acheived when the green marker on each recline angle indicator is visible between the two lines.*

**17**

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

<table>
<tr><td colspan="2" align="center"><strong>Invalidity Chart for U.S. Patent No. 9,586,504</strong></td></tr>
<tr><td align="center"><strong>Claim</strong></td><td align="center"><strong>Prior Art</strong></td></tr>
<tr>
<td></td>
<td>

*Id.*, p. 17.

In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved *the Boulevard 70 CS* with *Williams*'s tensioning mechanism. Furthermore, although *Williams* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Williams*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, *Williams* discloses:

"Referring to FIG. 1, the base 10 may be formed integrally in one piece or an assembly of multiply piece, having a curved supporting surface 11 for support a infant travel seat thereon and a pair of side guiding openings 12 for allowing a belt passing therethrough so as to secure the base 10 to the vehicle seat. Referring to FIGS. 2 and 3, the biting compartment 32 is formed on the base 10 between the pair of side guiding openings 12 where the belt 20 could pass is passing thereover. The covering plate 31 has one end coaxial with the colored rotor 35 and pivoted to one end of the biting compartment 32 for closing the biting compartment 32 when being rotated to a closed position, and another end pivoted with a rotatable depressor 34 for pressing the belt 20 into the biting compartment 32 when the covering plate 31 is rotated to and positioned in the closed position. [P]referably, a resilient element 36 may be mounted between the covering plate 31 and the rotatable depressor 34, so as to keep the rotatable depressor 34 in an opened position. In one embodiment, the resilient element 36 is a compression spring for biasing the rotatable depressor 34 downward and keeping in the opened position. When the covering plate 31 is carrying the rotatable depressor 34 to press the belt 20, it would compress the resilient element 36 and cause the rotatable depressor 34 to rotate and close to the covering plate 31 to a closed position." *Id.*, 2:49-3:7.

"Referring to FIGS. 5 and 6, before tying the base **10** to a vehicle seat, the belt **20** is passing through the pair of side guiding openings **12** and secure its free end to an anchor which is

</td>
</tr>
</table>

Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | mounted within the vehicle seat. By this way, may secure the base **10** to the vehicle seat tightly." *Id.*, 3:41-45.<br><br>"In order to inhibit the sliding between the base **10** and belt **20**, the user may rotate the covering plate **31** to close the biting compartment **32**, thus would carry the rotatable depressor **34** to press the belt **20** into the biting compartment **32**. After being closed the covering plate **31**, the user may rotate the holding plate **33** to engage and lock the covering plate **31** in the closed position." *Id.*, 3:16-52.<br><br><br><br>*Id.*, FIGS. 1, 2. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.*, FIG. 5. In a further alternative, to the extent *the Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved *the Boulevard 70 CS* with *Graco Smart Seat*'s tensioning mechanism. Furthermore, although *Graco Smart Seat* teaches a tensioning mechanism attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Graco Smart Seat*'s tensioning mechanism into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Graco Smart Seat* discloses: |

FIG. 5

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | When using the vehicle seat belts to install the base, the lock-off is **ALWAYS** used to secure both belts of the lap or lap/shoulder belt. <br><br> 1. Position base in vehicle seat as shown **C**. <br><br> 2. Open the lock-off and route the vehicle belt through the belt path and over the lock-off **D**. <br><br> 3. Buckle seat belt.  Pull up on shoulder belt while pushing down on base to tighten **E**. <br><br> 4. Close lock-off **F**. <br><br> 5. Test base for secure installation by moving front to back and left to right at the belt path **G**. Base should not move more than 1 inch ( 2.54 cm). If belt loosens or lengthens, repeat procedure. <br><br> Lap Belt **H** and Lap/Shoulder Belt **I** should appear as shown when installed. <br><br> **30** <br><br> *Graco Smart Seat Owner's Manual*, p. 30. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  |

*Id.*, p. 31.

One of ordinary skill in the art would have been motivated to combine *the Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat* because these references teach systems securing child seats to vehicle seats using securing mechanisms. The *Boulevard 70 CS* uses a tensioning mechanism to ensure "that the child seat cannot be moved front to back or side to side more than 1 in. (2.5 cm) at the belt path. If the child seat is not secure, repeat installation or use a different seating location." *Boulevard CS 70 User Guide*, p. 21, 23, 25, 27, 29, 31.

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | As identified, the installation of *Boulevard 70 CS*'s child seat can sometimes result in loose installations. *Id.* Therefore, a person of ordinary skill in the art would have looked to improve *Boulevard CS 70*'s locking tabs with one of the tensioning mechanisms disclosed in *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(b)(2)] the tensioning mechanism having an end attached to the backrest portion at an axis such that the tensioning mechanism rotates between the first position and the second position pivotally about the axis, and | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism having an end attached to the backrest portion at an axis such that the tensioning mechanism rotates between the first position and the second position pivotally about the axis. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| [1(b)(3)] wherein the tensioning mechanism has a first lateral edge surface and a second lateral edge surface, the first and second lateral edge surfaces extending along respective sides of the tensioning mechanism from and transverse to the axis, | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism has a first lateral edge surface and a second lateral edge surface, the first and second lateral edge surfaces extending along respective sides of the tensioning mechanism from and transverse to the axis. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Off.* <br><br>  <br><br> *Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(b)(4)] wherein in the first position, the tensioning mechanism is | *Boulevard 70 CS* discloses or renders obvious that in the first position, the tensioning mechanism is substantially adjacent to the seat base. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Off*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| substantially adjacent to the seat base, and | <br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(b)(5)] wherein in the second position, the tensioning mechanism is at least partly displaced from the seat base in order to enable at least one of the first belt path or the | *Boulevard 70 CS* discloses or renders obvious the seat base is configured to receive a belt of the vehicle seat in an untensioned state to secure the child seat to the vehicle seat in an untensioned configuration. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Off*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| second belt path to receive the belt; |  *Boulevard CS 70 User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 ||
|---|---|
| **Claim** | **Prior Art** |
| [1(c)(1)] wherein the first belt path is configured to allow a user to position the belt to be displaced by the first and second lateral edge surfaces relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation, | *Boulevard 70 CS* discloses or renders obvious the first belt path is configured to allow a user to position the belt to be displaced by the first and second lateral edge surfaces relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Off.* <br><br>  <br><br> *Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(c)(2)] wherein the second belt path is configured to allow the user to position the belt to be displaced by the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism is movable downwardly and forwardly to a first position substantially adjacent to the seat base and upwardly and rearwardly to a second position displaced therefrom. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| forward-facing orientation, and |  *Id.*, p. 23. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| [1(d)] wherein in each of the forward or rear-facing orientations, the first and second lateral edge surfaces of respective different portions of the tensioning mechanism | *Boulevard 70 CS* discloses or renders obvious that in each of the forward or rear-facing orientations, the first and second lateral edge surfaces of respective different portions of the tensioning mechanism displace the belt to apply tension to the belt. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| displace the belt to apply tension to the belt. |  *Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). <br><br> See claim element 1(b)(1) for the motivation to combine. <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 1. |
| | |
| 2. The child seat according to claim 1, | *Boulevard 70 CS* discloses or renders obvious the first belt path extending transversely with respect to a longitudinal axis of the child seat across the seat portion of the seat base. *Boulevard 70 CS User Guide*, |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| wherein the first belt path extends transversely with respect to a longitudinal axis of the child seat across the seat portion of the seat base. | p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br><br>*Boulevard 70 CS User Guide*, p. 23. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 2. |
| | |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| 3. The child seat according to claim 1, wherein the second belt path extends transversely with respect to a longitudinal axis of the child seat across the backrest portion of the seat base. | *Boulevard 70 CS* discloses or renders obvious the second belt path extending transversely with respect to a longitudinal axis of the child seat across the backrest portion of the seat base. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. <br><br>  <br><br> *Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 3. |
| | |
| 4. The child seat according to claim 1, wherein the tensioning mechanism is attached to the backrest portion so | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism is attached to the backrest portion so that the first and second edge surfaces are movable from the second position to the first position in response to receipt of a substantially vertical force. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| that the first and second edge surfaces are movable from the second position to the first position in response to receipt of a substantially vertical force. | 
*Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | See claim element 1(b)(1) for the motivation to combine.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 4. |
| | |
| [5(p)] A child seat configured to be secured to a vehicle seat in a rear-facing orientation in which an occupant of the child seat faces toward a backrest of the vehicle seat and a forward-facing orientation in which an occupant of the child seat faces away from the vehicle backrest, where the vehicle seat has a vehicle belt having a lap portion and a shoulder portion, the child seat comprising: | *Boulevard 70 CS* discloses or renders obvious a child seat configured to be secured to a vehicle seat in a rear-facing orientation in which an occupant of the child seat faces toward a backrest of the vehicle seat and a forward-facing orientation in which an occupant of the child seat faces away from the vehicle backrest, where the vehicle seat has a vehicle belt having a lap portion and a shoulder portion. *Boulevard 70 CS User Guide*, p. 15; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Id.*, p. 15. |

Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | 

**Forward-Facing**
**IMPORTANT:** In forward-facing installations, it is important that the base of the child seat rests completely flat on the vehicle seat. As illustrated below, it is permissible to allow up to 20% or 3 in. (7.6 cm) of the base to hang over the edge of the vehicle seat. Some vehicle seats do not allow enough of the child seat base to contact the vehicle seat. If this is the case, adjust the recline angle to a more upright position. Not doing so could cause the child seat not to perform as intended.

*Acceptable overhang*    *Unacceptable overhang*

*Id.*, p. 15. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
|  |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(a)(1)] a seat base comprising a seat portion, a backrest portion, and | See claim element [1(a)(1)].<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(a)(2)] first and second lateral edges that protrude | See claim element [1(a)(2)]. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| forwardly and upwardly from the seat and backrest portions; | *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(b)(1)] a first belt path generally at a middle of the seat portion in a forward and rearward direction, and | See claim element [1(a)(3)].<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(b)(2)] a second belt path generally at an intersection of the seat and backrest portions; and | See claim element [1(a)(4)].<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(c)(1)] a tensioning mechanism attached to the seat base to be movable between a first position and a second position, | See claim element [1(b)(1)].<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(c)(2)] the tensioning mechanism having an end attached to the backrest portion at an axis such that the tensioning mechanism is rotatable between the first position and the second position pivotally about the axis, and | See claim element [1(b)(2)].<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | |
| [5(c)(3)] wherein the tensioning mechanism has a first rigid edge surface and a second rigid edge surface, | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism has a first rigid edge surface and a second rigid edge surface. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.

**4** Open the red lock-off closest to where the vehicle belt will be buckled.
  a  Open the locking tab
  b  Open the clamp

**5** Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.

**6** Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.
  a  Close the clamp over the vehicle belt
  b  Slide your palm or thumb along the locking tab until a click is heard (see page 14)

**IMPORTANT:** *Both the vehicle lap and shoulder belts must be routed through the lock-off.*
**7** Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).

*Id.*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|:---:|:---:|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). <br><br> See claim element 1(b)(1) for the motivation to combine. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| | |
|---|---|
| **Invalidity Chart for U.S. Patent No. 9,586,504** | |
| **Claim** | **Prior Art** |
| | *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(c)(4)] the first and second ridge edge surfaces extending along respective sides of the tensioning mechanism from and transverse to the axis, | *Boulevard 70 CS* discloses or renders obvious the first and second ridge edge surfaces extending along respective sides of the tensioning mechanism from and transverse to the axis. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br> |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| :---: | :---: |
| **Claim** | **Prior Art** |
| | *Id.*, p. 29. <br><br>  <br><br> *Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(d)(1)] wherein in the first position, the first and second rigid edge surfaces are substantially adjacent to the seat base, and | *Boulevard 70 CS* discloses or renders obvious that in the first position, the first and second rigid edge surfaces are substantially adjacent to the seat base. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(d)(2)] wherein in the second position, the first | *Boulevard 70 CS* discloses or renders obvious that in the second position, the first and second rigid edge surfaces are at least partly displaced from the seat base so that the lap section of the vehicle belt and the |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| and second rigid edge surfaces are at least partly displaced from the seat base so that the lap section of the vehicle belt and the shoulder section of the vehicle belt are received by the backrest portion from a gap between the first and second rigid edge surfaces and the backrest portion so that application of tension to the vehicle belt retains the child seat in the forward-facing orientation with respect to the vehicle seat, | shoulder section of the vehicle belt are received by the backrest portion from a gap between the first and second rigid edge surfaces and the backrest portion so that application of tension to the vehicle belt retains the child seat in the forward-facing orientation with respect to the vehicle seat. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br>**4** Open the red lock-off closest to where the vehicle belt will be buckled.<br>  a Open the locking tab<br>  b Open the clamp<br>**5** Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.<br>**6** Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.<br>  a Close the clamp over the vehicle belt<br>  b Slide your palm or thumb along the locking tab until a click is heard (see page 14)<br><br>**IMPORTANT:** *Both the vehicle lap and shoulder belts must be routed through the lock-off.*<br>**7** Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).<br>*Id.*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(e)] wherein movement of the first and second rigid edge surfaces from the second position to the | *Boulevard 70 CS* discloses or renders obvious movement of the first and second rigid edge surfaces from the second position to the first position causes the first and second rigid edge surfaces to displace a portion of the shoulder section and a portion of the lap section of the vehicle belt with respect to a surface of the backrest portion to thereby increase the tension in the vehicle belt that retains the child seat |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| first position causes the first and second rigid edge surfaces to displace a portion of the shoulder section and a portion of the lap section of the vehicle belt with respect to a surface of the backrest portion to thereby increase the tension in the vehicle belt that retains the child seat in the forward-facing orientation, | in the forward-facing orientation. *oulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| [5(f)] wherein, in the forward-facing orientation, the first and second rigid edge surfaces of a first portion of the tensioning mechanism displace the belt to apply tension to the belt in the second belt path, and | *Boulevard 70 CS* discloses or renders obvious that in the forward-facing orientation, the first and second rigid edge surfaces of a first portion of the tensioning mechanism displace the belt to apply tension to the belt in the second belt path. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br> |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | *Id.*, p. 14.<br><br><br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). <br><br> See claim element 1(b)(1) for the motivation to combine. <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| [5(g)] wherein, in the rear-facing orientation, the first and second rigid edge surfaces of a second portion of the tensioning mechanism displace the belt to apply tension to the belt. | *Boulevard 70 CS* discloses or renders obvious that in the rear-facing orientation, the first and second rigid edge surfaces of a second portion of the tensioning mechanism displace the belt to apply tension to the belt. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 5. |
| | |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| 6. The child seat according the claim 5, wherein the first belt path is configured to allow a user to position the lap section and the shoulder section of the vehicle belt to be displaced by the first and second rigid edge surfaces to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation, wherein the second belt path is configured to allow the user to position the lap section and the shoulder section of the vehicle belt to be displaced by the first and second rigid edge surfaces to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation. | *Boulevard 70 CS* discloses or renders obvious the first belt path being configured to allow a user to position the lap section and the shoulder section of the vehicle belt to be displaced by the first and second rigid edge surfaces to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation, and the second belt path being configured to allow the user to position the lap section and the shoulder section of the vehicle belt to be displaced by the first and second rigid edge surfaces to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. <br><br> **Using the Lock-Offs** <br><br> **IMPORTANT:** *Both parts of the lock-off must be opened to secure a vehicle belt.* <br><br>   <br><br>  <br><br> *Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Id.*, p. 23. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1).<br><br>See claim element 1(b)(1) for the motivation to combine.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 6. |
| | |
| 7. The child seat according to claim 6, | See claim 2. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| wherein the first belt path extends transversely with respect to a longitudinal axis of the child seat across the seat portion of the seat base. | The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 7. |
| | |
| 8. The child seat according to claim 6, wherein the second belt path extends transversely with respect to a longitudinal axis of the child seat across the backrest portion of the seat base. | See claim 3.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 8. |
| | |
| [9(p)] A child seat configured to be secured to a vehicle seat in both a rear-facing and a forward-facing orientation with a vehicle belt, the child seat comprising: | *Boulevard 70 CS* discloses or renders obvious that in each of the forward or rear-facing orientations, respective different portions of the first and second lateral edge surfaces of the tensioning mechanism displace the belt to apply tension to the belt. *Boulevard 70 CS User Guide*, p. 15. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | **Rear-Facing**<br><br>When installed in the rear-facing position, the child seat should be reclined at least 30˚ from vertical for children and up to 45˚ from vertical for infants unable to maintain head and neck control (not to exceed 45˚) when the car is parked on a level surface. When installing the seat in rear-facing mode, recline the seat to position 3 and use the guide line on the child seat to help achieve an acceptable recline angle for rear-facing installations.<br><br>*Id.*, p. 15.<br><br>**Forward-Facing**<br><br>**IMPORTANT:** In forward-facing installations, it is important that the base of the child seat rests completely flat on the vehicle seat. As illustrated below, it is permissible to allow up to 20% or 3 in. (7.6 cm) of the base to hang over the edge of the vehicle seat. Some vehicle seats do not allow enough of the child seat base to contact the vehicle seat. If this is the case, adjust the recline angle to a more upright position. Not doing so could cause the child seat not to perform as intended.<br><br>*Acceptable overhang*            *Unacceptable overhang*<br><br>*Id.*, p. 15.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | |
| [9(a)(1)] a seat base comprising a seat portion, a backrest portion, and | See claim element [1(a)(1)].<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(a)(2)] opposing side portions that protrude forwardly from the backrest portion and upwardly from the seat portion; | *Boulevard 70 CS* discloses or renders obvious opposing side portions that protrude forwardly from the backrest portion and upwardly from the seat portion. *Boulevard 70 CS User Guide*, p. 22.<br><br><br><br>*Id.*, p. 22. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| | Invalidity Chart for U.S. Patent No. 9,586,504 |
|---|---|
| **Claim** | **Prior Art** |
| | The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(b)(1)] a first belt path generally at a middle of the seat portion in a forward and rearward direction, and | See claim element [1(a)(3)].<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(b)(2)] a second belt path generally at an intersection of the seat and backrest portions; and | See claim element [1(a)(4)].<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(c)(1)] a tensioning mechanism attached to the seat base to be movable between a first position and a second position and comprising an engaging surface, | *Boulevard 70 CS* discloses or renders obvious a tensioning mechanism attached to the seat base to be movable between a first position and a second position and comprising an engaging surface. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | 4   Open the red lock-off closest to where the vehicle belt will be buckled. <br>    a   Open the locking tab <br>    b   Open the clamp <br><br> 5   Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted. <br><br> 6   Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off. <br>    a   Close the clamp over the vehicle belt <br>    b   Slide your palm or thumb along the locking tab until a click is heard (see page 14) <br><br> **IMPORTANT:** Both the vehicle lap and shoulder belts must be routed through the lock-off. <br> 7   Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7). <br><br> *Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(c)(2)] the tensioning mechanism having an end attached to the backrest portion at an axis such that the tensioning mechanism is configured to rotate | *Boulevard 70 CS* discloses or renders obvious the tensioning mechanism having an end attached to the backrest portion at an axis such that the tensioning mechanism is configured to rotate downwardly to the first position from the second position about an axis. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| downwardly to the first position from the second position about an axis, and | <br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax*<br>*Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(c)(3)] wherein the tensioning mechanism has a first lateral edge surface and a second lateral edge surface, | See claim element [(1)(b)(3)].<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| [9(c)(4)] the first and second lateral edge surfaces extending along respective sides of the tensioning mechanism from and transverse to the axis, | *Boulevard 70 CS* discloses or renders obvious the first and second lateral edge surfaces extending along respective sides of the tensioning mechanism from and transverse to the axis. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.  *Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(d)] wherein in the first position, the first and second lateral edge surfaces are substantially | *Boulevard 70 CS* discloses or renders obvious that in the first position, the first and second lateral edge surfaces are substantially adjacent to the seat base. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| adjacent to the seat base, and | <br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax*<br>*Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(e)] wherein in the second position, the first and second lateral edge surfaces are at least partly displaced from the seat | *Boulevard 70 CS* discloses or renders obvious that in the second position, the first and second lateral edge surfaces are at least partly displaced from the seat base in order to receive the vehicle belt. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| base in order to receive the vehicle belt, |  *Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| [9(f)] wherein movement of the first and second lateral edge surfaces from the second position to the first position causes the | *Boulevard 70 CS* discloses or renders obvious movement of the first and second lateral edge surfaces from the second position to the first position causes the engaging surface, which is disposed between the first and second lateral edge surfaces, to press a first portion of the vehicle belt against the opposing side portions and deflect a second portion of the vehicle belt to be closer to the vehicle belt to secure the child |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| | Invalidity Chart for U.S. Patent No. 9,586,504 |
|---|---|
| **Claim** | **Prior Art** |
| engaging surface, which is disposed between the first and second lateral edge surfaces, to press a first portion of the vehicle belt against the opposing side portions and deflect a second portion of the vehicle belt to be closer to the vehicle belt to secure the child seat to the vehicle seat in a tensioned configuration, and | seat to the vehicle seat in a tensioned configuration. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1).<br><br>See claim element 1(b)(1) for the motivation to combine.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | |
| [9(g)] wherein, in each of the forward or rear-facing orientations, respective different portions of the first and second lateral edge surfaces of the tensioning mechanism displace the belt to apply tension to the belt. | *Boulevard 70 CS* discloses or renders obvious that in each of the forward or rear-facing orientations, respective different portions of the first and second lateral edge surfaces of the tensioning mechanism displace the belt to apply tension to the belt. *Boulevard 70 CS User Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  *Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| :---: | :---: |
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 23. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 9. |
| | |
| [10(a)] The child seat according to claim 9, wherein the first belt path is configured to allow a user to position the vehicle belt to be displaced by the first and second lateral edge surfaces to secure the | *Boulevard 70 CS* discloses or renders obvious the first belt path being configured to allow a user to position the vehicle belt to be displaced by the first and second lateral edge surfaces to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | | |
|---|---|---|
| **Claim** | **Prior Art** | |
| child seat to the vehicle seat when the child seat is in the rear-facing orientation, | 

*Boulevard 70 CS User Guide*, p. 23. | |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). <br><br> See claim element 1(b)(1) for the motivation to combine. <br><br> *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 10. |
| [10(b)] wherein the second belt path is configured to allow a user | *Boulevard 70 CS* discloses or renders obvious the second belt path being configured to allow a user to position the vehicle belt to be displaced by the first and second lateral edge surfaces to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation. *Boulevard 70 CS User* |

111

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| to position the vehicle belt to be displaced by the first and second lateral edge surfaces to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation. | *Guide*, p. 14; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.<br><br><br><br>*Boulevard 70 CS User Guide*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "tensioning mechanism," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s tensioning mechanism, as discussed in element 1(b)(1). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | See claim element 1(b)(1) for the motivation to combine. *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 10. |
| 11. The child seat according to claim 10, wherein the first belt path extends transversely with respect to a longitudinal axis of the child seat across the seat portion of the seat base. | See claim 2. The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 11. |
| 12. The child seat according to claim 10, wherein the second belt path extends transversely with respect to a longitudinal axis of the child seat across the backrest portion of the seat base. | See claim 3. The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 12. |
| [13(p)] A child seat configured to be secured | See claim element [1(p)]. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| to a vehicle seat in both a rear-facing and a forward-facing orientation by a belt of the vehicle seat, the child seat comprising: | The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(a)(1)] a seat base comprising a seat portion, a backrest portion, | See claim element [1(a)(1)]. <br><br> The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(a)(2)] a first belt path generally at a middle of the seat portion in a forward and rearward direction, and | See claim element [1(a)(3)]. <br><br> The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(a)(3)] a second belt path generally at an intersection of the seat and backrest portions, | See claim element [1(a)(4)]. <br><br> The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(a)(4)] first and second lateral edges that protrude forwardly and upwardly from opposing sides of the backrest portion proximate to the second belt path, third and fourth lateral edges that protrude | *Boulevard 70 CS* discloses or renders obvious the first and second lateral edges that protrude forwardly and upwardly from opposing sides of the backrest portion proximate to the second belt path, third and fourth lateral edges that protrude forwardly and upwardly from opposing sides of the seat portion proximate to the first belt path. *Boulevard 70 CS User Guide*, p. 23, 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| forwardly and upwardly from opposing sides of the seat portion proximate to the first belt path; | <br><br>4  Open the red lock-off closest to where the vehicle belt will be buckled.<br>  a  Open the locking tab<br>  b  Open the clamp<br><br>5  Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.<br><br>6  Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.<br>  a  Close the clamp over the vehicle belt<br>  b  Slide your palm or thumb along the locking tab until a click is heard (see page 14)<br><br>**IMPORTANT:** Both the vehicle lap and shoulder belts must be routed through the lock-off.<br>7  Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).<br><br>*Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  |
| | *Boulevard 70 CS User Guide*, p. 23. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* <br><br> The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(b)(1)] a pivot structure having a first pivot portion comprising a first lateral edge member and a second lateral edge member, | *Boulevard 70 CS* discloses or renders obvious a pivot structure having a first pivot portion comprising a first lateral edge member and a second lateral edge member. *Boulevard 70 CS User Guide*, p. 23, 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Boulevard 70 CS User Guide*, p. 29. |

**4** Open the red lock-off closest to where the vehicle belt will be buckled.
  a Open the locking tab
  b Open the clamp

**5** Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.

**6** Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.
  a Close the clamp over the vehicle belt
  b Slide your palm or thumb along the locking tab until a click is heard (see page 14)

**IMPORTANT:** Both the vehicle lap and shoulder belts must be routed through the lock-off.

**7** Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*'s pivot structure. Furthermore, although *Yamazaki* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Yamazaki*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, *Yamazaki* discloses:<br><br>    "The base 10 is fastened to the passenger seat 7 by a lap-and-diagonal seat belt 4. The seat belt 4 has a diagonal section 4a extending between a tongue plate 5 (FIG. 5) to be engaged with a latch |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | 6 (FIG. 5) connected to the floor of the vehicle and a retractor (not shown), and a lap section 4b extending between the tongue plate 5 (FIG. 5) and an anchor (fixed member) 9 (FIG. 5)." *Yamazaki*, 3:30-36.<br><br>"Step 1: The base 10 is set on the passenger seat 7 of the vehicle. Step 2: The tongue plate 5 of the seat belt 4 is engaged with the latch 6 with the lap section 4b of the seat belt 4 extended under the lever 12 of the seat belt tightening mechanism 11." *Id.*, 4:27-32.<br><br><br><br>**F I G. I**<br>*Id.*, Fig. 1. |

124

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | In another alternative, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Washimi*'s pivot structure. Furthermore, although *Washimi* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Washimi*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, *Washimi* discloses:<br><br>"In the straddle part 56, the webbing 60 is positioned with the lap webbing 66 and shoulder webbing 68 stacked together in a state where the tongue plate 62 is engaged with the buckle device 64." *Washimi*, ¶[0023].<br><br><br><br>*Id.,* Fig. 1 (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.,* Fig. 2 (annotated). In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Wetter*'s pivot structure. Furthermore, although *Wetter* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Wetter*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, *Wetter* discloses: "During installation, both the lap and shoulder portions of an adult seat belt 136 for the vehicle seat 128, 130 are engaged round the belt guides 134 as shown in Figure 10. Next, a U-shaped strap deflecting member 138, which has its ends pivotally engaging in holes 140 and 142 in |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | the side limbs 114 and 116 of the base member, is pivoted downwardly from the position shown in Figure 10 to the position shown in Figure 11 in which it deflects the adult seat belt 136 downwardly between the belt guides 134, thereby tightening the belt 136 and compressing the springs of the seat cushion 130 of the vehicle seat. The deflection member 138 is held in the position shown in Figures 9 and 11 (in which it lies substantially parallel to the limbs 114 and 116 of the base member) by springloaded detents 144 and 146 on the base member 110 adjacent to the junctions between the central portion 112 and the end portions 114 and 116 respectively." *Wetter*, 5:6-23.<br><br><br><br>*Id.*, Fig. 9 (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.*, Fig. 10 (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| :---: | :---: |
| **Claim** | **Prior Art** |
| | <br>*Id.*, Fig. 10 (annotated).<br><br>In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | *Uppa Baby Mesa*'s pivot structure. Furthermore, although *Uppa Baby Mesa* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Uppa Baby Mesa*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Uppa Baby Mesa* discloses: |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

## 🌀 SECURING THE BASE (LAP AND SHOULDER BELT INSTALLATION)

**STEP 4A:** Route the vehicle belt through the belt path while guiding the lap portion of the belt as close as possible to the top of the lock-off where the door hinges. Buckle the vehicle belt.







**STEP 5A:** Hold shoulder portion of belt above base. With one hand push down base in the direction of the seat bight (crease of seat) and hold firm as you pull shoulder belt ❶. While holding taut, slide shoulder belt back through the belt path as close as possible to the top of the lock-off ❷.

**NOTE: TIGHTNESS INDICATOR SHOULD BE GREEN.**

**STEP 6A:** Close the lock-off door.

**NOTE:** *Check that the belt doesn't move more than 1 inch at belt path. If you are having trouble achieving a secure installation in the center seat position, please install using the locking clip (pg. 28).*



BASE INSTALLATION WITH VEHICLE SEAT BELT

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| | Uppa Baby Mesa Instruction Manual, p. 23.<br><br>In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *B-Safe 35*'s pivot structure to satisfy this claim element. Furthermore, although *B-Safe 35* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *B-Safe 35*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *B-Safe 35* discloses:<br><br>• Place the base in the desired location on the vehicle seat and open the upper and lower portions of the lock-off.<br>• Pull the vehicle seat belt out.<br><br>• Ensure that the vehicle seat belt is not twisted and then route the vehicle belt under and through the first belt guide, through the open lock-off and down through the second belt guide.<br>• Buckle the vehicle seat belt.<br><br>*Britax B-Safe 35 User Guide*, p. 16. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

## Installing the Base

- *Press the base firmly into the vehicle seat while removing all slack from first the lap portion and then the shoulder portion of the vehicle seat belt.*



- *Hold the vehicle belt tight and close the upper portion of the lock-off.*



- *Press firmly on the upper portion of the lock-off and close the lower portion to secure.*



- *Verify that the vehicle belt is tight and that the base is secure. The base is secure when it moves less than 1 inch (2.5 cm) front-to-back or side-to-side at the vehicle belt path.*
- *Correct recline angle is acheived when the green marker on each recline angle indicator is visible between the two lines.*

**17**

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | *Id.*, p. 17.<br><br>In a further alternative, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved *the Boulevard 70 CS* with *Williams*'s pivot structure to satisfy this claim element. Furthermore, although *Williams* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Williams*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, *Williams* discloses:<br><br>"Referring to FIG. 1, the base 10 may be formed integrally in one piece or an assembly of multiply piece, having a curved supporting surface 11 for support a infant travel seat thereon and a pair of side guiding openings 12 for allowing a belt passing therethrough so as to secure the base 10 to the vehicle seat. Referring to FIGS. 2 and 3, the biting compartment 32 is formed on the base 10 between the pair of side guiding openings 12 where the belt 20 could pass is passing thereover. The covering plate 31 has one end coaxial with the colored rotor 35 and pivoted to one end of the biting compartment 32 for closing the biting compartment 32 when being rotated to a closed position, and another end pivoted with a rotatable depressor 34 for pressing the belt 20 into the biting compartment 32 when the covering plate 31 is rotated to and positioned in the closed position. [P]referably, a resilient element 36 may be mounted between the covering plate 31 and the rotatable depressor 34, so as to keep the rotatable depressor 34 in an opened position. In one embodiment, the resilient element 36 is a compression spring for biasing the rotatable depressor 34 downward and keeping in the opened position. When the covering plate 31 is carrying the rotatable depressor 34 to press the belt 20, it would compress the resilient element 36 and cause the rotatable depressor 34 to rotate and close to the covering plate 31 to a closed position." *Id.*, 2:49-3:7.<br><br>"Referring to FIGS. 5 and 6, before tying the base **10** to a vehicle seat, the belt **20** is passing through the pair of side guiding openings **12** and secure its free end to an anchor which is |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | mounted within the vehicle seat. By this way, may secure the base **10** to the vehicle seat tightly." *Id.*, 3:41-45. <br><br> "In order to inhibit the sliding between the base **10** and belt **20**, the user may rotate the covering plate **31** to close the biting compartment **32**, thus would carry the rotatable depressor **34** to press the belt **20** into the biting compartment **32**. After being closed the covering plate **31**, the user may rotate the holding plate **33** to engage and lock the covering plate **31** in the closed position." *Id.*, 3:16-52. <br><br>  <br><br> *Id.*, FIGS. 1, 2. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| :---: | :---: |
| **Claim** | **Prior Art** |
| |  <br><br> *Id.*, FIG. 5. <br><br> In a further alternative, to the extent *the Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved *the Boulevard 70 CS* with *Graco Smart Seat*'s pivot structure. Furthermore, although *Graco Smart Seat* teaches a pivot structure attached to the seat base, it would have been obvious to one of ordinary skill in the art to incorporate *Graco Smart Seat*'s pivot structure into *Boulevard 70 CS*'s child seat. For example, literature disclosing the *Graco Smart Seat* discloses: |

FIG. 5

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | When using the vehicle seat belts to install the base, the lock-off is **ALWAYS** used to secure both belts of the lap or lap/shoulder belt. <br><br> 1. Position base in vehicle seat as shown **C**. <br> 2. Open the lock-off and route the vehicle belt through the belt path and over the lock-off **D**. <br> 3. Buckle seat belt.  Pull up on shoulder belt while pushing down on base to tighten **E**. <br> 4. Close lock-off **F**. <br> 5. Test base for secure installation by moving front to back and left to right at the belt path **G**. Base should not move more than 1 inch ( 2.54 cm). If belt loosens or lengthens, repeat procedure. <br><br> Lap Belt **H** and Lap/Shoulder Belt **I** should appear as shown when installed. <br><br> <div align="center">**30**</div> <br> *Graco Smart Seat Owner's Manual*, p. 30. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Id.*, p. 31.<br><br>One of ordinary skill in the art would have been motivated to combine *the Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat* because these references teach systems securing child seats to vehicle seats using securing mechanisms. The *Boulevard 70 CS* uses a pivot structure to ensure "that the child seat cannot be moved front to back or side to side more than 1 in. (2.5 cm) at the belt path. If the child seat is not secure, repeat installation or use a different seating location." *Boulevard CS 70 User Guide*, p. 21, 23, 25, 27, 29, 31. As identified, |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | the installation of *Boulevard 70 CS*'s child seat can sometimes result in loose installations. *Id*. Therefore, a person of ordinary skill in the art would have looked to improve *Boulevard CS 70*'s locking tabs with one of the pivot structures disclosed in *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(b)(2)] the pivot structure attached to the backrest portion at an axis such that the pivot structure rotates between a first position and a second position pivotally about the axis, the first and second lateral edge members extending away from the backrest and substantially perpendicular to the axis, | *Boulevard 70 CS* discloses or renders obvious the pivot structure attached to the backrest portion at an axis such that the pivot structure rotates between a first position and a second position pivotally about the axis, the first and second lateral edge members extending away from the backrest and substantially perpendicular to the axis. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| |  *Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Id.*, p. 14. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(b)(3)] wherein in the first position, the first pivot portion is substantially adjacent to the seat base, and wherein | *Boulevard 70 CS* discloses or renders obvious that in the first position, the first pivot portion is substantially adjacent to the seat base, and wherein in the second position, the first pivot portion is at least partly displaced from the seat base in order to enable the second belt path to receive the belt. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| in the second position, the first pivot portion is at least partly displaced from the seat base in order to enable the second belt path to receive the belt; | 

**4** Open the red lock-off closest to where the vehicle belt will be buckled.
 a  Open the locking tab
 b  Open the clamp

**5** Route the vehicle belt through the forward-facing belt slots, then buckle. Ensure the vehicle belt is not twisted.

**6** Push down into the rear of the child seating area with moderate force while removing all slack from the bottom (lap) part of the vehicle belt and close the lock-off.
 a  Close the clamp over the vehicle belt
 b  Slide your palm or thumb along the locking tab until a click is heard (see page 14)

**IMPORTANT:** Both the vehicle lap and shoulder belts must be routed through the lock-off.
**7** Push down into the middle of the child seating area with moderate force while pulling the top (shoulder) part of the belt between the belt slots to remove any remaining slack through the lock-off (see pages 6 and 7).

*Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated). <br><br> The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(c)(1)] the pivot structure having a second | *Boulevard 70 CS* discloses or renders obvious the pivot structure having a second pivot portion comprising a third lateral edge member and a fourth lateral edge member. *Boulevard 70 CS User Guide*, |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| pivot portion comprising a third lateral edge member and a fourth lateral edge member, | p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br><br><br>*Boulevard 70 CS User Guide*, p. 23. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(c)(2)] the third and fourth lateral edge members moving between a third position proximate to the seat portion and a fourth position at least partly displaced from the | *Boulevard 70 CS* discloses or renders obvious the third and fourth lateral edge members moving between a third position proximate to the seat portion and a fourth position at least partly displaced from the seat portion in order to enable the first belt path to receive the belt. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
| --- | --- |
| **Claim** | **Prior Art** |
| seat portion in order to enable the first belt path to receive the belt, | <br><br>*Boulevard 70 CS User Guide*, p. 23. |

148

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| |  *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(d)] wherein the first belt path is configured to allow a user to position the belt to be displaced by the third and fourth lateral edge members relative to the third and fourth lateral edges to secure the child seat to the vehicle seat when the child seat is in | *Boulevard 70 CS* discloses or renders obvious the first belt path being configured to allow a user to position the belt to be displaced by the third and fourth lateral edge members relative to the third and fourth lateral edges to secure the child seat to the vehicle seat when the child seat is in the rear-facing orientation. *Boulevard 70 CS User Guide*, p. 23; *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| the rear-facing orientation, and |   *Boulevard 70 CS User Guide*, p. 23. |

151

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.* |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br><br>*Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs.*<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s pivot structure, as discussed in element 13(b)(1).<br><br>See claim element 13(b)(1) for the motivation to combine.<br><br>*Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| [13(e)] wherein the second belt path is configured to allow the user to position | *Boulevard 70 CS* discloses or renders obvious the second belt path is configured to allow the user to position the belt to be displaced by the first and second lateral edge members relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the forward- |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| the belt to be displaced by the first and second lateral edge members relative to the first and second lateral edges to secure the child seat to the vehicle seat when the child seat is in the forward-facing orientation. | facing orientation. *Boulevard 70 CS User Guide*, p. 29; *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*.  *Boulevard 70 CS User Guide*, p. 29. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | <br>*Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs* (annotated).<br><br>Alternatively, to the extent the *Boulevard 70 CS* fails to disclose a "pivot structure," as claimed, it would have been obvious to one of ordinary skill the art to have improved the *Boulevard 70 CS* with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*'s pivot structure, as discussed in element 13(b)(1).<br><br>See claim element 13(b)(1) for the motivation to combine. |

**Exhibit B3 – Invalidity Contentions Claim Chart for U.S. Patent No. 9,586,504**

| Invalidity Chart for U.S. Patent No. 9,586,504 | |
|---|---|
| **Claim** | **Prior Art** |
| | *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 13. |
| | |
| 14. The child seat according to claim 13, wherein the first belt path extends transversely with respect to a longitudinal axis of the child seat across the seat portion of the seat base. | See claim 2.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 14. |
| | |
| 15. The child seat according to claim 13, wherein the second belt path extends transversely with respect to a longitudinal axis of the child seat across the backrest portion of the seat base. | See claim 3.<br><br>The *Boulevard 70 CS*, alone or in combination with *Yamazaki*, *Washimi*, *Wetter*, *Uppa Baby Mesa*, *B-Safe 35*, *Williams*, and/or *Graco Smart Seat*, thus discloses or renders obvious this limitation of claim 15. |