# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITAX CHILD SAFETY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5-17-cv-02724 |
| NUNA INTERNATIONAL B.V. and NUNA BABY ESSENTIALS, INC., | ) |
| Defendants. | ) |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Britax Child Safety, Inc. ("Britax") makes the following initial disclosures based on the information reasonably available to it at this time.

Britax is continuing its investigation as to relevant documents and witnesses and will, as necessary, disclose further documents and witnesses in a timely manner. Britax reserves the right to supplement, revise, correct, clarify, or otherwise amend the information disclosed, consistent with the Federal Rules of Civil Procedure and any applicable orders of the Court, including after Britax receives and reviews any applicable discovery or other information from third parties or from Defendants Nuna International B.V. and Nuna Baby Essentials, Inc. (collectively "Nuna").

By making these disclosures, Britax does not intend to waive any applicable privilege or work product protection and expressly reserves its right to object to the production of any of the information identified herein on those grounds. Britax also reserves its right to object to the admissibility of any of the information disclosed below. Subject to these reservations, Britax provides the following information:

1

A. **Rule 26(a)(1)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Britax identifies, at this time, the following individuals that may have knowledge of relevant facts. These individuals are identified based upon Britax's current understanding of the claims and defenses, and Britax expressly reserves the right to supplement, limit, or otherwise amend the list below as the case progresses. Any employee of Britax that is listed in these disclosures or in any supplement thereto may only be contacted through Britax's counsel of record.

| Name | Contact Information | Subjects Include |
| --- | --- | --- |
| Dann Provolo, Britax VP of Brands and Innovation | Contact through Kilpatrick Townsend & Stockton as Britax's counsel | Knowledge on relevant market and sales related to accused infringing product; knowledge on damages suffered by Britax |
| Curtis Strong | Topeka, Kansas | Co-inventor of subject matter claimed in U.S. Patent Nos. 9,586,504 and 9,499,074 (collectively "Asserted Patents"); knowledge on conception, reduction to practice, inventorship of Asserted Patents |
| Steven Glenn Gerhart, Product Development Vice President, Nuna Baby Essentials, Inc. | 70 Thousand Oaks Blvd., Morgantown, PA 19543 | Knowledge on design and development of accused infringing products; knowledge on sales and distribution of accused infringing products and products incorporating infringing products; relationship of Nuna Baby Essentials and Nuna International BV |
| Thomas J. Brannan, Assistant Quality and Compliance Manager, Nuna Baby Essentials, Inc. | 70 Thousand Oaks Blvd., Morgantown, PA 19543 | Knowledge on design and development of accused infringing products; knowledge on sales and distribution of accused infringing products and products incorporating infringing products; relationship of Nuna Baby Essentials and Nuna International BV |

| | | |
|---|---|---|
| John Doe, employee of Nuna International BV identified in Affidavit of Stephen Glenn Gerhart (Dkt. 26-2) | De Beeke 8, 5469 dw, Erp, the Netherlands | Knowledge on design and development of accused infringing products; knowledge on sales and distribution of accused infringing products and products incorporating infringing products; relationship of Nuna Baby Essentials and Nuna International BV |

In addition to the above-listed individuals, Britax reserves the right to identify additional individuals in order to respond to Nuna's defenses. Britax incorporates by reference the individuals disclosed by any other party to this case as if fully set forth herein.

        B.      **Rule 26(a)(1)(A)(ii)**:  A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely by impeachment.

Categories of documents, electronically stored information, and tangible things that are within the possession, custody, or control of Britax and/or its counsel, and which Britax may use to support its claims and defenses include but are not limited to these documents and things (and related documents and things):

- the Asserted Patents;

- file histories for the Asserted Patents;

- documents regarding the design, manufacture, marketing, and sales of Britax's products, including samples of Britax's products;

- documents regarding the design, manufacture, marketing, and sales of Nuna's products, including samples of Nuna's products;

- documents related to Nuna;

- press releases, web pages, articles, and other publicly available information about the relevant industry and accused products; and

- financial records relevant to Nuna's infringing products.

Britax, however, is continuing its investigation into this issue and reserves the right to supplement this response after it conducts a reasonable search for relevant documents.

    C.    **Rule 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosures, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

At this stage of the litigation, Britax has not prepared a computation of damages claimed by the disclosing party because it does not have sales or financial information from Nuna. As noted in the Prayer for Relief in Britax's Complaint, Britax seeks, among other things, damages sufficient to compensate Britax for Nuna's infringement, but not less than a reasonable royalty, an award of its costs, expenses, and attorneys' fees incurred in this action, as well as prejudgment interest, together with all further relief as the Court may deem just and proper. Britax will provide a computation of monetary damages after it has obtained sufficient information through the discovery process.

    D.    **Rule 26(a)(1)(A)(iv):** For inspection and copying as under rule 34, any insurance Agreement under which an insurance business may be liable to satisfy all or part Of a possible judgment in the action or to indemnify or reimburse for payments Made to satisfy the judgment.

At this time, Britax is not currently aware of the existence of any insurance or indemnity agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. Britax reserves the right to supplement this response in the future.

Dated: October 12, 2018                                     Respectfully submitted,

                                                                                            */s/ N. Dean Powell, Jr.*
KILPATRICK TOWNSEND & STOCKTON LLP

Chris W. Haaf (PA Bar No. 307481)
N. Dean Powell, Jr.
Jonathan E. Harris
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7300 (telephone)
(336) 607-7500 (facsimile)
chaaf@kilpatricktownsend.com
dpowell@kilpatricktownsend.com
jeharris@kilpatricktownsend.com

Steven D. Moore
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
(415) 576-0200 (telephone)
(415) 576-0300 (facsimile)
smoore@kilpatricktownsend.com

Audra A. Dial
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500 (telephone)
(404) 815-6555 (facsimile)
adial@kilpatricktownsend.com

Daniel T. Brier (PA ID 53248)
Suzanne P. Conaboy (PA ID 314036)
Myers Brier & Kelly LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
Telephone:  (570) 342-6100
dbrier@mbklaw.com
sscanlon@mbklaw.com

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of October 2018, I electronically served via email the foregoing PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES on counsel of record.

Samuel E. Cohen
Gross McGinley, LLP
33 S. 7th Street, P.O. Box 4060
Allentown, PA  18101
scohen@grossmcginley.com

Roger D. Taylor
Law Office of Roger Taylor, LLC
531 Roselane St., N.W., Suite 200
Marietta, GA  30060
roger@taylorfirm.law

Gary C. Ma
Finnegan Henderson Farabow Garrett & Dunner LLP
330 Hillview Avenue
Palo Alto, Ca  94304
Gary.ma@finnegan.com

                                                  */s/ N. Dean Powell, Jr.*
                                                  N. Dean Powell, Jr.