IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BRITAX CHILD SAFETY, INC., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 5-17-cv-02724 |
| NUNA INTERNATIONAL B.V. and NUNA BABY ESSENTIALS, INC., | ) ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF BRITAX CHILD SAFETY, INC.'S MOTION TO STRIKE EXPERT WITNESS DISCLOSURES**

**REDACTED**

# TABLE OF CONTENTS

I. BRITAX APPLIED THE CORRECT LEGAL STANDARDS.................................. 1

    A.    Nuna Ignores That It Was Required to Disclose All Facts During the Fact Discovery Period................................................................................................................ 1

    B.    Nuna Bears the Burden to Prove Acceptability and Feasibility of Non-Infringing Alternatives.......................................................................................................... 2

    C.    New Evidence on Rebuttal Is Allowed in Only Limited Circumstances................ 3

II. BRITAX IS PREJUDICED BY NUNA'S BELATED DISCLOSURES. .................... 3

    A.    Nuna Failed to Disclose NIAs During Fact Discovery........................................... 3

    B.    Nuna Failed to Disclose its Invalidity Position Regarding the Boulevard 70 Physical Product..................................................................................................................... 5

III. NUNA CANNOT CURE THE PREJUDICE FROM ITS FAILURE TO ENGAGE IN FACT DISCOVERY. ............................................................................................................. 7

IV. NUNA'S EXPERT REPORTS WOULD DISRUPT TRIAL......................................... 8

V. NUNA FAILED TO ENGAGE IN DISCOVERY IN BAD FAITH............................. 9

VI. THE IMPORTANCE FACTOR WEIGHS IN FAVOR OF EXCLUSION............... 10

VII. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Am. Diabetes Ass'n v. Friskney Family Trust, LLC*, No. 13-3720, 2015 WL 12826476, at *2 (E.D. Pa. July 21, 2015) .................................................................. 3

*BIC Leisure Prod., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1219 (Fed. Cir. 1993) ........................................................................................................................ 2

*Billet Promotions, Inc. v IMI Cornelius, Inc.*, No. 2:06-cv-2768, 1998 WL 721081, at *8 (E.D. Pa. Oct. 14, 1998) .................................................................. 10

*Dominion Resources Inc. v. Alstom Grid, Inc.*, No. 2:15-cv-00224, Dkt. 126 (E.D. Pa. Feb. 23, 2016) .................................................................................................. 7

*Fuji Photo Film Co. v. Jazz Photo Corp.*, 249 F. Supp. 2d 434, 454 (D.N.J. 2003), aff'd, 394 F.3d 1368 (Fed. Cir. 2005) ................................................................... 2

*Glaxosmithkline LLC v. Glenmark Pharms.*, No. 1-14-cv-00877, Dkt. 232 (D. Del. Feb. 6, 2017) ................................................................................................... 8

*Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) ........................................................................................................................ 3

*Helios Software, LLC v. SpectorSoft Corp.*, No. 12-081-LPS, 2014 WL 4796111, at *3 (D. Del. Sept. 18, 2014) ............................................................................... 3

*Junker v. Medical Components, Inc.*, No. 2:13-cv-04606, 2020 WL 1308299 (E.D. Pa. Mar. 19, 2020) ................................................................................... 7, 9

*Lannett Co. v. KV Pharm.*, No 08-338-JJF, Dkt. 426 at 15-16 (D. Del. Mar. 9, 2009) ........................................................................................................................ 7

*Minnesota Min. and Mfg. Co. v. Johnson & Johnson Orthopedics, Inc.*, 976 F.2d 1559, 1578 (Fed. Cir. 1992) ................................................................................... 5

*Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, No. CIV.A. 09-3125 FLW, 2011 WL 6722707, at *9 (D.N.J. Dec. 21, 2011) ........................................................... 10

*SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-4304, Dkt. 501, at 2 (E.D. Pa. Feb. 2, 2010) ........................................................................................................ 5

*Sonos, Inc. v. D & M Holdings Inc.*, 297 F. Supp. 3d 501, 518-19 (D. Del. 2017) .................... 2, 9

*ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012) ........................................... 10

Nuna's belated disclosure of factual evidence months after the close of fact discovery and at the end of expert discovery is highly prejudicial to Britax. Instead of timely disclosing and producing necessary factual evidence according to the Court's schedule, Nuna attempts to inject facts at this belated stage which prevents Britax from properly examining any such facts.

First, Britax sought discovery on Nuna's Non-Infringing Alternatives ("NIA") theory during fact discovery, including facts underlying NIAs. Nuna failed to identify any such NIAs or the underlying facts in response to Britax's discovery requests specifically directed to the issue of NIAs. Instead, Nuna improperly waited to disclose these facts in its expert report. Such late disclosures have been repeatedly rejected by numerous courts. Nuna's belated disclosure prevented Britax from discovering the underlying facts including facts related to the alleged feasibility and costs of the NIAs on which Nuna now relies.

Second and similarly, Nuna failed to disclose timely its intent to rely on the Boulevard 70 physical seat by not identifying it in its contentions or any discovery responses. Indeed, Nuna's invalidity theories disclosed in its contentions only relied on the Boulevard 70 manual and YouTube videos. Nuna admitted it did not attempt to acquire or request a Boulevard 70 seat before the close of fact discovery. Nuna's pattern of discovery misconduct through its belated disclosures ignores a party's discovery obligations, violates the timing contemplated under the case schedule, and deprives Britax of the opportunity to properly explore Nuna's non-infringement and invalidity theories during fact discovery.[1]

I. **BRITAX APPLIED THE CORRECT LEGAL STANDARDS.**

   A. **Nuna Ignores That It Was Required to Disclose All Facts During the Fact Discovery Period.**

   Nuna attempts to excuse its failure to engage in proper discovery by alleging Britax

---

[1] Throughout Nuna's opposition, Nuna alleges that Britax failed to comply with its discovery obligations. Britax will respond accordingly in response to Nuna's Conditional Motion. Dkt. 104.

applies the wrong legal standard. This is incorrect. As set forth in the Legal Standards section of Britax's Motion, the basis for striking Nuna's untimely disclosures is based on Nuna's failure to comply with Fed. R. Civ. P. 26 and 37. Britax cites cases from other districts that address the same issue and that apply the same federal rules applicable in this district. Those decisions are not based on Local Patent Rules; indeed, the Local Rules of the Northern District of California or the Eastern District of Texas contain no requirements specific to NIAs. And NIAs are not addressed in the infringement or invalidity contentions required by the Local Patent Rules of those districts.[2] At no point did Britax contend that a different standard applies than as set forth in Fed. R. Civ. P. 26 and 37. Nuna failed to timely disclose facts underlying its NIA and invalidity theories under Fed. R. Civ. P. 26, and those untimely disclosures should be stricken.

### B. Nuna Bears the Burden to Prove Acceptability and Feasibility of Non-Infringing Alternatives.

Nuna exaggerates Britax's burden on the second *Panduit* factor: the absence of acceptable NIAs. "The presence of multiple competitors makes proof of the second *Panduit* factor . . . impossible. . . . Thus, Courts have refined *Panduit* to allow a patentee to substitute proof of the patentee's market share for the second *Panduit* factor." *Fuji Photo Film Co. v. Jazz Photo Corp.*, 249 F. Supp. 2d 434, 454 (D.N.J. 2003), aff'd, 394 F.3d 1368 (Fed. Cir. 2005) (citation omitted); *see also Sonos, Inc. v. D & M Holdings Inc.*, 297 F. Supp. 3d 501, 518-19 (D. Del. 2017) ("The market share approach allows a patentee to 'satisfy the second Panduit element by substituting proof of its market share for proof of the absence of acceptable alternatives'. . . .") (quoting *BIC Leisure Prod., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1219 (Fed. Cir. 1993)). Britax satisfied this burden based on facts timely disclosed in responses to Interrogatory

---

[2] Further, those Local Patent Rules only allow for supplemental contentions upon a showing of good cause – the same standard set forth in the Pretrial Schedule. *Compare* N.D. Cal. L.P.R. 3-6 and E.D. Tex. L.P.R. 3-6(b) *with* Dkt. 58.

Nos. 5 and 12. The burden then shifted to Nuna to present evidence of acceptable NIAs. *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). Nuna could not meet – and did not meet – its burden without relying on facts that Nuna failed to timely disclose during fact discovery.

### C. New Evidence on Rebuttal Is Allowed in Only Limited Circumstances.

The Federal Rules of Civil Procedure allow introduction of new evidence on rebuttal only in limited circumstances: "to ***directly contradict or rebut*** the opposing party's expert." *Am. Diabetes Ass'n v. Friskney Family Trust, LLC*, No. 13-3720, 2015 WL 12826476, at *2 (E.D. Pa. July 21, 2015) (quoting *Helios Software, LLC v. SpectorSoft Corp.*, No. 12-081-LPS, 2014 WL 4796111, at *3 (D. Del. Sept. 18, 2014)). Neither the evidence of NIAs nor the physical specimen of the Boulevard 70 product were used to directly contradict or rebut Britax's expert testimony; rather, these are entirely new evidence and associated theories relying on such evidence that Nuna never disclosed in fact discovery, despite directly targeted interrogatories Britax served seeking Nuna's asserted NIAs and obligations to provide invalidity contentions listing the evidence on which Nuna relied. Nuna failed to produce or otherwise identify such evidence within the discovery period and cannot now cure its discovery misconduct or missteps under the guise of responsive expert reports.

## II. BRITAX IS PREJUDICED BY NUNA'S BELATED DISCLOSURES.

### A. Nuna Failed to Disclose NIAs During Fact Discovery.

Nuna's argument that Britax forewent deposition questions about its late-identified NIAs is nonsensical – at the time of those depositions, and at all times during fact discovery, Nuna had not identified any NIAs. Britax could not have asked about something Nuna failed to disclose. In any event, Britax generally asked about any alternative designs considered, and Nuna's corporate representative was not aware of any. Opp. at 16. How could Britax ask about costs and feasibility

of NIAs never disclosed? Nuna also contends that Britax should have sought information about NIAs from third-party witnesses whom Nuna now discloses as having knowledge of NIAs. However, these witnesses were not even identified in Nuna's initial disclosures, much less disclosed as having knowledge about undisclosed NIA theories.

Nuna contends "Britax was appropriately on notice of Nuna's intent to present [NIAs] in its expert report." Not so. Nuna does not and cannot point to any discovery response that would "appropriately" put Britax on notice of Nuna's intent to present NIAs. Nuna cannot shift the burden of its discovery obligations and expect Britax to ask about theories Nuna never disclosed.

Until Nuna filed its Opposition to this Motion, moreover, it failed even to disclose the identity of its witnesses with whom its expert Mr. Schottelkotte discussed NIAs – their names are not disclosed in any of the expert reports. That these witnesses were presented for depositions during fact discovery, four months before Nuna disclosed its NIAs, does not excuse Nuna's failure to comply with its discovery obligations – or allow Britax proper discovery of the NIAs. Indeed, since Nuna failed to disclose its intent to rely on NIAs and the NIAs themselves, it was impossible for Britax to ask those witnesses about NIAs. Further, these fact witnesses are third-party witnesses whom were not identified in Nuna's Initial Disclosures. Britax only discovered and deposed these witnesses as a result of its own efforts. Had Nuna intended to rely on knowledge of these witnesses, it should have identified them and the scope of their knowledge in its initial disclosures. *See* Dkt. 104 at 4; Fed. R. Civ. P. 26. Nuna failed to do so.

Additionally, Britax's expert Ms. Kindler applied the market share allocation approach in lieu of proving the absence of NIAs. Thus, Nuna's disclosure of NIAs is not proper rebuttal evidence. It is not introduced to rebut any allegations of the absence of NIAs because Ms. Kindler's report did not include such allegations. *Cf. Minnesota Min. and Mfg. Co. v. Johnson &*

*Johnson Orthopedics, Inc.*, 976 F.2d 1559, 1578 (Fed. Cir. 1992). ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Nuna's identification of NIAs in its rebuttal reports is the exact "unfair surprise" this Court seeks to exclude. *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-4304, Dkt. 501, at 2 (E.D. Pa. Feb. 2, 2010).³

### B. Nuna Failed to Disclose its Invalidity Position Regarding the Boulevard 70 Physical Product.

Nuna contends that "[its] initial contentions and the Initial Bowman Report should have made it abundantly clear to Britax that Nuna's expert would examine evidence of the features of the Boulevard 70 CS and that such evidence could include a sample of the car seat itself." Opp. at 17. Nuna cannot support this allegation. At no point during discovery or in Nuna's contentions or initial expert report did Nuna reserve the right to rely on the physical Boulevard 70 product or indicate that it would do so. In fact, Nuna's invalidity contentions and initial expert report are only based on the Boulevard 70 manual and YouTube videos, not on the physical product.

Nuna now attempts to blur the lines in its expert reports and allege that it always intended to rely on the physical Boulevard 70 product. Nuna contends that Britax "knew it was the car seat itself, and not the collection of exemplary evidence depicting the seat." However, the anticipation ground in Nuna's invalidity contentions was based on a collection of secondary references, not the Boulevard 70 product itself:

> Britax Child Safety, Inc., *Britax Boulevard 70 CS User Guide*, (2011) https://us.britax.com/media/7420/p473100_r1_blvd_cs_us_web.pdf, *Britax Convertible Car Seats: Forward Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*, YouTube (Jan. 6, 2011) https://www.youtube.com/watch?v=OrL4oZaEwuk, *Britax Convertible Car Seats: Rear Facing Installation using Lap/Shoulder Belt and Two Lock-Offs*, YouTube (Jan. 6, 2011), https://www.youtube.com/watch?v=I1gD5S-9NFE&t=59s, (collectively, "*Boulevard 70 CS*") anticipates claims 1-3, 5-7, and 16.

Dkt. 99-7 at 41. Nuna's "anticipation" ground in it is initial expert report is similarly flawed. At

---

³ Nuna alleges that the facts of this case are similar to *SmithKline*. SmithKline sought to strike facts that were "in variance with prior pleadings and discovery." *Id.* at 1. There is no parallel to this case.

no point did Nuna indicate that it would rely on or that its anticipation theory was based on the physical product. This change to Nuna's invalidity theory prejudices Britax. That Nuna relied on other evidence regarding Boulevard 70 for nearly one year shows that it had no excuse not to also indicate that it might rely on a sample seat.

Nuna's declaration regarding its purchase of the seat is telling. For example, concerning the timing, Nuna did not attempt to acquire the physical product in response to Britax's expert Dr. Kent's May 4, 2020 expert report. Opp., Ex. 18. Instead, Nuna sought to acquire the physical product on *March 5, 2020*, two months before Britax served its Report Responding to Defendants' Invalidity Report and on the last day of fact discovery. *Id.* Mr. Bowman likely would have relied on the physical product in his April 4 opening report had Nuna acquired it in time. *Id.* (indicating that Nuna shipped the seat to Mr. Bowman on May 8). Britax should not suffer the consequences from Nuna's delayed and belated investigation, factual discovery, and associated missteps as doing so unfairly prejudices Britax.[4]

Nuna further alleges that it submitted the seat "to directly contradict or rebut" Professor Kent's opinions. Nuna cannot have it both ways. Nuna alleges it was abundantly clear in July 2019 that Nuna's expert would examine the Boulevard 70 product. If so, the product is not proper rebuttal evidence, and Nuna should have tried to obtain the product before March 2020, or eight months later. Instead, Nuna either failed to obtain and produce the seat as required by Fed. R. Civ. P. 26, or chose to delay doing so until after serving its opening report, depriving Britax of the opportunity to adequately respond.

---

[4] That Britax is the manufacturer of the product bears no significance. Nuna cannot excuse its own discovery failures by alleging that Britax had access to or is familiar with the Boulevard 70 product. Nuna never sought the product from Britax. As Nuna concedes, the product is no longer in production and difficult to find. In any event, it is Britax's expert who needs to inspect the product. Britax's or fact witnesses' knowledge of the product is immaterial.

### III. NUNA CANNOT CURE THE PREJUDICE FROM ITS FAILURE TO ENGAGE IN FACT DISCOVERY.

Nuna alleges that any prejudice to Britax would be curable through depositions of Nuna's experts. Not so. Nuna deprived Britax the opportunity during *fact discovery* to ask the appropriate depositions which cannot be cured now through *expert discovery*, as Nuna concedes. *See* Dkt. 104 at 11. Britax seeks to strike the facts underlying Mr. Schottelkotte's NIA analysis which Mr. Schottelkotte learned from fact witnesses.[5] Nuna failed to disclose these *facts* during *fact* discovery. Nuna even failed to disclose the identity of these fact witnesses in its expert reports. Nuna now, in its opposition, finally identifies the identities of its fact witnesses. As discussed above, Nuna failed to identify Mr. Sellers and Mr. Williams knowledge of any NIAs. Furthermore, both are third-party fact witnesses that Nuna failed to disclose and that Nuna failed to identify as having any knowledge of the NIAs. Fed. R. Civ. P. 26(a)(1)(A).

The cases Nuna's cites for support are inapposite. In *Dominion Resources*, expert depositions cured any prejudice causes by a failure to engage in proper *expert discovery* – failure to timely supplement an *expert report*. *Dominion Resources Inc. v. Alstom Grid, Inc.*, No. 2:15-cv-00224, Dkt. 126 (E.D. Pa. Feb. 23, 2016). *Junker* and *Lannett* are no different. *Junker v. Medical Components, Inc.*, No. 2:13-cv-04606, 2020 WL 1308299 (E.D. Pa. Mar. 19, 2020); *Lannett Co. v. KV Pharm.*, No 08-338-JJF, Dkt. 426 at 15-16 (D. Del. Mar. 9, 2009). Both involved prejudice from untimely *expert discovery, not fact discovery*. Britax is prejudiced because Nuna deprived Britax of the opportunity to explore the facts underlying these theories during fact, not expert discovery. Thus, Britax's decision to forego expert depositions has no bearing on prejudice and the prejudice cannot be cured through expert depositions.

---

[5] Britax will not be able to cross examine Mr. Schottelkotte to cure the underlying fact discovery deficiencies. Mr. Schottelkotte only has second-hand knowledge of this information and cannot provide sufficient testimony on the costs of Nuna's alleged NIAs.

7

Nuna attempts to cure its deficiencies by making the Boulevard 70 product available for inspection. But in doing so, Nuna ignores the feasibility of such inspection, the prejudice to Britax , and Nuna's complete disregard for the federal rules with its belated disclosures. Counsel for Britax and its experts are currently under travel restrictions and stay-at-home and social distancing orders, which are not likely to resolve before the close of expert discovery. Nuna has offered no feasible, alternative means for inspection – and it should have done so before the close of fact discovery if it contends it signaled reliance on the product in July 2019.

**IV.   NUNA'S EXPERT REPORTS WOULD DISRUPT TRIAL.**

Nuna's expert reports will disrupt the current trial schedule. Nuna's argument that the reports will not disrupt the schedule rest on the improper premise that prejudice to Britax can be cured through expert discovery. Yet, Nuna untimely disclosed new facts and curing the resulting prejudice will require reopening of fact discovery, including seeking discovery for third party witnesses. Discovery of Nuna's experts would not suffice. Such fact discovery will not likely occur in the two months prior to the deadline for dispositive motions, and "no further continuances will be granted." Dkt. 97.

The case Nuna cites in inapposite. In *Glaxosmithkline*, the plaintiff did not explicitly request the identification of NIAs in interrogatories, and the *Glaxosmithkline* plaintiff sought to strike only one out of seventeen NIA theories. *Glaxosmithkline LLC v. Glenmark Pharms.*, No. 1-14-cv-00877, Dkt. 232 (D. Del. Feb. 6, 2017). The *Glaxosmithkline* court noted that very little additional discovery was required as discovery would be limited to the single late disclosed NIA. Nuna however failed to entirely timely disclose the existence of ***any*** NIA theories and ***all*** of the facts (e.g., existence of, feasibility, and costs) related to its alleged NIAs. Curing the prejudice to Britax would require additional fact discovery of Nuna and of third parties who invented and previously produced the alleged NIAs. *See* Mot. at 22.

8

Further, permitting reliance on the Boulevard 70 car seat will not promote efficiency. Nuna alleges that "Britax has not contested Nuna's ability to rely on the Boulevard 70 CS product to show invalidity." Opp. at 22. This is incorrect and is in fact one of the untimely disclosures related to the filing this Motion. Britax has not contested Nuna's ability to rely on the Boulevard 70 CS manual or YouTube videos it timely disclosed – only the physical specimen of Boulevard 70 product itself that Nuna failed to disclose during fact discovery. Again, that the Boulevard 70 product was sold by Britax and that Nuna's third party fact witnesses were familiar with the product carries no weight and does not excuse Nuna's failure to comply with its discovery obligations. *See* Fed. R. Civ. P. 26.

## V. NUNA FAILED TO ENGAGE IN DISCOVERY IN BAD FAITH.

Nuna's failure to comply with its discovery obligations evidences Nuna's bad faith. Nuna's only response to this failure is to allege that Britax "likewise failed to substantively supplement its response."[6] This does not respond to Britax's arguments. Nuna has not – and cannot – explain why it failed to timely disclose its NIA theories and the Boulevard 70 physical product. Throughout its opposition, Nuna tries to shift the burden to Britax for Nuna's own discovery obligations. This is improper. After Britax "satisfied the second *Panduit* element by substituting proof of its market share for proof of the absence of acceptable alternatives," Nuna was required to prove the acceptability of NIAs based on theories disclosed during fact discovery. *See Sonos, Inc.*, 297 F. Supp. 3d at 518-19. Further, Nuna failed to supplement its responses to Interrogatory No. 14 in its entirety. *See* Mot. at 3. Nuna's failure to supplement "was a willful failure to comply with the Court's scheduling orders and the requirements of Fed. R. Civ. P. 26." *Junker*, 2020 WL 1308299, at *5.

---

[6] Britax disagrees with any such suggestion. As noted in n. 1, Britax will address Nuna's baseless allegations in its Response to Nuna's motion to strike.

9

Additionally, Nuna's allegation that it "was under no obligation to inform Britax that it would rely on a physical sample during fact discovery before obtaining a physical sample when it was not clear whether it could do so" (Opp. at 23) is without merit. Fed. R. Civ. P. 26, this circuit's precedent, and the pretrial schedule required Nuna to identify any facts underlying its theories prior to the close of fact discovery. That Nuna did not obtain the Boulevard 70 seat until May 6 evidences its bad faith. Nuna should have tried to obtain the seat during fact discovery.

## VI. THE IMPORTANCE FACTOR WEIGHS IN FAVOR OF EXCLUSION.

"[T]he importance of the excluded testimony is not dispositive." *Reckitt Benckiser Inc. v. Tris Pharma, Inc.*, No. CIV.A. 09-3125 FLW, 2011 WL 6722707, at *9 (D.N.J. Dec. 21, 2011). Indeed, this Court has excluded a "patent [that] would defeat [a] summary judgment motion." *Id.* While the information Britax seeks to exclude does underlie Nuna's lost profits theory, Nuna asserts an alternative reasonable royalty theory. Nuna will still be able to rebut Britax's damages theory, and the exclusion of these facts is not "tantamount to the dismissal" of Nuna's damages theory. *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012).

Likewise, Nuna will suffer no problem advancing its invalidity theory based on the Boulevard 70 manuals and videos. The Boulevard 70 product is not central to the validity of the patent. *See Billet Promotions, Inc. v IMI Cornelius, Inc.*, No. 2:06-cv-2768, 1998 WL 721081, at *8 (E.D. Pa. Oct. 14, 1998). Further, if the Boulevard 70 product was essential to Nuna's case, it would have obtained the product during the eight month discovery period after it alleged invalidity based on the Boulevard 70 manual. *See id.*

## VII. CONCLUSION

Thus, Britax requests that the Court grant its motion to strike Nuna's expert disclosures regarding non-infringing alternatives and the physical specimen of the Boulevard 70 car seat.

Dated: June 26, 2020                    Respectfully submitted,

*/s/ Kasey E. Koballa*

KILPATRICK TOWNSEND & STOCKTON LLP

Chris W. Haaf (PA Bar No. 307481)
N. Dean Powell, Jr.
Jonathan E. Harris
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500
chaaf@kilpatricktownsend.com
dpowell@kilpatricktownsend.com
jeharris@kilpatricktownsend.com

Kasey E. Koballa
Kilpatrick Townsend & Stockton LLP
607 14th Street, N.W., Suite 900
Washington, D.C.  20005
Telephone:  (202) 639-4713
Facsimile:  (202) 508-5858
kkoballa@kilpatricktownsend.com

Steven D. Moore
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
smoore@kilpatricktownsend.com

MYERS, BRIER & KELLY, LLP

Daniel T. Brier (PA ID 53248)
Suzanne P. Conaboy (PA ID 314036)
425 Spruce Street, Suite 200
Scranton, PA  18503
Telephone:  (570) 342-6100
dbrier@mbklaw.com
sscanlon@mbklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that June 26, 2020, a true and correct copy of the foregoing **REPLY IN SUPPORT OF PLAINTIFF BRITAX CHILD SAFETY, INC.'S MOTION TO STRIKE EXPERT WITNESS DISCLOSURES** was served by electronic mail on opposing counsel of record, addressed as follows:

Samuel E. Cohen
Graig M. Schultz
Gross McGinley, LLP
33 S. 7th Street, P.O. Box 4060
Allentown, PA 18101
scohen@grossmcginley.com
gschultz@grossmcginley.com

Roger D. Taylor
Law Office of Roger Taylor, LLC
552 Woodvalley Drive, SW
Marietta, GA 30064
roger@taylorfirm.law

Gary C. Ma
Finnegan Henderson Farabow Garrett & Dunner LLP
271 17th Street, N.W., Suite 1400
Atlanta, GA 30363-6209
Gary.ma@finnegan.com

Trenton Ward
R. Maxwell Mauldin
Kara A. Specht
Shawn S, Chang
Finnegan Henderson Farabow Garrett & Dunner LLP
271 17th Street, N.W., Suite 1400
Atlanta, GA 30363
Phone: (404) 653-6400
Trenton.ward@finnegan.com
r.maxwell.mauldin@finnegan.com
kara.specht@finnegan.com
shawn.chang@finnegan.com

/s/ *Kasey E. Koballa*
Kasey E. Koballa